United States District Court
Western District of Texas
Pecos Division

| | |
|---|---|
| United States of America<br>v.<br>Thomas Alan Arthur | No. 4:19-CR-00774-DC-1 |

## Motion to Revoke Order of Detention

On November 20, 2019, the Magistrate Court entered an oral order detaining defendant Thomas Alan Arthur without bond after proper notice and hearing. A written order was signed that same date (Doc. 9).

After the detention hearing, on December 23, 2019, the Court granted the Government's motion to continue the case and designate the case as complex (Doc. 14).

Defendant Arthur now respectfully prays that this Court review the Order of Detention, to overrule said order, and to grant conditions of bond.

First, the Government has now designated this case as a complex case. This is a factor that was not present during the earlier determination that Defendant Arthur should be held without bond.

Second, as of today, more than seventy days after the detention hearing, the Government has provided almost no discovery.

Third, much of the testimony and subsequent rationale for the magistrate court's ruling turned on the alleged possession by Defendant Arthur of so-called "armor piercing" ammunition. The Gun Control

Act of 1968 defines "armor piercing" ammunition as a projectile or projectile core which may be used in a *handgun* and which is constructed entirely from one or a combination of tungsten alloys, steel, iron, brass, bronze, beryllium copper, or depleted uranium, or a full jacketed projectile larger than .22 caliber designed and intended for use in a *handgun* whose jacket has a weight of more than 25 percent of the total weight of the projectile. Since the testimony at the hearing identified the alleged armor piercing rounds as being rifle or long gun rounds, it would appear that the agent for the Government used an incorrect definition and falsely identified ammunition seized from Defendant Arthur as "armor piercing" when in fact it was not. Regardless, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) has a framework for determining whether projectiles are prohibited under 18 U.S.C. § 921(a)(17)(C), and that framework was not provided or explained to the magistrate judge at the detention hearing.

For those reasons, Defendant Arthur respectfully prays that this Court review the decision of the magistrate court to deny bond, and, if this Court should see fit to overrule the judgment of the magistrate court, to set such conditions of bond as the Court believes are appropriate given the nature of the case.

Respectfully Submitted,

_____

**Mark Bennett**
Attorney in Charge
TBN 00792970
**Bennett & Bennett**
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

**Lane A. Haygood**
Texas State Bar Number: 24066670
**Haygood Law Firm**
522 N. Grant Ave.
Odessa, Texas 79761
Telephone: 432. 337.8514
Fax: .432.225.1062
lane@haygoodlawfirm.com

Attorneys for the Defendant,
Thomas Alan Arthur

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>THOMAS ALAN ARTHUR | No. 4:19-CR-00774-DC-1 |

ORDER ON DEFENDANT'S
MOTION TO REVOKE ORDER OF DETENTION

**CERTIFICATE OF CONFERENCE AND SERVICE**

I have conferred with the attorney for the Government about this motion, and she is opposed.

On the 26th day of February, 2020, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF filing system which will send notification of the filing of the motion to the United States Attorney's Office and the assistant United States attorneys involved in the case.

_____
Mark W. Bennett

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>THOMAS ALAN ARTHUR | No. 4:19-CR-00774-DC-1 |

ORDER ON DEFENDANT'S
MOTION TO REVOKE ORDER OF DETENTION

On Defendant's *Motion to Revoke Order of Detention*, the order of detention (Doc. 9) is **revoked**. Conditions of release will be set.