United States District Court
Western District of Texas
Pecos Division

| | |
|---|---|
| United States of America<br>v.<br>Thomas Alan Arthur | No. 4:19-CR-00774-DC-1 |

Defendant's Motion for Discovery

**Judge Counts:**

Mr. Arthur, by and through counsel, asks that the Government be ordered to permit Mr. Arthur to copy the drawing and stories that form the basis of his prosecution ("the works"), and in support would show:

**The applicable law**

Federal Rule of Criminal Procedure 16(a)(1)(E) provides:

> *Documents and Objects*. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Congress has specifically provided, in 18 U.S.C. § 3509(m)(2)(A)[1] that *child pornography* be excepted from Rule 16's requirement:

---

[1] The Government has cited only 18 U.S.C. § 3509 in discussions about its opposition to copying the works. Counsel has asked the Government if it has any other authority, and the Government has not responded.

> Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

Section 2256(8) of Title 18 defines "child pornography" as

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

Section 2256(5) defines *visual depiction* to include:

> undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

Section 2256(11) makes it clear that the *visual depiction* described in section 2256(8)(B) cannot be a drawing:

> the term "indistinguishable" used with respect to a depiction, means virtually indistinguishable, in that the depiction is such that an ordinary person viewing the depiction would conclude that the depiction is of an actual minor engaged in sexually explicit conduct. This definition does not apply to depictions that are drawings, cartoons, sculptures, or paintings depicting minors or adults.

The mere possession of obscenity (short of child pornography) is constitutionally protected under the First Amendment. *Stanley v. Georgia*, 394 U.S. 557 (1969).[2]

"[T]he distribution of descriptions or other depictions of sexual conduct, not otherwise obscene, which do not involve live performance or photographic or other visual reproduction of live performances, retains First Amendment protection." *New York v. Ferber*, 458 U.S. 747, 764–65 (1982); *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 251 (2002) (reaffirming that principle).

## The Facts

The grand jury has charged Mr. Arthur by indictment (Document Number 5) with:

- Obscene Visual Depiction under 18 U.S.C. § 1466(a) (Count One)

---

[2] 18 U.S.C. § 1466 purports to forbid the simple possession, in some circumstances, of obscenity that is not child pornography. Such a proscription would be void under *Stanley*.

- Transportation of Obscene Matters under 18 U.S.C. § 1462(A) (Counts Two through Six), and
- Engaging in the Business of Selling or Transferring Obscene Matter under 18 U.S.C. § 1466 (Count Seven).

The grand jury describes the work in Count One as "a drawing a [sic] of a prepubescent female engaged in the lascivious exhibition of the genitals or pubic area."

The grand jury describes the works in Counts Two through Six as "obscene story 1," "obscene story 2," "obscene story 3," "obscene story 4," and "obscene story 5," respectively.

These works are material to preparing the defense; the government must intend to use them in its case-in-chief at trial; and they were obtained from the defendant. *See* Fed. R. Crim. Proc. 16(a)(1)(E).

## Argument

### The Work in Count One

The work described in Count One is not child pornography because:
- It is not a "visual depiction";
- It is not a "photograph, film, video, picture, or computer or computer-generated image or picture";
- Its "production" does not "involve[] the use of a minor engaging in sexually explicit conduct";
- It is not, and is not "indistinguishable from, that of a minor engaging in sexually explicit conduct"; and

- It has not "been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."[3]

The mere possession of this work is not proscribable because, even if it is obscene, it does not involve visual reproduction of a live performance.

Because section 3509(m)(2)(A)'s exclusion does not apply, Rule 16(a)(1)(E) requires that upon request (which Mr. Arthur has made) the Government must permit Mr. Arthur to copy the work that is the corpus of its case in Count One.

### The Stories in Counts Two through Six

Likewise the works alleged in Counts Two through Six, the corpus of the Government's case against Mr. Arthur, are not child pornography.

Rule 16(a)(1)(E) requires that upon request (which Mr. Arthur has made) the Government must permit Mr. Arthur to copy these works.

### Evidence Relevant to Count Seven

The Government must permit Mr. Arthur to copy any other works that the Government intends to rely on to prove Count Seven—items obtained from Mr. Arthur, and material to preparing his defense.

---

[3] The defense cannot show this drawing to the court (because the defense does not have a copy) but the Government showed Mr. Haygood the image, and he recalls it as as a black-and-white sketch of a person with female secondary-sex characteristics and no identifiable face lying down with her legs spread.

## Specific Need for Copies

While the Government's obligation to allow copying is not dependent on Mr. Arthur's need, or anything else other than the factors of Rule 16(a)(1)(E)(1)–(3) (all of which are satisfied here), Mr. Arthur has a specific need to make copies of the works in this case.

Under each count, the Government must prove that the work is obscene, that is:

- That the work, taken as a whole, appeal to the prurient interest in sex;
- That the work portray sexual conduct in a patently offensive way; and
- That the work, taken as a whole, not have serious literary, artistic, political, or scientific value.

The question of whether a work has serious value is one that is appropriate for expert opinion testimony—a layperson (including counsel) might not have the tools to recognize literary, artistic, political, or scientific value. Counsel needs to have potential experts review the works, and provide an opinion on whether the works have serious literary, artistic, political, or scientific value.

Counsel has asked that the Government make the works reasonably available for review somewhere other than Alpine—somewhere such as

the Government's office in Austin, Texas—and the Government has declined.

The appropriate experts are not necessarily in the Alpine Division of the Western District of Texas, and paying them to travel there,[4] when the rules require that the Government provide copies, is a waste and an impediment to Mr. Arthur's Sixth Amendment right to effective representation.

## Conclusion

Because the works fall under Rule 16(a)(1)(E), do not fall under 18 U.S.C. § 3509(m)(2)(A), and are not otherwise contraband that counsel may constitutionally be forbidden from possessing, the Government must allow the defense to make copies of the works.

## Prayer

For those reasons, please order the Government to allow the defense to make copies of the works alleged in Counts One through Six, and any other works that the Government intends to use in its case in chief at trial.

---

[4] Even if potential experts were willing to travel and go to the FBI office in Alpine, which during the current emergency would be unwise.

Respectfully Submitted,

_____
**Mark Bennett**
Attorney in Charge
TBN 00792970
**Bennett & Bennett**
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

Lane A. Haygood
Texas State Bar Number: 24066670
Haygood Law Firm
522 N. Grant Ave.
Odessa, Texas 79761
Telephone:  432. 337.8514
Fax:  .432.225.1062
lane@haygoodlawfirm.com

Attorneys for the Defendant,
Thomas Alan Arthur

### Certificate of Conference and Service

I have conferred with the attorneys for the Government about the subject matter of this motion, and they refuse to allow copying of the works.

On the 7th day of April, 2020, I electronically filed this motion with the Clerk of the Court using the CM/ECF filing system which will send notification of the filing of the motion to the United States Attorney's Office and the assistant United States attorneys involved in the case.

_____
Mark W. Bennett