United States District Court
Western District of Texas
Pecos Division

United States of America
v.
Thomas Alan Arthur

No. 4:19-CR-00774-DC-1

Reply to Government's Response to Defendant's Motion for Discovery

**Judge Fannin:**

Mr. Arthur, by and through counsel, replies to the Government's *Response to Defendant's Motion for Discovery* (Document No. 29), and would show:

## The government has not addressed the law.

Federal Rule of Criminal Procedure 16(a)(1)(E) requires that the Government "permit the defendant to inspect and to copy or photograph" the works at issue, as the Government intends to introduce them as evidence at trial.

18 U.S.C. § 3509(m)(2)(A), which the Government cited in discussions with counsel as its reason for not complying with Rule 16(a)(1)(E), does not apply to the works, as they are not child pornography.

The Government in its *Response* does not even attempt to argue that Rule 16(a)(1)(E) does not apply, nor that section 3509(m) does.

Instead the Government argues, "the same provisions that apply to accessing child pornography during discovery *should* apply to obscene material, such as the drawing and stories in this case." (*Response* at 3, emphasis added.) Thus the Government concedes that those provisions

*do not* apply to the Works in this case, which is allegedly obscene material but not child pornography.

Section 3509(m) does not apply to the Works in this case, nor to works in their general class. The decision of whether section 3509(m) *should apply* to such works (allegedly obscene, but not child pornography) is Congress's job.

Congress's specific prohibition on reproduction *of child pornography* suggests, under the negative-implication canon of interpretation (*expressio unius est exclusio alterius*), that alleged obscenity that is not child pornography remains subject to Rule 16's requirement that the Government permit copying.

The Government also argues:

> Just as the United States would not be required to provide the Defendant or his counsel with the presumptive controlled substance in a narcotics prosecution … the United States should not be require to provide a copy of the obscene material to defense counsel.

(*Response* at 3.) The Government must allow a defendant to *inspect* and to *photograph* the alleged controlled substance in a controlled-substance case; the difference, for Rule 16's purposes, is that a controlled substance cannot be *copied*. If independent testing of a substance were required, then the Government would send the substance, via secure

courier, to the lab of the defendant's designation. Defense experts would not be required to travel to the government's labs and make use of government equipment to perform testing.[1]

## COUNSEL MAY LEGALLY POSSESS ALLEGED OBSCENITY WITHOUT LIMIT.

The Government's citation to *Stanley v. Georgia*, 394 U.S. 557 (1969) is inapt.

First, it implies that the Works are obscene, which is yet to be proven.

### *STATE LAW DOES NOT FORBID POSSESSION OF OBSCENITY.*

Second, Texas criminalizes only the promotion, and not the possession, of obscenity. Tex. Pen. Code § 43.23(a). Under the definition of "promote" found in Tex. Pen. Code § 43.21(5), promote means to manufacture, issue, sell, give, provide, lend, mail, deliver, transfer, transmit, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or offer to do the same. Nowhere in this laundry list of culpable acts is "use to prepare for defense in a legal case."

---

[1] Cf. *United States v. Hill*, 322 F. Supp. 2d 1081, 1092 (C.D. Cal. 2004) (requiring government, in a child pornography case, to provide defendant's computer-forensic expert with copy of two zip disks containing the alleged contraband), aff'd, 459 F.3d 966 (9th Cir. 2006).

### *Federal law does not forbid possession of text obscenity.*

Federal law does not law even purport to forbid the mere possession of *text* obscenity, whether in the home or out.

### *Federal Law does not constitutionally forbid possession of obscene visual images.*

Federal law purports to forbid the mere possession of obscene *visual representations* of the sexual abuse of children, but this prohibition—18 U.S.C. § 1466A(b)—is void under the First Amendment.

Section 1466a(b) is void *on its face*, as it restricts a real and substantial amount of protected speech (possession of obscenity in the home) in relation to its arguably legitimate sweep (possession of obscenity outside the home). *See Washington State Grange v. Washington State Republican Party,* 552 U.S. 442, 449, n. 6 (2008) (describing standard for a facial challenge in the First Amendment context).

If section 1466a(b) were to be applied to forbid counsel in a criminal case from possessing allegedly obscene (but not child-pornography) images that form the res of the government's case against the defendant, then the statute would be unconstitutional *as applied*—the possession of images for the sole purpose of defending a criminal case in which the obscenity of those images is at issue is no less protected,

under the Sixth Amendment as well as the First, than the possession of such images for titillatory purposes at home.[2]

## Counsel will treat any victims with respect.

It is highly speculative whether the Crime Victims' Rights Act even applies. But while the Government has no evidence of it, it is possible that the Works depict actual events and real people.[3]

Even if the Works depict real people—even if, in other words, there are "crime victims" for purposes of 18 U.S.C. § 3771—the Government's proposed exception to Rule 16 is not required.

