**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **PE:19-CR-00774-DC** |
| | § | |
| **(1) THOMAS ALAN ARTHUR** | § | |

## ORDER DENYING MOTION FOR DISCOVERY

Before the court is Defendant Thomas Alan Arthur's (Defendant) Motion for Discovery. (Doc. 27). This matter is before the undersigned U.S. Magistrate Judge through a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for Assignment of Duties to U.S. Magistrate Judges. After due consideration, the Court will **DENY** Defendant's Motion for Discovery. (Doc. 27).

On November 7, 2019, the undersigned signed a criminal complaint against Defendant alleging violations of 18 U.S.C. §§ 1462, 1466, and 1466A. (Doc. 1). Defendant was arrested the same day. On November 14, 2019, a federal grand jury indicted Defendant with seven counts of violating 18 U.S.C. §§ 1466A(1)(a), 1462, and 1466. (Doc. 5). Defendant filed the present Motion for Discovery on April 7, 2020. (Doc. 27). The United States Government (Government) filed a response on April 22, 2020. (Doc. 29). Defendant then filed a reply on April 24, 2020. (Doc. 30). A hearing was held on this matter on April 24, 2020. (Doc. 31). Accordingly, this matter is ready for disposition.

Federal Rule of Criminal Procedure 16 generally requires that "the government must allow a defendant to inspect and copy any documentary evidence that the government intends to use at trial." *United States v. Murphree*, 3:18-CR-000140-GHD-DAS, 2019 WL 3022191, at *1 (N.D. Miss. July 10, 2019) (citing Fed. R. Crim. P. 16(a)(1)(E)). However, 18 U.S.C.

§ 3509(m)(2)(A) states that "notwithstanding Rule 16, the Court must deny any request to copy material that constitutes child pornography if 'the Government makes the property or material reasonably available to the defendant.'" *Id*. Material is made reasonably available to the defendant if the "Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial." 18 U.S.C. § 3509(m)(2)(B).

Defendant's Motion for Discovery seeks release of copies of the material that was used as evidence to indict him. (Doc. 27). At the hearing held on April 24, 2020, the undersigned determined that 18 U.S.C. § 3509(m)(2)(A) prohibited releasing copies of the material in question to Defendant. The undersigned further found that the Government would be able to make the material reasonably available to Defendant by allowing Defendant's counsel and any consulting experts to observe the material at the Federal Bureau of Investigation (FBI) Office in Midland, Texas. Finally, at the behest of Defendant's counsel, the undersigned determined that a protective order should be entered to prevent the Government from contacting any consulting experts that may appear on behalf of Defendant to examine the material.

For the foregoing reasons, the Court shall **DENY** Defendant's Motion for Discovery. (Doc. 27).

Further, the Court **ORDERS** the Government to make the materials requested by Defendant available to Defendant's Counsel and any consulting expert for examination at the FBI Office in Midland, Texas.

Finally, the Court **ENTERS** a Protective Order prohibiting the Government from contacting any consulting experts, in any way, that may appear to examine the material on behalf of the Defendant.

It is so **ORDERED**.

SIGNED this 1st day of May, 2020.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE