**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **P:19-CR-00774-DC** |
| | § | |
| **(1) THOMAS ALAN ARTHUR,** | § | |
| *Defendant*. | § | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S
ORDER DENYING MOTION FOR DISCOVERY**

BEFORE THE COURT is Defendant Thomas Alan Arthur's Objection to the Magistrate Judge's Ruling on Motion for Discovery (Appeal) filed on April 29, 2020. (Doc. 32). After due consideration, the Court **AFFIRMS** the Order Denying Motion for Discovery. (Doc. 33).

Defendant filed a Motion for Discovery on April 7, 2020, requesting that he be permitted to copy the drawings and stories that form the basis of his prosecution.[1] (Doc. 27). Defendant also requested that the materials be made available in Austin, Texas, where his expert witness is located. *Id.* The Government filed a response opposing the motion on April 22, 2020, citing 18 U.S.C. § 3509 as a reason for denying Defendant's request to copy the material. (Doc. 29). Further, the Government opposed making the material available in Austin, Texas as the material is being held in Alpine, Texas. *Id.* Defendant filed a reply on the same day. *Id.*

On April 23, 2020, United States Magistrate Judge David B. Fannin held a hearing on the Motion for Discovery. (Doc. 31). The Magistrate Judge ruled from the bench, denying

---

1. The Indictment charges Defendant with knowingly producing, distributing, receiving, and possessing with intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing of a prepubescent female engaged in the lascivious exhibition of the genitals or pubic area, using an interactive computer service for carriage in interstate and foreign commerce of obscene matter, to-wit: obscene story 1, 2, 3, 4, and 5, and engaging in the business of selling and transferring obscene matter, and knowingly receiving and possessing with intent to distribute obscene stories and drawings of minors engaging in sexually explicit conduct, which was shipped and transported in interstate and foreign commerce. (Doc. 5).

Defendant's Motion for Discovery and ordering the Government to make the material available at the Federal Bureau of Investigation (FBI) office in Midland, Texas. *Id.* The Magistrate Judge subsequently issued an order memorializing his oral decision. (Doc. 33). On April 29, 2020, Defendant filed the instant Appeal to the Magistrate Judge's order. (Doc. 32).

Defendant asks the Court to modify the Magistrate Judge's ruling and instead order the Government to make the material available at the FBI office in Austin, Texas, and to allow defense counsel to make copies of the material. (Doc. 32 at 2).

Non-dispositive matters decided by a magistrate judge and appealed to the district court are reviewed for clear error. *See* Fed. R. Civ. P. 72. Federal Rule of Civil Procedure 72(a), in relevant part, provides, "The district judge in the case must consider timely objections and modify or set aside any part of the [Magistrate Judge's] order that is clearly erroneous or contrary to law." A party must appeal an order of a Magistrate Judge within 14 days. *Id.*

Under Federal Rule of Criminal Procedure 16,

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16. However, the Government need not allow a defendant in a criminal proceeding to "copy, photograph, duplicate, or otherwise reproduce any property or material that

constitutes child pornography" as defined by 18 U.S.C. § 2256. *See* 18 U.S.C. § 3509(m)(2).

Section 2256 defines child pornography as

> any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or
>
> (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

18 U.S.C. § 2256.

The material in question includes "a drawing that depicts a minor engaging in sexually explicit conduct [], to-wit: a drawing of a prepubescent female engaged in the lascivious exhibition of the genitals or pubic area" and obscene stories. (Doc. 5). At the hearing held by the Magistrate Judge, the Government argued some of the material produced by Defendant depicts real individuals or is based on events that took place in real life. Defendant countered that whether the drawings and stories in question are based on a real person is not known.

The Court finds the Magistrate Judge's determination that the material cannot be copied under Section 3509(m)(2) is not clearly erroneous or contrary to law. Arguably, the drawings are pictures, produced by "other means," of sexually explicit conduct under Section 2256(8). Further, the parties are unsure whether the production of such drawings involved the use of a minor engaging in sexually explicit conduct. Thus, out of an abundance of caution, the Court agrees that the material in question should not be reproduced by any means.

3

Finally, the Court affirms the Magistrate Judge's compromise in ordering the Government to make the material available at the FBI office in Midland, Texas. The Court acknowledges that Defendant would be burdened by having the material available only in Alpine, Texas, and that the Government would similarly be burdened by having to make the material available in Austin, Texas. Thus, making the material available in Midland, Texas, although burdensome to both parties, is not unreasonable.

Based on the foregoing, the Court **AFFIRMS** the Magistrate Judge's Order Denying Motion for Discovery. (Doc. 33).

It is so **ORDERED**.

SIGNED this 11th day of June, 2020.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE