UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>V.<br><br>THOMAS ALAN ARTHUR,<br><br>      Defendant. | CRIMINAL NO. P:19-CR-774 |

## MOTION TO CONTINUE TRIAL

COMES NOW the United States of America by and through the undersigned Assistant United States Attorney and files this Unopposed Motion to Continue the Trial from October 2020 to January 2021.

In this case, on November 7, 2019, law enforcement executed a federal search warrant at Defendant's residence in Terlingua, Texas.  During the execution of the search warrant, law enforcement located numerous media devices that needed to be thoroughly analyzed by computer forensic agents.   Below is a list of the media devices seized:

1. LG Tablet, Serial Number 509CQSF0402566
2. CAT Phone
3. 2 Motorola ic502 flip phones
4. Sony Vaio computer, Service Tage#C6UORT31
5. Gray Touro external hard drive, SN 6PIJ459E
6. Oyen Digital Minipro external hard drive, SN BCC2
7. 3 Crucial external hard drives, serial numbers 14420D87E338, 14350D1F67f3, 1107030340DC
8. 7 compact disks
9. Micron 3600 desktop computer, serial number P60007201256

10. External electronic device in a black case

11. 4 Seagate external hard drives

12. Transcend external hard drive

13. 9 SD cards

14. 1 Sim card

15. Canon Digital Camera

16. Dell XPS Laptop, Service Tag 11HFP71

17. Armor computer tower, SN ST008M21STZA1MI000813

18. Computer server tower, unknown manufacturer, no serial number

19. Android cell phone, serial number S411742019096

20. 8 USB storage drives

21. 2 Compact flash drives

22. Box of VHS tapes

23. Two boxes of floppy disks

24. Box of compact disks

25. Gray computer tower, unknown manufacturer, no serial number

On December 23, 2019, this Court granted the United States' unopposed motion to continue the trial from January 22, 2020 to June 16, 2020, finding that the case qualified as unusual and complex, pursuant to 18 U.S.C. § 3161(h)(7)[1]. (Doc. No. 14, Amended Order). On June 12, 2020, this Court granted the United States' unopposed motion to continue the trial from June 16, 2020 to October 20, 2020 due to the Covid-19 pandemic and the official request for evidence from the Netherlands. (Doc. No. 36, Order). This case is presently set for trial on October 26, 2020.

---

1 Section 3161(h)(7)(B) of Title 18 sets forth several factors that can be considered in determining that the ends of justice outweigh the best interest of the public and defendant in a speedy trial. Specifically, subparagraph (ii) provides a basis where "the case is so unusual or so complex, due to . . . the nature of the prosecution . . . that it is unreasonable to expect adequate preparation . . . within the time limits established by this section."

**Catastrophic FBI Server Failure**

In November 2019, the FBI began reviewing the evidence seized during the search warrant execution on November 7, 2019. The FBI uses a network on which digital evidence is stored and analyzed. Specifically, in this case, the FBI's lab in El Paso imaged the evidence, loaded it onto the network, and made it available for review by the case agent in Alpine. The agent conducted the review of those devices from November 2019 through March 2020. During that process, specific files relevant to the investigation (and potential trial) that were located on the electronic devices were bookmarked by the agent. Those bookmarked items were stored on the FBI network.

On September 3, 2020, FBI Operational Networks Technology Unit ("ONTU") began upgrading the FBI El Paso system where digital evidence is stored and analyzed. (See Attachment 1, Downie Decl. ¶ 4.) During the upgrade, a catastrophic failure occurred, rendering the evidence corrupt and inaccessible. (*Id*. at ¶ 5.) To be clear, the original evidence seized on November 7, 2019 is not affected; only the imaged copies of evidence were affected. (*Id*. at ¶ 6.) Again, there has been no spoliation of evidence. But because the imaged copies were the working copies in which bookmarks and analysis had occurred, all the work done to identify and extract relevant files for the upcoming trial were effectively lost. (*Id*.) The case agent wrote reports about the files that he located, and those reports have been provided to the defense during the course of discovery, including February 27, 2020, and May 27, 2020. Those reports will serve as a guide for re-locating the evidence.

FBI ONTU has been working directly with Microsoft storage engineers to develop a resolution to the lost evidence, but no solution is presently on the horizon. (*Id*. at ¶ 7.) Consequently, FBI has deployed significant additional resources to the FBI's Regional Computer Forensics Laboratory ("RCFL") in Albuquerque, New Mexico. (*Id*. at ¶ 8.) On September 25, 2020, the original evidence in this case was transported to Albuquerque and imaged again. (*Id*. at ¶ 9.) As of September 29, 2020, all of the relevant digital evidence (22 terabytes of data) have been imaged, which is the first step, and involves making bit-for-bit copies of the original evidence so that the original evidence

is not altered as the processing begins. (*Id*.)   Also, as of September 29, 2020, nine (9) of seventeen (17) items had been fully processed, which involves computer software converting the raw data into a user-friendly format that is essentially the same as the original user would have viewed those files. (*Id*.)

