**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **V.** | **CRIMINAL NO. P:19-CR-774** |
| **THOMAS ALAN ARTHUR,** | |
| **Defendant.** | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE
ADVICE OF COUNSEL DEFENSE**

COMES NOW the United States of America by and through the undersigned Trial Attorney and files this Motion in Limine to exclude Defendant, his counsel, or witnesses from arguing or mentioning any advice of counsel regarding the legality of Defendant's activities related to the charged offenses.

On November 7, 2019, in his interview with law enforcement, Defendant said that, approximately ten years ago, he hired a First Amendment attorney (Lawrence Walters) to give him advice on the legality of his website. Defendant did not elaborate on the advice sought or given, but implied that Walters said Defendant was "not breaking any laws." (Transcript Vol. 2, 7:21-22.) In December 2019, the United States contacted Walters, but Walters never responded. Instead, on December 18, 2019, Defendant's current counsel emailed counsel for the United States, noting that we had contacted Walters, and stated that Walters "has privilege issues that bar him from even confirming that Mr. Arthur is his client at this point." (Bennett Email Dec. 18, 2019.) Furthermore, Defendant's current counsel advised the United States that "[i]f there is an opinion letter from Mr. Arthur, we probably aren't going to be talking about it until discovery is more complete." (*Id.*) The United States provided discovery in December 2019, February 2020, and May 2020, as well as made additional discovery available for review at government facilities at different times

throughout 2020. On July 17, 2020, the United States emailed Defendant's current counsel, noted that discovery was largely complete, and inquired again whether the opinion letter from Walters would be forthcoming. Defendant's counsel never replied.

Consequently, the United States anticipates that Defendant may attempt to offer evidence that he received legal advice that purportedly permitted some or all of the charged conduct. Such reliance upon advice of counsel is an affirmative defense. *See United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002); *United States v. White*, 887 F.2d 267, 270 (D.C. Cir. 1989) ("Reliance on advice of counsel is an affirmative defense, an assertion more positive and specific than a general denial of criminal intent."). The advice-of-counsel defense may apply if the defendant is charged with a crime that requires a *mens rea* of willfulness, *i.e.*, an "intentional violation of a known legal duty." *See United States v. Mathes*, 151 F.3d 251, 255 (5th Cir. 1998) ("Reliance on counsel's advice excuses a criminal act only to the extent it negates willfulness."). "The defense may be relevant [if] 'the defendant, on the basis of counsel's advice, believed his conduct to be lawful and thus could not be found to have had unlawful intent.'" *United States v. Impastato*, 543 F. Supp. 2d 569, 573-75 (E.D. La. 2008) (quoting *United States v. Beach-Nut Nutrition Corp.*, 871 F.2d 1181, 1194 (5th Cir. 1984)). "[I]f legal opinion evidence is used to establish the defense of honest reliance on the advice of counsel, special issues of relevance arise. These issues involve whether the legal opinion actually addressed the crimes alleged here, and further whether the advice of counsel defense negates the relevant *mens rea* of the crimes alleged in the indictment." *Impastato*, 535 F. Supp. 2d at 740.

The defense of advice of counsel is unavailable here as a matter of law. Evidence of an "advice of counsel" or "expert advice" defense is proper only to negate intent to commit an offense. *United States v. Smith,* 523 F.2d 771, 778 (5th Cir. 1975). *See also United States v. Urfer*, 287 F.3d 663, 666 (7th Cir. 2002) ("[i]f a criminal statute requires proof that the defendant knew he was violating the statute in order to be criminally liable for the violation, ...the fact that he was acting on

advice of counsel is relevant because it bears on whether he knew he was violating the statute."); *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987) ("Advice of Counsel is . . . regarded . . . as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent" [citations omitted]). This defense is therefore restricted to cases in which the offense charged requires proof of specific intent. *United States v. Thaggard*, 477 F.2d 626, 632 (5th Cir. 1973) ("The statutes here in question do not condition guilt upon knowledge that a federal law has been violated. It is sufficient that appellants intended to do all of the acts prohibited by the statute and proceeded to do them." [citation omitted]). *See also United States v. Powell*, 513 F.2d 1249, 1251 (8th Cir. 1975), citing *Williamson v. United States*, 207 U.S. 425 (1908) (the advice of counsel instruction is warranted only where the crime charged involves willful and unlawful intent); *United States v. King*, 560 F.2d 122, 132 (2d Cir. 1977).

