

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. P-19-CR-774 |
| | ) | **S E C O N D** |
| | ) | **S U P E R S E D I N G** |
| Plaintiff, | ) | **I N D I C T M E N T** |
| | ) | [Vio: 18 U.S.C. § 1466A, Obscene visual |
| V. | ) | representations of the sexual abuse of |
| | ) | children; 18 U.S.C. § 1462, Importation or |
| THOMAS ALAN ARTHUR, | ) | transportation of obscene matters; 18 U.S.C. § |
| | ) | 1466, Engaging in the Business of Selling or |
| | ) | Transferring Obscene Matter] |
| | ) | |
| Defendant. | ) | |
| | ) | |

**The Grand Jury Charges:**

### Count One
### [18 U.S.C. § 1466A(a)(1)]

On or about October 24, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

did knowingly produce, distribute, receive, and possess with the intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing of a prepubescent female engaged in the lascivious exhibition of the genitals or pubic area and this visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Two
### [18 U.S.C. § 1462(a)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 1.

A violation of Title 18, United States Code Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Three
### [18 U.S. C. § 1462(a)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 2.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Four
### [18 U.S.C. § 1462(a)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 3.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Five
### [18 U.S.C. § 1462(a)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 4.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Six
### [18 U.S.C. § 1462(a)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 5.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Seven
### [18 U.S.C. § 1466]

From on or about January 1, 1996 to on or about November 7, 2019, in the Western District of Texas, and elsewhere, the Defendant,

THOMAS ALAN ARTHUR,

aided and abetted by others, was engaged in the business of selling and transferring obscene matter, and knowingly received and possessed with the intent to distribute obscene stories and drawings of minors engaging in sexually explicit conduct, which was shipped and transported in

interstate and foreign commerce.

A violation of Title 18, United States Code, Section 1466, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Eight
### [18 U.S.C. § 1466A(a)(1)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

did knowingly produce, distribute, receive, and possess with the intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing of a prepubescent female performing fellatio on an adult male and this visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## Count Nine
### [18 U.S.C. § 1466A(a)(1)]

On or about November 7, 2019, in the Western District of Texas, the Defendant,

THOMAS ALAN ARTHUR,

did knowingly produce, distribute, receive, and possess with the intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing a drawing of prepubescent females performing fellatio on adult penises and this visual depiction had been mailed, or shipped or transported in interstate

or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Obscenity Violations and Forfeiture Statutes
[Title 18 U.S.C. §§ 1462 & 1466, subject to forfeiture pursuant to Title 18 U.S.C. § 1467(a)(1)-(3)]

As a result of the foregoing criminal violations set forth in the above Counts, the United States of America gives notice of its intent to seek the forfeiture of certain property subject to forfeiture, upon conviction, and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. §§ 1467(a)(1), (2), and (3), which states:

> **Title 18 U.S.C. § 1467. Criminal forfeiture**
> **(a) Property subject to criminal forfeiture.**-A person who is convicted of an offense involving obscene material under this chapter shall forfeit to the United States such person's interest in -
>> **(1)** any obscene material produced, transported, mailed, shipped or received in violation of this chapter;
>> **(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>> **(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

This Notice of Forfeiture includes but is not limited to the following properties described below:

### II.
### Real Properties

Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas, 79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4 & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;
7. The W/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less;

### III.
### Personal Properties

- LG Tablet, Serial Number 509CQSF0402566;
- CAT Phone;
- 2 Motorola ic502 flip phones;
- Paper with passwords and usernames written;
- Sony Vaio computer, Service Tage#C6UORT31;
- Gray Touro external hard drive, SN 6PIJ459E;
- Oyen Digital Minipro external hard drive, SN BCC2;
- 4 Crucial external hard drives, serial numbers 14420D87E333, 14350D1F67f3, 1107030340DC, 12380916A593;
- Photographs related to Mr Double;
- 7 compact disks;
- Micron 3600 desktop computer, serial number P60007201256;
- 70 Euros;
- $2,270.00, more or less in currency U.S. Currency;
- External electronic device in a black case;
- 4 Seagate external hard drives;
- Transcend external hard drive;
- 9 SD cards;
- 1 Sim card;
- Canon Digital Camera;

- Dell XPS Laptop, Service Tag 11HFP71;
- Armor computer tower, SN ST008M21STZA1MI000813;
- Computer server tower, unknown manufacturer, no serial number;
- Android cell phone, serial number S411742019096;
- 7 USB storage drives;
- 2 Compact flash drives;
- Box of VHS tapes;
- Two boxes of floppy disks;
- Box of compact disks;
- Gray computer tower, unknown manufacturer, no serial number;
- 98 boxes of suspected child erotica;
- www.mrdouble.com; and
- Any and all other property and/or accessories involved in or used in the commission of the criminal offense.

**A True Bill.**

Original signed by the foreperson of the Grand Jury

_____
Foreperson

JOHN F. BASH
United States Attorney

*[signature]*

AUSTIN M. BERRY
Trial Attorney
Child Exploitation & Obscenity Section
Department of Justice