# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. P-19-CR-774 |
| | § | |
| THOMAS ALAN ARTHUR, | § | |
| | § | |
| Defendant. | § | |

## UNITED STATES' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OR A REQUEST FOR A *DAUBERT* HEARING CONCERNING THE ADMISSIBILITY OF DEFENDANT'S EXPERT TESTIMONY

Comes now, the United States of America by and through undersigned counsel, and respectfully requests this Court exclude Defendant's expert witness, David Ley, from testifying in the above entitled case, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) and Federal Rule of Evidence 702. Alternatively, the United States requests a *Daubert* hearing to test the evidentiary reliability of these experts' theories and techniques. Defendant is unopposed to a *Daubert* hearing.

## I. FACTS

Since approximately 1996, Defendant Thomas Arthur has been the administrator of a website dedicated to publishing writings that detail the sexual abuse of children, including the rape and torture of infants and toddlers. The stories are organized according to the author who wrote each story. Some of the author pages contain drawings depicting children engaged in sexually explicit conduct.

On November 3, 2020, defense counsel notified the United States that Defendant intends

to introduce the testimony of David Ley. The defense has not provided a report from Ley. Instead, the defense has simply stated the following:

> Each of the stories depicts fictional or at least fictionalized accounts of sexual conduct with children, but these are not automatically stripped of value. Several published works, going back as far as the 17th century, also depict scenes of sadomasochistic sexual abuse and are not considered obscene.
>
> Nor can the drawings be said to be without serious artistic value.
>
> If called to the stand, Dr. Ley will testify in depth about the features of each of the charged stories and drawings, as well as two uncharged stories he was shown, and their relation to other works of art and literature, as well as scientific evidence regarding the potential effects or uses of such literature in therapy and treatment of sexual abuse survivors.

(Mark Bennett Email Nov. 3, 2020).[1] This summary of Ley's testimony does not:

- Identify which published works from the 17th century (or any century) Ley is referencing;

- Identify how Ley reached his opinion that such works and scenes "are not considered obscene;"

- Identify how Ley concluded that the drawings have serious artistic value;

- Identify the features of the stories or drawings that ostensibly have serious literary, artistic, or scientific value;

- Identify the "other works of art and literature" to which he has compared the Mr. Double

---

[1] Also on November 3, 2020, defense notified the United States of its intent to introduce testimony of Rebecca Kasman who "will testify to the nature of serious artistic and literary value in sexually explicit works, and may testify to the potential or actual serious artistic or literary value of the works that are the subject of this lawsuit. She will also testify to the historical and current existence and acceptance of cultural media that depict, in varying degrees, child sexual abuse." On December 10, 2020, however, the defense notified the United States that Kasman will be unavailable for trial due to a medical issue. Consequently, the United States is not including facts or argument about Kasman in this motion, but should the defense change again and provide proper notice of intent to introduce her testimony, the United States would make a similar argument as it does in this motion regarding David Ley.

stories; or

- Identify the "scientific evidence regarding the potential effects or uses of such literature in therapy and treatment of sexual abuse survivors."

## II. ARGUMENT & AUTHORITIES

The United States seeks to exclude Ley from testifying because, pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), Defendant has not provided the bases and reasons for Ley's opinions. Additionally, the United States seeks to exclude Ley from testifying because, pursuant to Federal Rule of Evidence 702, Ley's proposed testimony would not assist the trier of fact. Finally, should this Court consider allowing Ley to testify, in light of Defendant's apparent failure to provide the bases and reasons for Ley's opinions, the United States requests a *Daubert* hearing to determine whether Ley has applied the principles and methods used to the facts of the case.[2]

### A.  The Proposed Testimony Should Be Excluded Pursuant to Federal Rule of Criminal Procedure 16.

Federal Rule of Criminal Procedure 16(b)(1)(C) provides: "[t]he defendant must, at the Government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence . . . [t]his summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." The purpose of this specific provision is to minimize surprise associated with unexpected expert testimony and to provide the United States with the opportunity to test the merit of the expert's testimony through thorough cross-examination. FED. R. CRIM. P. 16(b)(1)(C).

