In the United States District Court

For the Western District of Texas

Pecos Division

| | |
|---|---|
| United States | No. P-19-CR-774 |
| v. | Judge Counts |
| Thomas Arthur | |

Response to

United States's Motion in Limine to Exclude Expert Testimony etc. [Doc. No. 62]

**Judge Counts:**

## **The Government has failed to comply with subsection (P) of this Court's standing discovery order.**

> If counsel believes another party has failed to comply with this Order, counsel shall notify opposing counsel in writing prior to filing a motion requesting relief. No party will file a Motion for Compliance with this Order until such notice has been given along with an opportunity for compliance.

The first Mr. Arthur heard of the Government's contentions that Mr. Arthur's disclosure of Dr. Ley's proposed testimony was deficient was after the Government had filed its motion so contending on December 22, 2020.

In fact, Mr. Arthur specifically inquired of the Government on November 12, 2020:

> Please let me know if you have not received the summary of Ms. Fasman's prospective testimony, the summary of Dr. Ley's prospective testimony, or Dr. Ley's CV, or if you think there is some deficiency in these.

The Government responded, the same day:

> We have NOT received a summary of Fasman's prospective testimony.

Because the Government filed its motion before giving Mr. Arthur notice and an opportunity for compliance, please strike the Government's *Motion in Limine to Exclude Expert Testimony*.

## THE GOVERNMENT CONFLATES RULE 16(B)(1)(C) AND RULE 16(B)(1)(B).

Rule 16(b)(1)(B) of the Federal Rules of Criminal Procedure provides for reciprocal discovery of "results or reports of any physical or mental examination and of any scientific test or experiment." Section (B) of this Court's *Standing Discovery Order* implements Rule 16(b)(1)(B), requiring that an accused permit the government to inspect and copy, or supply copies of:

> Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the Defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.

These rules do not apply to Dr. Ley's testimony, as Dr. Ley did not perform any physical or mental examinations, scientific tests or experiments. Rule 16(b)(1)(B) does not cover his opinions. Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure does. That rule provides:

(C) Expert Witnesses. The defendant must, **at the government's request**, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if-

(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or

(ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition. This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]

Fed. R. Crim. Proc. 16(b)(1)(C) (emphasis added). Subdivisions (a)(1)(G) and (b)(1)(C) of Rule 16 govern "testimony that [a party] intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." Subdivisions (a)(1)(F) and (b)(1)(B) of Rule 16, as well as section (B) of this Court's *Standing Discovery Order*, govern "results or reports of any physical or mental examination and of any scientific test or experiment."

## Rule 16(a)(1)(B), and section (B) of this Court's *Standing Discovery Order*, do not apply to Dr. Ley's proposed testimony.

Dr. Ley reviewed the works that are the subject of the litigation in this case, and will provide an opinion as to whether they may have substantial literary, artistic, or scientific value.

3

Dr. Ley did not prepare a report of any "physical or mental examination [nor] of any scientific test or experiment"

Dr. Ley's testimony does not relate to "results or reports of any physical or mental examination [nor] of any scientific test or experiment made in connection with this case."

## Mr. Arthur was not required to comply with Rule 16(a)(1)(C).

A defendant's duty to provide "a written summary of any testimony that the defendant intends to use" under chapter 7 of the Federal Rules of Evidence is only triggered by "the government's request" for the same. Here the Government has made no such request.

## The Government has misrepresented to this Court the notice that Mr. Arthur provided the Government.

The Government makes this claim in its motion:

> The defense has not provided a report from Ley. Instead, the defense has **simply stated the following**:
>
> > Each of the stories depicts fictional or at least fictionalized accounts of sexual conduct with children, but these are not automatically stripped of value. Several published works, going back as far as the 17th century, also depict scenes of sadomasochistic sexual abuse and are not considered obscene.
> >
> > Nor can the drawings be said to be without serious artistic value.

4

> If called to the stand, Dr. Ley will testify in depth about the features of each of the charged stories and drawings, as well as two uncharged stories he was shown, and their relation to other works of art and literature, as well as scientific evidence regarding the potential effects or uses of such literature in therapy and treatment of sexual abuse survivors.

*United States' Motion in Limine to Exclude Expert Testimony etc.* [Doc. No. 62] at 2 (emphasis added).

The text of Mr. Arthur's November 3, 2020 notice to the Government of his intent to use Dr. Ley's testimony is attached as Exhibit A. Dr. Ley's curriculum vitae, which is referenced in that notice, is attached to this Response as Exhibit B.

