**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. P-19-CR-774-DC** |
| | ) | |
| **THOMAS ALAN ARTHUR,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES OF AMERICA'S**
**PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS WITH**
**REGARD TO THE UNITED STATES' DEMAND FOR FORFEITURE**

COMES NOW the United States and submits the following proposed forfeiture jury instructions to be used should the Defendant be convicted and should the government or the defendant request a jury determination of the forfeiture issues pursuant to Rule 32.2(b)(5), Federal Rules of Criminal Procedure.

Respectfully submitted,

GREGG N. SOFER
United States Attorney

By:  /s/ _____
FIDEL ESPARZA III
Assistant United States Attorney
State Bar No. 24073776
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: 210-384-7026
Fax: 210-384-7045
Email: Fidel.Esparza@usdoj.gov

## <u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1</u>
### (Jury's Duty Regarding Forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the Defendant is guilty of the offenses in Counts One, Eight, and Nine (Obscene visual representation of the sexual abuse of children), Counts Two through Six (Importation or transportation of obscene matters) and Count Seven (Engaging in the business of selling or transferring obscene matter) of the Second Superseding Indictment, you have one more task to perform before you are discharged.

What you must now decide is whether the defendant must forfeit certain property which the United States claims is subject to forfeiture to the United States because of its connection or nexus to the violations in Counts One through Nine of the Second Superseding Indictment.

The term "forfeiture" means that a Defendant is divested or deprived of ownership interest in property as a penalty for committing certain violations of federal law.

I instruct you that your previous finding that the Defendant is guilty of the offenses in Counts One through Nine is final, conclusive, and binding. Because you are bound by your previous finding that the Defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the Defendant is guilty or not guilty of any violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate continue to apply with respect to your verdicts in the forfeiture phase of this trial.

### UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2
### (Government's Burden of Proof Regarding Forfeiture)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the Defendant do <u>not</u> apply to your deliberations and verdicts in the forfeiture phase of the trial.

In deliberating and deciding your special verdicts regarding the forfeiture of property, I instruct you that the Government need only prove by a preponderance of the evidence that the property: 1) constitute or are traceable to gross profits or other proceeds; and/or 2) used or intended to be used to commit or to promote the commission of the offense(s) for which Defendant has been convicted. The Government is **not** required to prove this beyond a reasonable doubt.

A "preponderance of the evidence" means an amount of evidence which is enough to persuade you that a claim or contention is more likely true or not true.

Thus, your job is to determine whether the government has proven that it is more likely than not that the property was used or intended to be used to commit or to promote the commission or any property traceable to the violation(s) for which the Defendant has been found guilty.

———————————————

*Libretti v. United States*, 116 S.Ct. 356, 363 (1995) (§ 853 - criminal forfeiture is part of sentencing).

*United States v. Gasanova*, 332 F.3d 297, 301 (5th Cir. 2003) ("The Supreme Court held that only those facts that expose the defendant to punishment beyond the statutory maximum of the charged offense are subject to a heightened evidentiary standard . . . . We therefore join all other circuit courts of appeals to consider the question and conclude that statutorily-prescribed forfeiture is warranted upon a showing of a preponderance of the evidence.")

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3
### (Evidence and Instructions From Trial)

You have just heard the argument of the parties in connection with the forfeiture part of this case.  In your deliberations on this phase, you may consider any evidence offered by the parties, either during the trial or during the forfeiture phase of the proceedings **[if additional evidence was presented].**  My previous instruction as to what constitutes "evidence" applies here as well.

Indeed, all of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

———————————

*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

Because forfeiture is an aspect of sentencing, *see Libretti v. United States*, 516 U.S. 29, 38–39 (1995), reliable hearsay is admissible to establish the forfeitability of properties.  *See e.g.*, *United States v. Stathakis*, No. 04-CR-790 (CBA), 2008 WL 413782, at *14 n.2 (E.D.N.Y. Feb. 13, 2008); *United States v. Evanson*, No. 2:05 CR 00805 TC, 2008 WL 3107332, at *2 (D. Utah Aug. 4, 2008) (collecting cases).

### UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4
**(Obscene Matters involving Children Forfeiture)**

Under Federal law, any person who is convicted of the offense(s) specified in Counts One, Eight, and Nine (Obscene visual representation of the sexual abuse of children), Counts Two through Six (Importation or transportation of obscene matters), and/or Count Seven (Engaging in the business of selling or transferring obscene matter), shall forfeit to the United States any property real or personal, constituting or traceable to gross profits or other proceeds and/or used or intended to commit or to promote the commission of such offense or any property traceable to such property.

