United States District Court
Western District of Texas
Pecos Division

| United States | |
|---|---|
| v. | No. P-19-CR-774-DC |
| Thomas Arthur | |

Memorandum in Support of
Defendant's Motion in Limine

### Evidence Duplicative of Conclusively Proven Facts.

> When one party stipulates to a disputed fact, the stipulation conclusively proves that fact.

*United States v. Caldwell*, 586 F.3d 338, 342 (5th Cir. 2009) (cleaned up).

In the interest of this Court's and the jury's time, Mr. Arthur offered to, and has, stipulated to his possession of the works, his knowledge of the content of those works, and business role in distributing the works in interstate commerce.

The only issues remaining in the culpability phase (as opposed to the forfeiture phase) of the trial are what the actual content of those works is (which the jury can determine from viewing the works), and whether the works satisfy *Miller*'s test for obscenity (which the jury can determine from viewing the works and hearing expert testimony as to scientific, literary, and artistic value).

Rule 403 sets the limit on how much evidence the Government may introduce to prove already-stipulated facts. "Any additional evidence offered to prove [a stipulated] fact, while still relevant, could potentially violate Rule 403." *Id*.

All evidence that simply proves once again what the stipulation conclusively proves carries a danger of every one of Rule 403's parade of horribles: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

By way of example, the Government has evinced a desire to offer into evidence the testimony of Sandra Arthur, Mr. Arthur's wife. Ms. Arthur cannot speak to the issues in this case; her testimony would be needlessly cumulative, wasting time and causing unfair prejudice by showing the jury that Mr. Arthur's wife has turned against him.

Likewise, the Government has offered a summary of the money that Mr. Arthur made from the mrdouble.com website. This evidence has a weighty danger of confusing the issues and misleading the jury—the amount of money that Mr. Arthur made is not an element of the Government's case except in the forfeiture trial—and inflaming the jury against Mr. Arthur.

These are but two examples, but of the Government's evidence list, it appears that only exhibits 5A, 6A, 7A, 8A, 9A, 10A, and 11A are relevant to the issues in this trial. It appears that none of the Government's witnesses can testify to the issues in this trial.

While evidence of a fact already conclusively established is by definition *cumulative*, it may be that some such cumulation is not needless—the jury might, for example, need to hear from the case agent how, generally, the investigation was conducted to put the parties where they are today. Depending on the specific topic and brevity, the probative value of evidence of facts offered only to prove facts already conclusively proven may not be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

We currently have no way of knowing how much time the Government intends to spend presenting such cumulative evidence.

If the Court instructs the Government to provide the Court before trial with a summary of the witnesses and evidence that it intends to offer to prove things that have already been conclusively proven by stipulation, it will allow Mr. Arthur to make, and the Court to rule on, Rule 403 objections without wasting the jury's time.

## A<small>RGUMENT OR EVIDENCE THAT THE WORKS IN QUESTION, OR SIMILAR WORKS, MIGHT CAUSE ABUSE AGAINST CHILDREN IS IMPROPER.</small>

In 1973, the United States Supreme Court set forth the test for whether an expressive work constitutes obscenity. *See Miller v. California*, 413

U.S. 15 (1973). Under that test, material retains First Amendment protection and is not obscene unless: 1) the average person applying contemporary community standards would find that the work taken as a whole appeals to the prurient interest; 2) applying contemporary community standards, the work depicts or describes in a patently offensive way sexual conduct as defined by state law; and 3) a reasonable person would find that the work taken as a whole lacks serious literary, artistic, scientific, or political value. *Id.* at 24. None of these factors specifically reference the treatment of children and none focus on the prospective actions a consumer might take after viewing allegedly obscene material.

The works in this case are not child pornography—no children were even allegedly abused to create the works—but the rationale for prohibiting child pornography is instructive:

> First, as a permanent record of a child's abuse, the continued circulation itself would harm the child who had participated. Like a defamatory statement, each new publication of the speech would cause new injury to the child's reputation and emotional well-being. Second, because the traffic in child pornography was an economic motive for its production, the State had an interest in closing the distribution network.

