UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 4:19-CR-774 |
| | ) | |
| v. | ) | **(Judge Counts)** |
| | ) | |
| **THOMAS ALAN ARTHUR** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

COMES NOW, the United States of America, by and through the United States Attorney for the Western District of Texas, and through the undersigned Trial Attorney and Assistant United States Attorneys, and hereby submits these Proposed Jury Instructions.

On page 12 of the Court's proposed Instructions, the definition of "visual depiction" appears to come from 18 U.S.C. § 2256(5):

> [U]ndeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

*See* 18 U.S.C. § 2256(5). The Fifth Circuit does not have a pattern instruction for 18 U.S.C. § 1466A, so the Fifth Circuit's pattern instruction on "visual depiction" does not include the additional language in the statute of § 1466A. Specifically, § 1466A(f)(1) provides a more robust definition of "visual depiction" that expands upon the definition of § 2256(5):

> The term "visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

18 U.S.C. § 1466A(f)(1). Indeed, the Seventh Circuit Pattern Instructions, which address § 1466A prosecutions, include the definition as found in § 1466A(f)(1). *See page 607* of 7th Cir. Pattern Inst. Thus, the United States proposes using the statutory definition of "visual depiction" as found in 18 U.S.C. § 1466A(f)(1).

Also on page 12 (and pages 19 and 20) of the Court's instructions, the fourth element of Count One (and Counts Eight and Nine) includes only one of the two jurisdictional bases charged in the Second Superseding Indictment. Specifically, the Court's instruction omits that the jury could find this element if it concludes that the visual depiction "had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer." In other words, the United States need not prove that the computer that produced the visual depiction as manufactured outside the State of Texas, but instead need only prove that the visual depiction actually traveled in interstate or foreign commerce, including by computer. Accordingly, the United States requests that the Court add the second jurisdictional prong as an alternative basis for the jury on element four of Count One, Eight, and Nine. The United States proposes the following language for the fourth element:

> That any visual depiction involved in the offense had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

This would provide the jury with a correct statement of the law based upon the charges in the Second Superseding Indictment.

Additionally, on page 18 of the Court's instructions, the conjunctive "and" is used in each element, such as "stories *and* drawings." The United States submits that the disjunctive "or" should be used instead so that each element states "stories *or* drawings" to

make clear to the jury that, for example, if it concludes that the drawings are not obscene, but the stories are, then the jury can still find Defendant guilty of engaging in a business of selling or transferring obscene material. There is no requirement that the United States prove that *all* of the charged drawings and writings are obscene before the jury can conclude that Defendant was engaged in the business of transferring obscene material. Indeed, the jury could find that none of the charged drawings and writings are obscene, but some other writings from the Mr. Double site were obscene and thus find that Defendant still engaged in a business of transferring obscene material. Therefore, the United States respectfully requests that the disjunctive "or" be utilized for purposes of the jury instructions. *See United States v. Ortega*, 706 F. App'x 166, 168 (5th Cir. 2017) ("It is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively." (quoting *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980)).

Respectfully submitted,

GREGG N. SOFER
United States Attorney


/s/
AUSTIN M. BERRY
Trial Attorney
Department of Justice
Child Exploitation & Obscenity Section
1301 New York Avenue, NW
11th Floor
Washington, DC 20005
Austin.Berry2@usdoj.gov

/s/
MONICA MORRISON
Assistant United States Attorney
Idaho Bar No. 7346
110 9th Ave. South, Suite A961
Nashville, Tennessee 37203
(615) 736-5151(phone)
Monica.morrison@usdoj.gov

/s/
FIDEL ESPARZA III
Assistant United States Attorney
State Bar No. 24073776
601 NW Loop 410, Ste. 600
San Antonio, Texas 78216
(210) 384-7026
(210) 384-7045
Fidel.esparza@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such to the following CM/ECF participants:

Lane Andrew Haygood
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

Mark William Bennett
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*(Attorneys for Thomas Alan Arthur)*

/s/
AUSTIN M. BERRY
Trial Attorney

                                                                                                                                            /s/_____
MONICA MORRISON
Assistant United States Attorney


                                                                                                                                            /s/_____
FIDEL ESPARZA III
Assistant United States Attorney