UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | CRIMINAL NO. 4:19-CR-774-DC |
| § | |
| THOMAS ARTHUR, § | |
| § | |
| Defendant. § | |

## UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENDANT'S USE OF ALLEGED COMPARABLE MATERIAL

TO THE HONORABLE JUDGE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:

COMES NOW, the United States of America, by and through the United States Attorney for the Western District of Texas, and through the undersigned Trial Attorney and Assistant United States Attorneys, and hereby submits this Motion in Limine. The United States understands that motions in limine were due on January 12, 2021, but submits this motion now because Defendant first notified the United States about his intent to utilize alleged comparable materials on the afternoon of January 12, 2021. The United States had previously asked for reciprocal discovery, but was never provided with any indication that Defendant intended to offer any kind of exhibit until January 12, 2021 when Defendant's counsel provided the United States with "demonstrative" exhibits in the form of eight redacted images and two excerpts from separate books. Accordingly, the United States respectfully requests that this Court consider this motion as timely because the United States did not have sufficient information in advance of the motions deadline to prepare this motion in response to Defendant's late-noticed intent to use this evidence.

## ARGUMENT

Defendant's demonstrative visual exhibits consist of heavily redacted images, some of

which appear to be hand-drawn, and others appear to be computer generated. They are all redacted in some way, suggesting that there is something sexually explicit about what appears beneath the redaction, but due to the redactions, it is not possible to tell exactly what is occurring. Indeed, the redactions speak volumes about the defense's concern regarding how such images might very well be deemed obscene in the relevant community and by a reasonable person.

Defendant's two demonstrative textual exhibits consist of (1) a 7-page excerpt from Anais Nin's *Delta of Venus*, a collection of 15 short stories written in the 1940s and published posthumously in the 1970s; and (2) a 28-page excerpt from the Marquis de Sade's *120 Days of Sodom*, a 400-page manuscript of a novel written in 1785.

None of the materials thus far provided by the defense are comparable to the three drawings charged in Counts 1, 8, and 9, or the five writings charged in Counts 2 through 6. For example, "image0.jpg" and "image4.jpg" very obviously depict adults, and thus are not comparable to the charged images. Likewise, "image2.jpg" and "image3.jpg" appear to be "Disney porn" images, but of adult characters, such as Rapunzel who is 18-years-old in the Disney film entitled "Tangled." Additionally, "image1.jpg" appears to depict an unknown being with 7 eyes, and thus is not sufficiently comparable to the drawings of humans that are charged in the Second Superseding Indictment. "Image5.jpg" depicts two black-and-white drawings of what appears to be an orgy; it is impossible to tell due to the heavy redactions, but it appears to involve adults. Similarly, "image6.jpg" and "image7.jpg" are black-and-white line drawings that are too redacted to analyze in detail, but appear to involve adults as well.

As for the "comparable" writings, introducing a mere 28 pages out of more than 400 pages of *120 Days of Sodom* does not compare to the entirety of the writings charged in Counts

2-6. As this Court will instruct the jury, the law requires the jury to consider the writing "as a whole and not part by part, and when considered in relation to the intended and probable recipients." Thus, it would not be appropriate to ignore 93% of a book to show that 7% of that book is arguably similar to the entirety of one of the charged writings. Moreover, such dramatic excerpting would not be comparable to show that the excerpt necessarily means that the charged writing is accepted in the community or that it has the same literary value as the comparable book.

The United States requests that prior to such materials (or any others) and any testimony related thereto being introduced, that the Court make a pretrial determination whether the materials satisfy the threshold for admissibility as announced in *United States v. Womack*, 294 F.2d 204 (D.C. Cir. 1961), *cert. denied*, 365 U.S. 859. In *Womack*, a two-pronged foundation was established for the admission of alleged comparable materials and described as follows:

> The predicate for a conclusion that a disputed piece of mailed matter is acceptable under contemporary community standards, as shown by proffered other matter already in unquestioned circulation, must be that the two types of matter are similar. And as another part of his foundation he must show a reasonable degree of community acceptance of works like his own.

*Womack*, 294 F.2d at 206. This foundation for the admission of comparables has been adopted by numerous state and federal courts, and the United States is unable to find a court that has not adopted this test. Accordingly, when the *Womack* test is not met, alleged comparable materials and testimony concerning such items have often been properly excluded by the courts. *See United States v. Petrov*, 747 F.2d 824, 831-32 (2d Cir. 1984), *cert. denied*, 471 U.S. 1025 (1985); *United States v. Thevis*, 490 F.2d 76 (5th Cir. 1974); *United States v. Battista*, 646 F.2d 237 (6th Cir. 1981), *cert. denied*, 454 U.S. 1046 (1981); *United States v. Various Articles of*

*Merchandise*, 750 F.2d 596, 599-600 (7th Cir. 1984); and *United States v. Pinkus*, 579 F.2d 1174, 1175 (9th Cir. 1978), *cert. denied*, 439 U.S. 999 (1978).

