United States District Court
Western District of Texas
Pecos Division

| | |
|---|---|
| United States<br>v.<br>Thomas Arthur | No. P-19-CR-774-DC |

Defendant's Motion
In Limine
To Dismiss Count Seven
or
For Bill of Particulars

Judge Counts:

Please either

a) dismiss Count Seven of the *Second Superseding Indictment*,
b) order the Government to file a *Bill of Particulars* describing what stories or images on the Mr. Double site, other than those described in Counts One through Six, Eight and Nine, it contends are obscene; or
c) order the Government not to argue or imply to the jury that the jury may convict Mr. Arthur of Count Seven based on a story or image not specifically described in Counts One through Six, Eight, and Nine.

**ARGUMENT**

In its *Proposed Jury Instructions*, the Government notes:

> the jury could find that none of the charged drawings and writings are obscene, but some other writings from the Mr. Double site were obscene and thus find that Defendant still engaged in a business of transferring obscene material.

This is the first indication that the Government has given that it might attempt to convict Mr. Arthur based on works that it has not specifically given notice of. If the Government is permitted to argue this to the jury

at trial in this case it raises a problem of due process, notice, a grand-jury-indictment problem, and a trial management issue.

## Allowing this argument violates Mr. Arthur's rights to notice and to prepare a defense.

First, the problem of notice: Mr. Arthur's defense is based on the works described in Counts One through Six, Eight, and Nine potentially having serious value. Mr. Arthur believes that the Government has chosen the worst of the worst from the site to represent the site. He is prepared to address those works.[1]

An indictment must be sufficient to allow a defendant to prepare a defense. Without notice of which stories from the Mr. Double site—other than those specified in the other counts—the Government contends are obscene, Mr. Arthur is unable to prepare a defense to Count Seven.

This lack of notice of the specific works that the Government contends are obscene would be a violation of the Due Process Clause

---

[1] If Mr. Arthur's counsel erred in not preparing to address each and every story and image on the Mr. Double site, that error was not for strategic reasons, but was ineffective assistance of counsel.

and Mr. Arthur's Sixth Amendment right to prepare and present a defense.

### Allowing this argument permits conviction on a theory not considered by the grand jury.

Second, the grand-jury indictment issue. Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

If the other counts of the *Second Superseding Indictment* are not a full accounting of the works that the Government contends are obscene, then Count Seven is not such a statement of the essential facts.

We know that the Grand Jury considered the works described in Counts One through Six, Eight, and Nine in handing down the *Second Superseding Indictment*. Beyond this, we have no information that the Grand Jury considered other works on the Mr. Double site in finding probable cause to believe that the site contained obscene matter, and if the Grand Jury did consider other works, we have no way of knowing what "obscene matter" the Grand Jury meant in Count Seven.

The Second Superseding Indictment does not show that the Grand Jury indicted Mr. Arthur for distributing works other than those

described in Counts One through Six, Eight, and Nine. To allow the Government to argue otherwise would violate Mr. Arthur's Fifth Amendment right to be tried only on a grand-jury indictment. Each challenged work must stand on its own to be considered as obscene or non-obscene; there is no law for a corpus of work, taken together, to be deemed obscene. *Hamling v. United States*, 418 U.S. 87, 100-01 (1974) ("If consistency of jury verdicts as to the obscenity vel non of identical materials is not constitutionally required, *Miller v. California*, supra, the same is true a fortiori of verdicts as to separate materials, regardless of their similarities). To allow the government to allege as a whole the entirety of the thousands of stories on the Mr. Double website and claim that somewhere within them hide the seeds of obscenity that bear fruit only as a gestalt would deprive Mr. Arthur of his constitutional right to be fairly apprised of the charges against him and to answer those charges, requiring the Government to specifically prove which of his actions have run afoul of the United States Code.

### Allowing this argument will extend trial indefinitely.

Third, the trial management issue: if Mr. Arthur knows that the Government may argue, even in closing argument, that the Jury may find that Defendant engaged in a business of transferring obscene

material even if it finds none of the specifically described works obscene, then the Defendant will have to review every story in the website during trial,[2] and prepare to argue in closing argument why every unspecified story is not obscene.

This could take weeks. We will have to have a jury that is willing to sit in court for weeks reviewing alleged obscenity.

## Prayer

To avoid the Sixth Amendment violation, the grand-jury indictment problem, and an unwieldly and lengthy trial:

Please dismiss Count Seven of the Second Superseding Indictment.

Alternatively, please order the Government to provide a Bill of Particulars listing what other works—aside from those described in Counts One through Six, Eight and Nine—it contends are obscene.

Alternatively, please order the Government not to argue or imply to the jury that it may convict Mr. Arthur of Count Seven based on a story or image not specifically described in Counts One through Six, Eight, and Nine.

---

[2] The Government has made a mockup of the website available for counsel to review only in the last month. Counsel and Mr. Arthur would have to access this mockup, and review each of the thousands of works contained there.

Respectfully Submitted,

*[signature]*

**Mark Bennett**
Attorney in Charge
TBN 00792970
**Bennett & Bennett**
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

**Lane A. Haygood**
Texas State Bar Number: 24066670
**Haygood Law Firm**
522 N. Grant Ave.
Odessa, Texas 79761
Telephone:  432. 337.8514
Fax:  .432.225.1062
lane@haygoodlawfirm.com

Attorneys for the Defendant,
Thomas Alan Arthur

## Certificate of Service

A copy of this document will be delivered to the attorneys for the Government by the efile system when it is filed with this Court.

_____
Mark Bennett