United States District Court
Western District of Texas
Pecos Division

United States
v.
Thomas Arthur

No. P-19-CR-774-DC

Defendant's Response in Opposition
To Government's Motion in Limine
Regarding Comparable Material

Judge Counts:

The proposed comparable material is not "heavily redacted images." Counsel provided heavily redacted copies to the Government not to spare the Government's feelings but because the Government has demonstrated that its view of what is obscene is much broader than Counsel believes is warranted. Unredacted copies will be available in court before trial.

The material is comparable to the charged works in that it is in similar styles or regarding similar subject matter.

The Government cites the case of *United States v. Womack*, 294 F.2d 204 (D.C. Cir. 1961), for the test for the admissibility of about comparables used to challenge *community standards*. Community standards relate to the first two prongs of the *Miller* test, and not the objective *lack of serious value* element at issue here.

The key to understanding this case is that the question of prurient interest is separate from the question of offensiveness is separate from the question of value is separate from the subject matter of the works.

A work that depicts sexual conduct by or exploitation of children, that appeals to the prurient interest, and that is patently offensive does not, by virtue of those facts alone, lack serious artistic, literary, or scientific value. Congress and the United States Supreme Court have together expressed this by making obscenity a separate element from subject matter—*see, e.g.* 18 U.S.C.A. § 1466(a)(1)(A), (B)—and by requiring that each of *Miller*'s three obscenity questions prongs be a separate "guideline[] for the trier of fact." *Miller v. California*, 413 U.S. 15, 24 (1973).

The "community standards" *Miller* question, by its very nature, investigates the nature of what the community tolerates. *See Smith v. California*, 361 U.S. 147, 171 (1959) (Harlan, J., concurring). If other, similar works exist, free of prosecution, and have been found to have serious artistic, literary, scientific, or political value, then the jury deserves to know that to compare them against the claimed-as-obscene materials presented by the government. *Id*. Thus, the comparable items do not go to whether the indicted stories and drawings are patently offensive or appeal to prurient interests; they go to allow the jury to establish whether or not they possess value **in spite of** their offensive nature or appeal to prurient interests.

A jury may well decide that the subject matter or the style of the comparables distinguishes them from the charged works. This is, however, a question for the jury, which should see some examples of the artistic and literary values of the charged works expressed in other works. How closely the comparables compare to the charged works goes to their weight, not their admissibility.

Respectfully Submitted,

**Mark Bennett**
Attorney in Charge
TBN 00792970
**Bennett & Bennett**
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713.224.1747
mb@ivi3.com

**Lane A. Haygood**
Texas State Bar Number: 24066670
**Haygood Law Firm**
522 N. Grant Ave.
Odessa, Texas 79761
Telephone:  432. 337.8514
Fax:  432.225.1062
lane@haygoodlawfirm.com

Attorneys for the Defendant,
Thomas Alan Arthur

## CERTIFICATE OF SERVICE

A copy of this document will be delivered to the attorneys for the Government by the efile system when it is filed with this Court.

_____
Mark Bennett