UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | NO. 4:19-CR-774 |
| | ) | |
| v. | ) | **(Judge Counts)** |
| | ) | |
| **THOMAS ALAN ARTHUR** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' PROPOSED JURY INSTRUCTION**

COMES NOW, the United States of America, by and through the United States Attorney for the Western District of Texas, and through the undersigned Trial Attorney and Assistant United States Attorneys, and hereby submits this Proposed Jury Instruction.

In Court's proposed Instructions for Count Seven, there is not a definition of the phrase "engaged in the business." Section 1466 of Title 18 provides the following definition:

> As used in this section, the term "engaged in the business" means that the person who produces, sells or transfers or offers to sell or transfer obscene matter devotes time, attention, or labor to such activities, as a regular course of trade or business, with the objective of earning a profit, although it is not necessary that the person make a profit or that the production, selling or transferring or offering to sell or transfer such material be the person's sole or principal business or source of income.

18 U.S.C. § 1466(b).

The Fifth Circuit does not have a pattern instruction for 18 U.S.C. § 1466. However, the Seventh Circuit Pattern Instructions, which address § 1466 prosecutions, include the definition of "engaged in the business":

> A person who produces, sells or transfers or offers to sell or transfer obscene matter is "engaged in the business" of doing so, if he devotes time, attention or labor to such

activities, as a regular course of trade or business, with the objective of earing a profit. It is not necessary that the person make a profit or that the production, selling or transferring or offering to sell or transfer such material be the person's sole or principal business or source of income.

*See page 609* of 7th Cir. Pattern Inst. Thus, the United States proposes using the statutory definition of "engaged in the business" as found in 18 U.S.C. § 1466(b). The United States is not requesting the "rebuttable presumption" language from § 1466(b).

Respectfully submitted,

GREGG N. SOFER
United States Attorney


/s/_____
AUSTIN M. BERRY
Trial Attorney
Department of Justice
Child Exploitation & Obscenity Section
1301 New York Avenue, NW
11th Floor
Washington, DC 20005
Austin.Berry2@usdoj.gov


/s/_____
MONICA MORRISON
Assistant United States Attorney
Idaho Bar No. 7346
110 9th Ave. South, Suite A961
Nashville, Tennessee 37203
(615) 736-5151(phone)
Monica.morrison@usdoj.gov

/s/
FIDEL ESPARZA III
Assistant United States Attorney
State Bar No. 24073776
601 NW Loop 410, Ste. 600
San Antonio, Texas 78216
(210) 384-7026
(210) 384-7045
Fidel.esparza@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such to the following CM/ECF participants:

Lane Andrew Haygood
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

Mark William Bennett
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*(Attorneys for Thomas Alan Arthur)*

/s/
AUSTIN M. BERRY
Trial Attorney

/s/
MONICA MORRISON
Assistant United States Attorney

/s/
FIDEL ESPARZA III
Assistant United States Attorney