In its *Response*, for the first time the Government invokes "victims' rights." When the Government claims, "Defendant has consistently failed to articulate why this reasonable accommodation that strikes a balance between victims' rights and Defendant's rights is insufficient," the Government is not being candid. The Government's only argument, in discussions with counsel, was that 18 U.S.C. § 3509(m) prohibited

---

[2] The same logic does not necessarily apply to child pornography, which may not be legally possessed even in one's home.

[3] Mr. Arthur's own stories, which the Government discusses in its Response at 4–5, are not among the Works charged in this case.

copying—an argument that the Government has now properly abandoned.

If the Government had suggested to Counsel that there was a "victims' rights" issue, Counsel would have pointed out that this "accommodation" strikes no balance, but is less than the bare minimum that the rule requires. Counsel would have reminded the Government that [roviding discovery required by the rules cannot possibly violate victims' rights, and would have offered assurances that Counsel would not treat any identifiable subjects of any stories with fairness and respect for their dignity and privacy.

Beyond a conclusory statement (*Response* 5–6) the Government provides no reason that providing the discovery required by Rule 16(a)(1)(E) would violate 18 U.S.C. § 3771.

Mark Bennett has been representing human beings in trial and on appeal in state and Federal courts nationwide for more than 24 years. Lane Haygood has been practicing in Texas for more than 11 years. Neither Bennett nor Haygood has any intention of treating anyone, much less the subjects of the Works, with anything less than fairness and respect for their dignity and privacy.

Counsel will not publish the Works, will not share them with anyone other than defense experts, and will ensure that defense experts do not publish the works or share them with anyone else. Counsel will not seek to contact the subjects of the Works, or otherwise disturb their equanimity.

## THE SIXTH AMENDMENT MANDATES THAT RULE 16(A)(1)(E) BE FOLLOWED HERE.

The Government seeks, without legal basis, to burden the defense unduly by requiring the defense to identify consulting experts, and by requiring those experts to travel to the Pecos Division to review the Works. The interests that the Government invokes to argue that discovery should not be required are all subordinate to Mr. Arthur's Sixth Amendment rights to effective representation, and to present a defense.

## THERE ARE LESS-UNREASONABLE ALTERNATIVES.

The Government has provided no legal reason that discovery must be completed at the FBI office in Alpine or at the courthouse in Pecos. (*See Response* at 6–7.)

Even if the Sixth Amendment and Rule 16(a)(1)(E) did not require the Government to allow the defense to *copy* the Works, the Government could decrease the burden on the defense while satisfying

all of its stated interests by delivering the Works by secure, encrypted electronic communication to a government facility within this District in Austin, Texas (where one of Mr. Arthur's potential consulting experts resides and teaches) and making the Works available for review there.

## A protective order is unnecessary.

Defense counsel has no desire or intention for others outside the defense team to read or view the Works.

The defense will comply with any protective order, and will ensure that consulting experts comply.

Mr. Arthur asks that this Court consider, however, that the identity of consulting experts is generally privileged work product, disclosure of which is not required under Rule 16.

If Mr. Arthur is required to provide the identity of consulting experts to the Government before those consulting experts may review the Works, please order the Government not to attempt to contact those consulting experts.

## Conclusion

The Government has made no legal argument for Rule 16(a)(1)(E) not to be followed as written. The Government should be ordered to allow

Counsel to copy each story or image that the Government intends to introduce at trial, with the understanding that Counsel will not provide copies to anyone other than consulting experts and investigators on the defense team.

## Prayer

Please order the Government to allow the defense to make copies of the works alleged in Counts One through Six, and any other works that the Government intends to use in its case in chief at trial.

Respectfully Submitted,

**Mark Bennett**
Attorney in Charge
TBN 00792970
**Bennett & Bennett**
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

Lane A. Haygood
Texas State Bar Number:
24066670
Haygood Law Firm
522 N. Grant Ave.
Odessa, Texas 79761
Telephone: 432. 337.8514
Fax: .432.225.1062
lane@haygoodlawfirm.com

Attorneys for the Defendant,
Thomas Alan Arthur

## Certificate of Service

On April 22, 2020, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which system will send notifications to the attorneys for the Government.

Mark W. Bennett