The next step is to re-locate the relevant files that had been previously located by the case agent from November 2019 to March 2020. Due to the surge in resources, FBI estimates that it will not take nearly as long as it took the case agent originally. Next, new reports will need to be generated, explaining which agent conducted which specific work, from imaging, processing, and analyzing the evidence. FBI estimates that it will still take approximately two (2) months to complete this process again. (*Id*. at ¶ 12.) The United States does not yet know how many different agents and reports will be necessary, but as soon as reports become available, they will be provided to the defense as part of the United States' ongoing discovery obligation. Similarly, expert notices will need to be provided for each relevant agent who might be called to testify at trial.

Importantly, to prevent another loss of data, the results are being saved to external media as review and analysis is being conduct such that if there were another server failure, all the work being done would not be lost again. Additionally, processing data is backed up incrementally every night to a separate backup server. (*Id*. at ¶ 13.)

**Foreign Evidence**

Section 3161(h)(8) of Title 18 provides that the period of delay resulting in obtaining evidence located in a foreign country shall be excluded for Speedy Trial purposes. Specifically, if the Court finds by a preponderance of the evidence that an official request has been made for evidence in a foreign country, then the Court can order that a delay of up to one year be excluded.

On March 25, 2020, the Department of Justice Office of International Affairs transmitted an official Mutual Legal Assistance request to the Netherlands. The United States requested that Dutch authorities obtain a forensic image of a server on which Defendant's Mr. Double website was hosted.

That request was granted, the server seized and forensically imaged, and a court hearing in the Netherlands occurred on or about July 23, 2020. On or about September 17, 2020, the evidence was transported by diplomatic pouch from the Netherlands to the United States. On or about September 21, 2020, the evidence arrived at the central repository for diplomatic pouches in Springfield, Virginia.

Due to the FBI server failure, the El Paso Division is unable to conduct the required analysis of the evidence from the Netherlands. Therefore, the evidence will be imaged and processed by the FBI in Quantico, Virginia. The FBI is unable to estimate the amount of time necessary for the imaging, processing, and analysis of this data in the first instance.

For these reasons, the United States requests a continuance of the trial until January 19, 2021. Undersigned counsel has conferred with Defendant's counsel, who opposes such a continuance.[2]

WHEREFORE, premises considered, the United States moves the Court to continue the trial setting from October 20, 2020 to January 19, 2021.

          Respectfully submitted,

By: /s/ Austin M. Berry
     Trial Attorney
     Child Exploitation & Obscenity Section
     Department of Justice
     1301 New York Avenue, NW
     11th Floor
     Washington, DC 20005
     Austin.Berry2@usdoj.gov

**Certificate of Service**

I hereby certify that on September 30, 2020, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel for Defendant:

---

2 Defense counsel advised undersigned counsel that they would oppose this continuance "[u]nless [the United States] will agree to Mr. Arthur's release on conditions." The United States will not agree to conditions of release because Defendant's danger to the community and risk of flight remain the same today as the day he was detained without bond.

Lane Haygood, Mark Bennett - Counsel for Defendant.

/s/ Austin M. Berry
Trial Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>THOMAS ALAN ARTHUR,<br><br>Defendant. | CRIMINAL NO. P:19-CR-774 |

## **ORDER**

BEFORE THE COURT is the Government's Motion For Continuance of the jury trial set in the above captioned cause. The Court having considered the Motion finds that the Motion should be GRANTED, and the jury selection and jury trial is hereby re-scheduled to the ___ day of _____, 2021, at 8:30 a.m.

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv), the Court finds that the nature of the prosecution is unusual and complex in that this case involves a significant amount of data that must be re-examined. Furthermore, pursuant to 18 U.S.C. § 3161(h)(8), it involves evidence that was located in a foreign country until September 2020, and officially requested on March 25, 2020, and that evidence also needs to be imaged, processed, and reviewed in the first instance.

Therefore, the Court finds that the interests of justice outweigh the interests of the Defendant and of the public in a speedy trial, and that the period of time from _____, through _____, is excludable time within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

IT IS SO ORDERED.

SIGNED and ENTERED this _____ day of _____, 2020.

_____
DAVID COUNTS
United States District Judge