In obscenity prosecutions such as this one, the United States is not required to prove that Defendant knew the sexually explicit materials at issue were obscene. *See Rosen v. United States*, 161 U.S. 29, 41 (1896) ("Congress did not intend that the question as to character of the [content] should depend upon the opinion or belief of the person who, with knowledge or notice of its contents, assumed the responsibility of putting it in the mails of the United States."); *Hamling v. United States,* 418 U.S. 87, 123-24 (1974) ("To require proof of a defendant's knowledge of the legal status of the materials would permit the defendant to avoid prosecution by simply claiming that he had not brushed up on the law"); *Miller v. California*, 413 U.S. at 24 (the trier of fact determines if material is obscene). *See also Kahm v. United States*, 300 F.2d 78, 86 (5th Cir. 1962) (court upheld a jury instruction in an obscenity prosecution which stated, "If you find from all the circumstances that the defendant had knowledge of the contents of the advertisement . . . then he had knowledge within the meaning of the law no matter what he may have thought concerning the material, that is whether it was [or] was not obscene"). Instead, the United States need only prove

"that the defendant knew of the sexually oriented contents of the material." Fifth Circuit Pattern Instruction § 2.61. Furthermore, the United States "is not obligated to prove that the defendant knew that such material was legally obscene, only that the content was sexually oriented." Fifth Circuit Pattern Instruction § 2.61. Therefore, because there is no requirement for the United States to prove Defendant knew the material was obscene, and the material is not deemed obscene until a jury (or other trier of fact) finds it to be obscene, it is illogical to allow Defendant to rely on the advice of an attorney to avoid responsibility.

In *Ragsdale*, the defendants were charged with obscenity crimes involving violations of 18 U.S.C. §§ 1461 and 1462. The Fifth Circuit affirmed the district court's decision that Section 1461 does not require willfulness: "Section 1461 does not require that the defendant have knowledge of the legal status of the materials, defendant need only know the character and nature of the materials." *Ragsdale*, 426 F.3d at 778 (citing *Hamling*, 418 U.S. at 120–24). As the Supreme Court observed in *Hamling*, "[t]he inquiry under the statute is whether the [materials] charged to have been obscene, lewd, and lascivious was in fact of that character, and if it was of that character and was deposited in the mail by one who knew or had notice at the time of its contents, the offence is complete, although the defendant himself did not regard the [materials] as one that the statute forbade to be carried in the mails." *Hamling,* 418 U.S. at 120–24 (quoting *Rosen v. United States*, 161 U.S. 29 (1896)). Ultimately, the *Ragsdale* court held that "[b]ecause § 1461 does not require an intent to violate the law, [the defendant] could not assert as a defense that he relied on advice from counsel that the materials were not illegal." *Ragsdale*, 426 F.3d at 778. The same is true here. Because none of the statutes with which Defendant is charged require an intent to violate the law, Defendant cannot assert as a defense that he relied on the advice by Mr. Walters (or any other attorney).

Additionally, the defense is unavailable to Defendant as a factual matter. The advice of counsel defense is generally recognized as a more specific form of the defense of good faith and has

many of the same requirements. O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 19.08 (5th ed.). Courts generally agree on the elements that a defendant must establish as a foundation to allow an advice of counsel defense. These elements require a defendant to show that:

(1) before taking action,
(2) he in good faith sought the advice of an attorney whom he considered competent,
(3) for the purpose of securing advice on the lawfulness of his possible future conduct,
(4) made a full and accurate report to his attorney of all material facts which he knew, and
(5) acted strictly in accordance with the advice of his attorney who had been given a full report.