Pursuant to this Court's Standing Discovery Order, Paragraph B, when the United States

---

[2]*Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993).

provides discovery, a Defendant's reciprocal discovery obligation is triggered and thus the "Defendant shall permit the Government to inspect and copy . . . [a]ny results or reports of physical or mental examination and of scientific tests or experiments made in connection within this case which the Defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof."  (SDO ¶ B(2) (July 27, 2020).) The defense has not provided any report authored by Ley. It appears that the summary provided via email comes from Ley's report, but it is unclear whether that is true. Regardless, the defense has not provided any such report if it does in fact exist.

Not only has the defense has not provided any report by Ley, it also has not provided any of the comparative writings from the 17th century or any other century that might form the basis of Ley's testimony.  Even assuming that Ley's proposed testimony is relevant to the facts of this case, the United States has no means to test the merit of his testimony because the United States does not know what Ley relied on to form his opinion. Without knowing whether Ley relied on any other materials, the United States cannot properly prepare for cross-examination because the United States cannot effectively cross-examine him as to whether he reviewed a particular statement or report, and if so, whether it did or did not change his opinion.  As such, Ley's proposed testimony should be excluded.

      **B.**      **The Proposed Testimony Should be Excluded Pursuant to Federal Rules of Evidence 702, 401 and 403.**

Federal Rule of Evidence 702 permits the use of scientific, technical, or other specialized knowledge only "if it will assist the trier of fact to understand the evidence or to determine a fact in issue...." FED. R. EVID. 702.  As the Fifth Circuit has explained:

> Under the Federal Rules of Evidence, a qualified expert witness may offer reliable

opinion testimony if specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In a criminal case, however, an expert witness may not offer an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged. FED.R.EVID. 704(b)**. The ultimate issues in a criminal case "are matters for the trier of fact alone."** *Id***.**

*United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010) (citations omitted).

### C.     Alternatively, Should this Court Consider Allowing Ley to Testify, the United States Requests a *Daubert* Hearing.

The testimony of Ley should be excluded unless Defendant can show compliance with *Daubert*, 509 U.S. 579.  The United States respectfully requests a hearing to determine whether the principles and methods used have been applied reliably to the facts of the case, and whether the proposed testimony is relevant to this case. As the Eleventh Circuit has noted, "[w]hile *Daubert* hearings are not required by law or by rules of procedure, they are almost always fruitful uses of the court's time and resources in complicated cases involving multiple expert witnesses, such as the instant case." *See City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 565 (11th Cir. 1998) ("It is apparent that this problem, along with many others that we identify in this part of the opinion, might have been avoided had the district court simply held a *Daubert* hearing to allow the parties to clarify their positions, as well as the law, regarding the admissibility of these experts' testimony."). Specifically, the United States respectfully requests that the Court conduct a hearing in advance of trial under the authority of *Daubert* to determine:

1. Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue. Fed. R. Evid. 702;

2. Whether the testimony is relevant and reliable. *Daubert*, 509 U.S. at 589; *Kumho Tire*, 526 U.S. at 152-153;

3. Whether the methodology or technique the expert uses "fits" the conclusions. *See General Electric Co. v. Joiner*, 522 U.S. at 14; and,

4. Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time. Fed. R. Evid. 403,

and thereafter enter an Order based on the Court's findings and determination excluding or limiting the testimony of Dr. Ley. This will assure only reliable and relevant expert testimony is presented to the jury. *Wilson v. Woods*, 163 F.3d 935, 936 (5th Cir.1999).

Defendant is unopposed to a *Daubert* hearing, but has requested that the hearing be conducted via videoconference. The United States objects to a videoconference hearing, and instead requests that the hearing be conducted in person in Midland. A hearing in Midland would be a compromise to the defense request for a remote hearing because Dr. Ley and defense counsel can travel directly to Midland, without the additional time and expense of traveling to Pecos from Midland.

### III.  CONCLUSION

Wherefore, premises considered, the United States respectfully requests that this Motion be granted and that Ley be excluded from testifying in this case. Alternatively, should this Court consider allowing Ley to testify, the United States requests a *Daubert* hearing to test the evidentiary reliability of his theories and techniques.

Respectfully submitted,

By:     /s/ Austin M. Berry
AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on December 18, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will, in turn, send notification of said filing to all counsel of record through the CM/ECF System.

                                                    _____/s/_____  
                                                    Austin M. Berry  
                                                    Trial Attorney