## Mr. Arthur's summary of Dr. Ley's proposed testimony would be sufficient under Rule 16(a)(1)(C).

Rule 16(a)(1)(C) does not require that the parties exchange "reports" from experts who have not performed scientific tests or experiments, but only "summaries." "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. Proc. 16(a)(1)(C)(ii).

If Mr. Arthur's obligation to provide a summary of Dr. Ley's testimony were triggered by the Government's request, the summary of provided would satisfy Rule 16(a)(1)(C).

## WHETHER THE WORKS ARE OBSCENE IS A LEGITIMATE TOPIC FOR EXPERT TESTIMONY.

The Supreme Court has held that in an obscenity case, the third prong of the test for obscenity—whether the work "taken as a whole, lacks serious literary, artistic, political, or scientific value"—is not based on *community standards*, but instead on an objective or reasonable person test. *Pope v. Illinois,* 481 U.S. 497, 500 (1987). This element "allows appellate courts to impose some limitations and regularity on the definition by setting, as a matter of law, a national floor for socially redeeming value." *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 873 (1997).

Because the third element of the Miller test—lack of serious literary, artistic, political, or scientific value—is measured objectively against a national floor, and not locally, it is an appropriate topic for expert testimony.

"Are these works obscene?" or "do these works lack serious literary, artistic, political, or scientific value?" is no more an "ultimate issue" immune from expert testimony in an obscenity prosecution than "is this a controlled substance?" or "how much did the cocaine weigh?" is an ultimate issue immune from expert testimony in a drug case. Indeed, the Supreme Court has held that in an obscenity

6

prosecution, "The defense should be free to introduce appropriate expert testimony…." *Kaplan v. California*, 413 U.S. 115, 121 (1973), citing *Smith v. California*, 361 U.S. 147, 164–165 (1959) (Frankfurter, J., concurring).

Justice Frankfurter's concurrence in *Smith*, to which the Court in *Kaplan* was referring, is enlightening:

> [T]o exclude such expert testimony is in effect to exclude as irrelevant evidence that goes to the very essence of the defense and therefore to the constitutional safeguards of due process.

*Smith v. California*, 361 U.S. at 165 (Frankfurter, J., concurring).

Literary, artistic, or scientific value is not a matter of common knowledge, any more than the chemical composition of cocaine or the argot used by drug traffickers is. Due process requires that Mr. Arthur be permitted to provide the jury with expert testimony explaining what comprises such value.

## Mr. Arthur objects to an in-person *Daubert* hearing before trial.

While Mr. Arthur is, as he told the Government before the Government shared its proposed motion with him, unopposed *in principle* to a *Daubert* hearing, he objects to an in-person *Daubert* hearing before trial.

A pretrial *Daubert* hearing would be superfluous. This hearing can be conducted when the parties and Dr. Ley are gathered for trial.

Mr. Arthur has conveyed to the Government an offer to stipulate to some of the elements in this case in order to sharpen the issues for the jury and to save the jury and this Court time. The Government has not yet responded. Whatever is stipulated to, though, the question of whether the works that the Government has based this prosecution on may have serious literary, artistic, or scientific value is and will be a disputed. The Government must prove beyond a reasonable doubt that they do not; Dr. Ley's testimony will raise a reasonable doubt thereof.

In light of the summary of Dr. Ley's testimony and of Dr. Ley's curriculum vitae, as well as of Justice Frankfurter's strong positive statement in favor of admitting defense-expert testimony in an obscenity case, approved by the Court in *Kaplan v. California*, a *Daubert* hearing before trial would be an unprofitable use of this Court's and of the parties' time.

### A *Daubert* HEARING MAY BE CONDUCTED VIA VIDEO CONFERENCE.

If a *Daubert* hearing were to be conducted before the parties are gathered for trial, it ought to be conducted via video conference. Dr. Ley is in Albuquerque, New Mexico. He has been retained to travel to Pecos

for trial, but for a *Daubert* hearing, especially during the time of covid-19, prudence and parsimony militate in favor of a video-conference appearance.[1] The Government objects, but cites no reason that an in-person hearing either is required, or is a better method of answering the four issues of the proposed hearing than a videoconference. Mr. Arthur knows of no such reason.

Thank you,

Mark Bennett
SBN 00792970
Bennett & Bennett
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

---

[1] The Government proposes a hearing in Midland as a "compromise," Government's motion at 6. This is not a *compromise*— Dr. Ley is closer to Alpine and Pecos than to Midland. This is, instead, the Government asking this Court to impose a financial and time burden on the defense that is unwarranted by the record in this case.

## Certificate of Service

A copy of this response was emailed to the attorneys for the Government before it was filed with this Court.

_____
Mark Bennett