The United States alleges that the below described property is forfeitable from the Defendant because it is property constituting or traceable to gross profits or other proceeds and/or property that was used to promote the commission of the offenses set forth in Counts One and/or through Nine of the Second Superseding Indictment as specifically prescribed by federal law:

### Real Properties

Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas, 79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4  & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;
7. The W/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and

12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less;

## **Personal Properties**

- LG Tablet, Serial Number 509CQSF0402566;
- CAT Phone;
- 2 Motorola ic502 flip phones;
- Paper with passwords and usernames written;
- Sony Vaio computer, Service Tag#C6UORT31;
- Gray Touro external hard drive, SN 6PIJ459E;
- Oyen Digital Minipro external hard drive, SN BCC2;
- 4 Crucial external hard drives, serial numbers 14420D87E333, 14350D1F67f3, 1107030340DC, 12380916A593;
- Photographs related to Mr Double;
- 7 compact disks;
- Micron 3600 desktop computer, serial number P60007201256;
- 70 Euros;
- $2,270.00, more or less in currency U.S. Currency;
- External electronic device in a black case;
- 4 Seagate external hard drives;
- Transcend external hard drive;
- 9 SD cards;
- 1 Sim card;
- Canon Digital Camera;
- Dell XPS Laptop, Service Tag 11HFP71;
- Armor computer tower, SN ST008M21STZA1MI000813;
- Computer server tower, unknown manufacturer, no serial number;
- Android cell phone, serial number S411742019096;
- 7 USB storage drives;
- 2 Compact flash drives;
- Box of VHS tapes;
- Two boxes of floppy disks;
- Box of compact disks;
- Gray computer tower, unknown manufacturer, no serial number;
- 98 boxes of suspected child erotica;
- www.mrdouble.com; and
- Any and all other property and/or accessories involved in or used in the commission of the criminal offense.

To "facilitate" the commission of an offense means to aid, promote, advance, or make easier, the commission of the act or acts constituting the offense.

To be forfeitable as property used to facilitate the violation(s) for which you have found defendant guilty, there must be a substantial connection, not merely incidental or fortuitous, between the property and the offense for you to find that the property was used or intended to be used to facilitate or promote the commission of the offense. However, the property need not be indispensable to the commission of the offense, nor does the property have to have been used exclusively for the commission of the offense or as the exclusive means of committing the offense. Property used or intended to be used to commit or promote the commission of an offense can be in virtually any form.

Generally speaking, proceeds of offenses involving obscene material include any monies or other property that a defendant obtained, directly or indirectly, as the result of these violations, and any property traceable thereto.   Property subject to forfeiture as proceeds of violations involving obscene material include any money furnished in exchange for obscene material, and any property purchased with money derived from said violations.

_____

**Title 18 U.S.C. § 1467. Criminal forfeiture**
　　**(a) Property subject to criminal forfeiture.-**A person who is convicted of an offense involving obscene material under this chapter shall forfeit to the United States such person's interest in -
　　　　**(1)** any obscene material produced, transported, mailed, shipped or received in violation of this chapter;
　　　　**(2)** any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
　　　　**(3)** any property, real or personal, used or intended to be used to commit or to promote the commission of such.

*United States v. Puche,* 350 F.3d 1137, 1153 (11th Cir. 2003) ("[f]acilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance")

*United States v. Hull*, 606 F3d 524, 528 (8th Cir. 2010) (facilitating property includes more than the "instrument" actually used to commit the crime; when defendant distributed child pornography on the internet, his computer was the instrument, but his house was forfeitable because it provided him with a secure location where he could operate in privacy).

*United States v. Farkas*, 474 F. App'x 349, 359-60 (4th Cir. 2012) ("the 'but for' nexus test [was] first articulated by the Seventh Circuit in *United States v. Horak*, 833 F.2d 1235, 1242-43 (7th Cir. 1987), and since applied by a number of other courts . . . Pursuant to this test, funds are considered proceeds and therefore deemed forfeitable if 'a person would not have [the funds] *but for* the criminal offense.'"; quoting *Nicolo*, 597 F. Supp. 2d at 346).

*United States v. Wittig*, 2006 WL 13158, *2 (D. Kan. Jan. 3, 2006) (court instructs jury that property "derived from" the proceeds of an offense means money or other property obtained using the money or other source of wealth gained as a result of the offense; property "traceable to" the offense means property whose acquisition was attributable to the offense rather than from untainted sources);

*Hull at* 527 (assuming without deciding that the substantial connection requirement applies to child pornography cases under forfeiture statute § 2253).