7

*Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 249 (2002). Thus "*Ferber*'s judgment about child pornography was based upon how it was made, not on what it communicated." *Id.* at 250–51.

Just as the rationale for forbidding child pornography is not that consumers might commit bad acts as a result of viewing the works, the rationale for forbidding obscenity is not that people reading obscene writings or viewing obscene images will imitate what they read.

Any evidence or opinion that consuming works such as those at issue here leads people to act out in the real world is not relevant to the jury's determination of what the content of the images are, and whether the works are sexual, are offensive, or lack significant value. Further, such evidence carries a weighty danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

Accordingly, such evidence would be inadmissible under Rules 402 and 403.

Moreover, the Government has provided no summary of proposed opinion testimony that includes such an opinion, and so has not complied with its obligation under Federal Rule of Criminal Procedure 16 with respect to such expert testimony.

Assuming that such evidence is not admitted, an argument that child obscenity somehow contributes to child abuse will itself be outside the record.

### Opinion evidence that the works in question satisfy any element of the *Miller* test for obscenity will be inadmissible.

The first two prongs of the Miller test are matters of community standards, and the jury, as representatives of the jury, would not be aided by interlocutors telling them what the community's standards are. The works speak for themselves.

The third prong of the Miller test is a subjective one—*can the Government prove that no reasonable person would find that the works lack significant artistic, scientific, or literary value?*—and the Government has given no notice of any intention to offer any evidence of the works satisfying the *Miller* test.

Because the Government has given no such notice under Rule 16, such evidence is not admissible in the Government's case in chief.

### Evidence of any other crime, wrong, or act is not admissible.

Rule 404(b)(3) requires that the Government provide reasonable written pretrial notice of its intention to offer evidence of other acts at trial. The Government has not given the notice required by Rule 404(b).

9

Even if the Government had done so, no other acts of Mr. Arthur would be admissible, as Mr. Arthur has stipulated that he distributed the works knowing their nature. Proof of other acts would not be permitted under Rule 404(b)(2), and their probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence.

### The predicate for piercing spousal privilege is not yet satisfied.

The Government asserts that Mrs. Arthur will waive her own spousal privilege. Before the Government is permitted to offer Mrs. Arthur's cumulative and unduly prejudicial testimony, this Court should determine whether Mrs. Arthur has waived her own privilege, and whether the Government can pierce Mr. Arthur's own privilege not to have his spouse testify about communications during the marriage.

### Conclusion

To ensure a fair trial for Mr. Arthur, and to preserve the Jury's valuable time and attention, please order the Government to summarize, before trial, the evidence that it intends to offer that is duplicative of the facts conclusively proven by the parties' *Stipulation*; and to approach the bench and obtain, outside the presence of the jury, a ruling on the

admissibility of the following evidence or argument before offering such evidence or making such argument before the jury:

1. **Argument or evidence that the works in question, or similar works, might cause abuse against children;**
2. Opinion evidence that the works in question satisfy any element of the Miller test for obscenity, that is:
    a. that the work appeals predominantly to prurient interest;
    b. that the work depicts or describes sexual conduct in a patently offensive way; or
    c. that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value;
3. Evidence of any other crime, wrong, or act; and
4. Any testimony by Mr. Arthur's wife, Sandra Arthur.

Respectfully Submitted,

**Mark Bennett**
Attorney in Charge
TBN 00792970
**Bennett & Bennett**
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

**Lane A. Haygood**
Texas State Bar Number: 24066670
**Haygood Law Firm**
522 N. Grant Ave.
Odessa, Texas 79761
Telephone:  432. 337.8514
Fax:  .432.225.1062
lane@haygoodlawfirm.com

Attorneys for the Defendant,
Thomas Alan Arthur

## CERTIFICATE OF SERVICE

A copy of this document will be delivered to the attorneys for the Government by the efile system when it is filed with this Court.

_____
Mark Bennett