In terms of similarity to the charged materials, the items sought to be used by the defense can be described, at best, as being sexually oriented. That is a far cry from what is required for alleged comparable material to meet the first prong of the *Womack* test, which is that the claimed comparable material must be *sufficiently similar* to the charged materials. *See, e.g., United States v. Womack,* 509 F.2d 368, 378 ("[T]rial judge was well within his wide discretion in excluding these exhibits on grounds of insufficient similarity…the trial judge did not abuse his discretion in excluding all the proffered comparison evidence. Most of the evidence sought to be introduced was simply unsusceptible of a convincing showing of similarity to the defendants' works. In this connection it is important to realize that 'slight' variations in format may well produce vastly different consequences in obscenity determinations."). It appears that the defense is seeking to confuse the issues and mislead the jury by suggesting that since these other sexually oriented materials are available somewhere, then the charged materials (since they are also sexually oriented) should be determined by the jury to be accepted by the community of the Pecos Division of the Western District of Texas and thus held to be not obscene. The *Womack* test is employed by the courts specifically to prevent a party from misleading and confusing a jury as to the applicable standards and the law.

The United States maintains that even if the defense were able to present items that meet the first prong of the *Womack* test (sufficient similarity to the charged material), the defense has not met the second prong, namely, a showing of a reasonable degree of community acceptance of the material. As the Supreme Court has stated "[m]ere *availability* of similar material by itself means nothing more than that other persons are engaged in similar activities." *Hamling v. United*

*States*, 418 U.S. at 126 (quoting *United States v. Manarite*, 448 F.2d 583, 593 (2d Cir. 1971) (emphasis added).  Indeed, the redacted images submitted by Defendant's counsel might very well be the subject of a future prosecution.

There has been no showing by the defense that that the materials that it seeks to use are from within the Pecos Division of the Western District of Texas, and even the mere presence or availability of an image or writing somewhere within the Pecos Division would not mean that the image or writing is *accepted* by the community of the Pecos Division.  A reasonable degree of acceptance of those materials by the community of persons who make up the Pecos Division would have to be established (and those materials would have to be sufficiently similar to the charged materials as well) to satisfy the *Womack* test.

Indeed, Defendant has provided zero explanation as to how his demonstrative exhibits show anything other than additional obscene images. It is the equivalent of the defense introducing additional cocaine in a cocaine trial to show that because the defense found other cocaine in the community, it must mean that the cocaine introduced by the United States is not illegal. Similarly, it is the equivalent of introducing uncharged child pornography found somewhere else on the internet to prove that charged images must not be child pornography, otherwise it would not be so easily accessible on the internet.

In other words, just because a particular image or writing can be found somewhere on the internet or in a store in San Francisco does not mean that a reasonable person would find such material to have serious literary, artistic, or scientific value. Similarly, the mere existence of other images or writings does not make it more or less probable that the Pecos Division community would find the charged material to be patently offensive, or appealing to a morbid, degrading, and unhealthy interest in sex.

        Respectfully submitted,

        GREGG N. SOFER
        United States Attorney


        /s/
        AUSTIN M. BERRY
        Trial Attorney
        Child Exploitation & Obscenity Section
        Department of Justice
        1301 New York Avenue, NW
        11th Floor
        Washington, DC 20005
        Austin.Berry2@usdoj.gov


        /s/
        MONICA MORRISON
        Assistant United States Attorney
        Idaho Bar No. 7346_
        110 9th Ave. South, Suite A961
        Nashville, Tennessee 37203
        (615) 736-5151(phone)
        Monica.morrison@usdoj.gov


        /s/
        FIDEL ESPARZA III
        Assistant United States Attorney
        State Bar No. 24073776
        601 NW Loop 410, Ste. 600
        San Antonio, Texas 78216
        (210) 384-7026
        (210) 384-7045
        Fidel.esparza@usdoj.gov

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 14th day of January, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such to the following CM/ECF participants:

Lane Andrew Haygood
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

Mark William Bennett
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*(Attorneys for Thomas Alan Arthur)*

           /s/
   AUSTIN M. BERRY
   Trial Attorney

           /s/
   MONICA MORRISON
   Assistant United States Attorney

           /s/
   FIDEL ESPARZA III
   Assistant United States Attorney