O'Malley, Grenig, and Lee, *Federal Jury Practice and Instructions* § 19.08 (5th ed.); *United States v. Al-Shahin*, 474 F.3d 941, 947 (7th Cir. 2007); *Liss v. United States*, 915 F.2d 287, 291 (7th Cir. 1990). The Fifth Circuit requires essentially the same foundation. *United States v. Peterson,* 101 F.3d 375, 382 (5th Cir. 1996) (explaining that, when assessing whether a defendant's reliance upon advice of counsel was in good faith, a fact-finder may consider "(1) whether the Defendant sought the advice of a competent attorney concerning the material fact allegedly omitted or misrepresented, (2) whether the Defendant gave his attorney all of the relevant facts known to him at the time, (3) whether the Defendant received an opinion from his attorney, (4) whether the Defendant believed the opinion was given in good faith, and (5) whether the defendant reasonably followed the opinion"); *see also Smith,* 523 U.S. at 778 (reliance defense must establish good faith reliance on expert coupled with full disclosure to that expert). This defense does not apply where a defendant understands the wrongful purpose of her conduct before seeking the advice of counsel. *United States v. Carr*, 740 F.2d 339, 347 (5th Cir. 1984).

In this case, Defendant has not produced any discovery whatsoever, let alone any discovery to show that, prior to engaging in the charged conduct, he provided a full and accurate report of the material facts to legal counsel and then received and strictly followed legal advice about the statutes in question. If Defendant intends to claim that he received contemporaneous advice about his conduct, he must disclose any such communications he had with counsel. In this Circuit and others, a defendant

may not rely on an advice-of-counsel defense and attempt to hide behind the attorney-client privilege at the same time. *See Conkling v. Turner*, 883 F.2d 431, 435 (5th Cir. 1989) ("The attorney-client privilege was intended as a shield, not a sword. When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege.") (internal quotations omitted); *In re Taxable Municipal Bond Securities Litig.*, Case No. MDL 863, 1993 WL 323069 at *3-4 (E.D. La. Aug. 18, 1993) (Africk, M.J.); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *United States v. Aronoff*, 466 F. Supp. 855, 862 (S.D.N.Y. 1979). Because Defendant has not waived privilege by disclosing communications with counsel, he should be precluded from asserting this affirmative defense. If no such documents exist, but Defendant intends to assert this defense, the United States is entitled to subpoena the lawyer and explore any purported advice in an evidentiary hearing. To avoid delay during trial, the United States respectfully requests that the Court order the Defendant to promptly disclose his intent to invoke this defense, so that a hearing can take place before trial. Unless Defendant establishes that he can meet the specific requirements of the advice of counsel defense, he should be prohibited from referring to or alluding to any legal advice regarding the charged conduct.

Respectfully submitted,

By: /s/ Austin M. Berry
Trial Attorney
Child Exploitation & Obscenity Section
Department of Justice
1301 New York Avenue, NW
11th Floor
Washington, DC 20005
Austin.Berry2@usdoj.gov

**Certificate of Service**

I hereby certify that on October 5, 2020, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel for

Defendant:

Lane Haygood, Mark Bennett - Counsel for Defendant.

/s/ Austin M. Berry
Trial Attorney

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **V.** | **CRIMINAL NO. P:19-CR-774** |
| **THOMAS ALAN ARTHUR,** | |
| **Defendant.** | |

## ORDER

BEFORE THE COURT is the Government's Motion in Limine to Exclude the Advice of Counsel Defense. The Court having considered the Motion finds that the Motion should be GRANTED, and Defendant, his counsel, and witnesses, are hereby precluded from making any reference to the advice of counsel as a defense to the charges in the Superseding Indictment.

IT IS SO ORDERED.

SIGNED and ENTERED this _____ day of _____, 2020.

_____
DAVID COUNTS
United States District Judge