*Pattern Jury Instructions of the Eleventh Circuit* (2016 Ed.) at T6, Pg. 4 ("substantial connection" definition).

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5
### (Duty Not to Consider Certain Issues that Court Will Decide)

I instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide.   You should not consider what might happen to the property in determining whether the property is subject to forfeiture.   In this connection, you should disregard any claims that other persons may have to the property.   The interests that other persons may have in the property will be taken into account by the Court at a later time.   Also, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern is to determine whether the properties are subject to forfeiture because they were properties that reconstitute or are traceable to gross profits or other proceeds; and/or used or intended to be used to commit or facilitate the offense(s) for which you have found the Defendant guilty.

## <u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6</u>
### (Unanimous Verdict)

You must reach a unanimous verdict as to each question on the Special Verdict Form.

Everyone must agree to any "YES" or "NO" answer you enter on the Special Verdict Form.

## <u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7</u>
### (Special Verdict Form)

A special verdict form has been prepared for you.   The special verdict form lists the property which the government asserts was used or intended to be used to commit or facilitate the commission of the offense(s) for which the Defendant has been found guilty.   You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO."   The foreperson must then sign and date the Special Verdict Form.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. P-19-CR-774-DC |
| | ) | |
| THOMAS ALAN ARTHUR, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' PROPOSED SPECIAL VERDICT FORM

We, the Jury, unanimously find by a preponderance of the evidence that the Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas**, 79830, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4 & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;
7. The W/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less

was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to facilitate the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):             YES _____    NO _____

Count Two (2):             YES _____    NO _____

Count Three (3):           YES _____    NO _____

Count Four (4):            YES _____    NO _____

Count Five (5):            YES _____    NO _____

Count Six (6):             YES _____    NO _____

Count Seven (7):           YES _____    NO _____

Count Eight (8):           YES _____    NO _____

Count Nine (9):            YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **LG Tablet, Serial Number 509CQSF0402566** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):             YES _____    NO _____

Count Two (2):             YES _____    NO _____

Count Three (3):           YES _____    NO _____

Count Four (4):            YES _____    NO _____

Count Five (5):            YES _____    NO _____

Count Six (6):             YES _____    NO _____

Count Seven (7):           YES _____    NO _____

Count Eight (8):           YES _____    NO _____

Count Nine (9):            YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **CAT Phone** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

2

Count One (1):                    YES _____    NO _____

Count Two (2):                    YES _____    NO _____

Count Three (3):                  YES _____    NO _____

Count Four (4):                   YES _____    NO _____

Count Five (5):                   YES _____    NO _____

Count Six (6):                    YES _____    NO _____

Count Seven (7):                  YES _____    NO _____

Count Eight (8):                  YES _____    NO _____

Count Nine (9):                   YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **2 Motorola ic502 flip phones** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____    NO _____

Count Two (2):                    YES _____    NO _____

Count Three (3):                  YES _____    NO _____

Count Four (4):                   YES _____    NO _____

Count Five (5):                   YES _____    NO _____

Count Six (6):                    YES _____    NO _____

Count Seven (7):                  YES _____    NO _____

Count Eight (8):                  YES _____    NO _____

Count Nine (9):                   YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Paper with passwords and usernames written** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

3

Count One (1):          YES _____      NO _____

Count Two (2):          YES _____      NO _____

Count Three (3):        YES _____      NO _____

Count Four (4):         YES _____      NO _____

Count Five (5):         YES _____      NO _____

Count Six (6):          YES _____      NO _____

Count Seven (7):        YES _____      NO _____

Count Eight (8):        YES _____      NO _____

Count Nine (9):         YES _____      NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Sony Vaio computer, Service Tage#C6UORT31** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):          YES _____      NO _____

Count Two (2):          YES _____      NO _____

Count Three (3):        YES _____      NO _____

Count Four (4):         YES _____      NO _____

Count Five (5):         YES _____      NO _____

Count Six (6):          YES _____      NO _____

Count Seven (7):        YES _____      NO _____

Count Eight (8):        YES _____      NO _____

Count Nine (9):         YES _____      NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Gray Touro external hard drive, SN 6PIJ459E** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):             YES _____    NO _____

Count Two (2):             YES _____    NO _____

Count Three (3):           YES _____    NO _____

Count Four (4):            YES _____    NO _____

Count Five (5):            YES _____    NO _____

Count Six (6):             YES _____    NO _____

Count Seven (7):           YES _____    NO _____

Count Eight (8):           YES _____    NO _____

Count Nine (9):            YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Oyen Digital Minipro external hard drive, SN BCC2** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):             YES _____    NO _____

Count Two (2):             YES _____    NO _____

Count Three (3):           YES _____    NO _____

Count Four (4):            YES _____    NO _____

Count Five (5):            YES _____    NO _____

Count Six (6):             YES _____    NO _____

Count Seven (7):           YES _____    NO _____

Count Eight (8):           YES _____    NO _____

Count Nine (9):            YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **4 Crucial external hard drives, serial numbers 14420D87E333, 14350D1F67f3, 1107030340DC, 12380916A593** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

5

Count One (1):                    YES _____    NO _____

Count Two (2):                    YES _____    NO _____

Count Three (3):                  YES _____    NO _____

Count Four (4):                   YES _____    NO _____

Count Five (5):                   YES _____    NO _____

Count Six (6):                    YES _____    NO _____

Count Seven (7):                  YES _____    NO _____

Count Eight (8):                  YES _____    NO _____

Count Nine (9):                   YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Photographs related to Mr Double** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____    NO _____

Count Two (2):                    YES _____    NO _____

Count Three (3):                  YES _____    NO _____

Count Four (4):                   YES _____    NO _____

Count Five (5):                   YES _____    NO _____

Count Six (6):                    YES _____    NO _____

Count Seven (7):                  YES _____    NO _____

Count Eight (8):                  YES _____    NO _____

Count Nine (9):                   YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **7 compact disks** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

6

Count One (1):                    YES _____    NO _____

Count Two (2):                    YES _____    NO _____

Count Three (3):                  YES _____    NO _____

Count Four (4):                   YES _____    NO _____

Count Five (5):                   YES _____    NO _____

Count Six (6):                    YES _____    NO _____

Count Seven (7):                  YES _____    NO _____

Count Eight (8):                  YES _____    NO _____

Count Nine (9):                   YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Micron 3600 desktop computer, serial number P60007201256** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____    NO _____

Count Two (2):                    YES _____    NO _____

Count Three (3):                  YES _____    NO _____

Count Four (4):                   YES _____    NO _____

Count Five (5):                   YES _____    NO _____

Count Six (6):                    YES _____    NO _____

Count Seven (7):                  YES _____    NO _____

Count Eight (8):                  YES _____    NO _____

Count Nine (9):                   YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **70 Euros** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or

through Nine of which the Defendant was found guilty.

Count One (1):           YES _____    NO _____

Count Two (2):           YES _____    NO _____

Count Three (3):         YES _____    NO _____

Count Four (4):          YES _____    NO _____

Count Five (5):          YES _____    NO _____

Count Six (6):           YES _____    NO _____

Count Seven (7):         YES _____    NO _____

Count Eight (8):         YES _____    NO _____

Count Nine (9):          YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **$2,270.00, more or less in currency U.S. Currency** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):           YES _____    NO _____

Count Two (2):           YES _____    NO _____

Count Three (3):         YES _____    NO _____

Count Four (4):          YES _____    NO _____

Count Five (5):          YES _____    NO _____

Count Six (6):           YES _____    NO _____

Count Seven (7):         YES _____    NO _____

Count Eight (8):         YES _____    NO _____

Count Nine (9):          YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **External electronic device in a black case** was property constituting or traceable to gross profits or other

8

proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):            YES _____     NO _____

Count Two (2):            YES _____     NO _____

Count Three (3):          YES _____     NO _____

Count Four (4):           YES _____     NO _____

Count Five (5):           YES _____     NO _____

Count Six (6):            YES _____     NO _____

Count Seven (7):          YES _____     NO _____

Count Eight (8):          YES _____     NO _____

Count Nine (9):           YES _____     NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **4 Seagate external hard drives** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):            YES _____     NO _____

Count Two (2):            YES _____     NO _____

Count Three (3):          YES _____     NO _____

Count Four (4):           YES _____     NO _____

Count Five (5):           YES _____     NO _____

Count Six (6):            YES _____     NO _____

Count Seven (7):          YES _____     NO _____

Count Eight (8):          YES _____     NO _____

Count Nine (9):           YES _____     NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Transcend external hard drive** was property constituting or traceable to gross profits or other proceeds and/or

was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):          YES _____    NO _____

Count Two (2):          YES _____    NO _____

Count Three (3):        YES _____    NO _____

Count Four (4):         YES _____    NO _____

Count Five (5):         YES _____    NO _____

Count Six (6):          YES _____    NO _____

Count Seven (7):        YES _____    NO _____

Count Eight (8):        YES _____    NO _____

Count Nine (9):         YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **9 SD cards** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):          YES _____    NO _____

Count Two (2):          YES _____    NO _____

Count Three (3):        YES _____    NO _____

Count Four (4):         YES _____    NO _____

Count Five (5):         YES _____    NO _____

Count Six (6):          YES _____    NO _____

Count Seven (7):        YES _____    NO _____

Count Eight (8):        YES _____    NO _____

Count Nine (9):         YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **1 Sim card** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to

10

be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):              YES _____    NO _____

Count Two (2):              YES _____    NO _____

Count Three (3):            YES _____    NO _____

Count Four (4):             YES _____    NO _____

Count Five (5):             YES _____    NO _____

Count Six (6):              YES _____    NO _____

Count Seven (7):            YES _____    NO _____

Count Eight (8):            YES _____    NO _____

Count Nine (9):             YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Canon Digital Camera** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):              YES _____    NO _____

Count Two (2):              YES _____    NO _____

Count Three (3):            YES _____    NO _____

Count Four (4):             YES _____    NO _____

Count Five (5):             YES _____    NO _____

Count Six (6):              YES _____    NO _____

Count Seven (7):            YES _____    NO _____

Count Eight (8):            YES _____    NO _____

Count Nine (9):             YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Dell XPS Laptop, Service Tag 11HFP71** was property constituting or traceable to gross profits or other

11

proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                YES \_\_\_\_\_     NO _____

Count Two (2):               YES \_\_\_\_\_     NO _____

Count Three (3):           YES \_\_\_\_\_     NO _____

Count Four (4):             YES \_\_\_\_\_     NO _____

Count Five (5):             YES \_\_\_\_\_     NO _____

Count Six (6):               YES \_\_\_\_\_     NO _____

Count Seven (7):           YES \_\_\_\_\_     NO _____

Count Eight (8):           YES \_\_\_\_\_     NO _____

Count Nine (9):             YES \_\_\_\_\_     NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Armor computer tower, SN ST008M21STZA1MI000813** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                YES \_\_\_\_\_     NO _____

Count Two (2):               YES \_\_\_\_\_     NO _____

Count Three (3):           YES \_\_\_\_\_     NO _____

Count Four (4):             YES \_\_\_\_\_     NO _____

Count Five (5):             YES \_\_\_\_\_     NO _____

Count Six (6):               YES \_\_\_\_\_     NO _____

Count Seven (7):           YES \_\_\_\_\_     NO _____

Count Eight (8):           YES \_\_\_\_\_     NO _____

Count Nine (9):             YES \_\_\_\_\_     NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Computer**

12

**server tower, unknown manufacturer, no serial number** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____        NO _____

Count Two (2):                    YES _____        NO _____

Count Three (3):                  YES _____        NO _____

Count Four (4):                   YES _____        NO _____

Count Five (5):                   YES _____        NO _____

Count Six (6):                    YES _____        NO _____

Count Seven (7):                  YES _____        NO _____

Count Eight (8):                  YES _____        NO _____

Count Nine (9):                   YES _____        NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Android cell phone, serial number S411742019096** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____        NO _____

Count Two (2):                    YES _____        NO _____

Count Three (3):                  YES _____        NO _____

Count Four (4):                   YES _____        NO _____

Count Five (5):                   YES _____        NO _____

Count Six (6):                    YES _____        NO _____

Count Seven (7):                  YES _____        NO _____

Count Eight (8):                  YES _____        NO _____

Count Nine (9):                   YES _____        NO _____

13

We, the Jury, unanimously find by a preponderance of the evidence that the **7 USB storage drives** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):            YES _____    NO _____

Count Two (2):            YES _____    NO _____

Count Three (3):          YES _____    NO _____

Count Four (4):           YES _____    NO _____

Count Five (5):           YES _____    NO _____

Count Six (6):            YES _____    NO _____

Count Seven (7):          YES _____    NO _____

Count Eight (8):          YES _____    NO _____

Count Nine (9):           YES _____    NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **2 Compact flash drives** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):            YES _____    NO _____

Count Two (2):            YES _____    NO _____

Count Three (3):          YES _____    NO _____

Count Four (4):           YES _____    NO _____

Count Five (5):           YES _____    NO _____

Count Six (6):            YES _____    NO _____

Count Seven (7):          YES _____    NO _____

Count Eight (8):          YES _____    NO _____

Count Nine (9):           YES _____    NO _____

14

We, the Jury, unanimously find by a preponderance of the evidence that the **Box of VHS tapes** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                      YES _____      NO _____

Count Two (2):                      YES _____      NO _____

Count Three (3):                  YES _____      NO _____

Count Four (4):                     YES _____      NO _____

Count Five (5):                     YES _____      NO _____

Count Six (6):                       YES _____      NO _____

Count Seven (7):                YES _____      NO _____

Count Eight (8):                 YES _____      NO _____

Count Nine (9):                     YES _____      NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Two boxes of floppy disks** were property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                      YES _____      NO _____

Count Two (2):                      YES _____      NO _____

Count Three (3):                  YES _____      NO _____

Count Four (4):                     YES _____      NO _____

Count Five (5):                     YES _____      NO _____

Count Six (6):                       YES _____      NO _____

Count Seven (7):                YES _____      NO _____

Count Eight (8):                 YES _____      NO _____

Count Nine (9):                     YES _____      NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Box of compact disks** was property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____     NO _____

Count Two (2):                    YES _____     NO _____

Count Three (3):                  YES _____     NO _____

Count Four (4):                   YES _____     NO _____

Count Five (5):                   YES _____     NO _____

Count Six (6):                    YES _____     NO _____

Count Seven (7):                  YES _____     NO _____

Count Eight (8):                  YES _____     NO _____

Count Nine (9):                   YES _____     NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **Gray computer tower, unknown manufacturer, no serial number** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                    YES _____     NO _____

Count Two (2):                    YES _____     NO _____

Count Three (3):                  YES _____     NO _____

Count Four (4):                   YES _____     NO _____

Count Five (5):                   YES _____     NO _____

Count Six (6):                    YES _____     NO _____

Count Seven (7):                  YES _____     NO _____

Count Eight (8):                  YES _____     NO _____

Count Nine (9):                   YES _____     NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **98 boxes of suspected child erotica** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                                  YES _____        NO _____

Count Two (2):                                  YES _____        NO _____

Count Three (3):                                YES _____        NO _____

Count Four (4):                                 YES _____        NO _____

Count Five (5):                                 YES _____        NO _____

Count Six (6):                                  YES _____        NO _____

Count Seven (7):                                YES _____        NO _____

Count Eight (8):                                YES _____        NO _____

Count Nine (9):                                 YES _____        NO _____

We, the Jury, unanimously find by a preponderance of the evidence that the **www.mrdouble.com** was property constituting or traceable to gross profits or other proceeds and/or was used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                                  YES _____        NO _____

Count Two (2):                                  YES _____        NO _____

Count Three (3):                                YES _____        NO _____

Count Four (4):                                 YES _____        NO _____

Count Five (5):                                 YES _____        NO _____

Count Six (6):                                  YES _____        NO _____

Count Seven (7):                                YES _____        NO _____

Count Eight (8):                                YES _____        NO _____

Count Nine (9):                                 YES _____        NO _____

17

We, the Jury, unanimously find by a preponderance of the evidence that **Any and all other property and/or accessories involved in or used in the commission of the criminal offenses** was property constituting or traceable to gross profits or other proceeds and/or were used or intended to be used to commit or to promote the commission of the violations set forth in Counts One and/or through Nine of which the Defendant was found guilty.

Count One (1):                          YES _____     NO _____

Count Two (2):                          YES _____     NO _____

Count Three (3):                        YES _____     NO _____

Count Four (4):                         YES _____     NO _____

Count Five (5):                         YES _____     NO _____

Count Six (6):                          YES _____     NO _____

Count Seven (7):                        YES _____     NO _____

Count Eight (8):                        YES _____     NO _____

Count Nine (9):                         YES _____     NO _____

SUBMITTED BY:

_____          _____
FOREPERSON                               DATE

18

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2021, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit a copy such filing to the following CM/ECF participants:

**Lane Andrew Haygood**
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

**Mark William Bennett**
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*Attorneys for Defendant THOMAS ALAN ARTHUR*

/s/ _____
FIDEL ESPARZA III
Assistant United States Attorney
Asset Forfeiture Section
(210) 384-7040

19