**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | CRIMINAL NO. 4:19-CR-774-DC |
| § | |
| THOMAS ARTHUR, § | |
| § | |
| Defendant. § | |

## UNITED STATES' MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, BILL OF PARTICULARS

TO THE HONORABLE JUDGE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:

COMES NOW, the United States of America, by and through the United States Attorney for the Western District of Texas, and through the undersigned Trial Attorney and Assistant United States Attorneys, and hereby submits this Motion for Reconsideration of this Court's text Order of January 15, 2021 granting in part Defendant's Motion in Limine (Doc. No. 86) requesting a bill of particulars. In the alternative, the United States submits a bill of particulars as ordered by this Court.

## ARGUMENT

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Bernal v. Davis*, No. MO:18-CV-00074-DC, 2018 WL 9815615, at *2 (W.D. Tex. Dec. 11, 2018) (Counts, J.) (internal citations omitted). "Moreover, motions for reconsideration "should not be used to raise arguments that could, and should, have been made before the entry of judgment ... [or] to re-urge matters that have already been advanced by a party." *Id*. "[L]itigants are expected to present their strongest case when the matter is first considered. A motion to reconsider based on recycled arguments only

serves to waste the resources of the court." *Id.*

On January 14, 2021 at 8:25 PM CST, Defendant filed a Motion in Limine requesting a bill of particulars regarding Count Seven of the Second Superseding Indictment. (Doc. No. 86). On January 15, 2021 at 2:14 PM CST, this Court entered a text Order granting Defendant's request for a bill of particulars, and ordering the United States to file such "no later than Sunday, January 17, 2021." The United States did not have an opportunity to respond to Defendant's request for a bill of particulars before this Court ruled. The United States submits that if this Court had the complete information, this Court would have denied Defendant's request for a bill of particulars altogether. Consequently, the United States submits this Motion for Reconsideration, which incorporates the arguments the United States would have advanced had it been given an opportunity to be heard on the issue prior to the Court's text order.

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). A defendant has no right to a bill of particulars, but Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the court to "direct the filing of a bill of particulars," the purpose of which is "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir.1986). A defendant is not entitled to "the 'when, where, and how' of every act." *See United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1978). "A court must consider a defendant's need for information while mindful that the bill of particulars 'is not designed to compel the government to detailed exposition of its evidence or to explain the legal

theories upon which it intends to rely at trial.'" *United States v. Martinez*, No. EP-15-CR-182-KC, 2015 WL 13665974, at *1 (W.D. Tex. May 12, 2015) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)).

The information in the Second Superseding Indictment, together with the discovery materials (which were produced pursuant to the Department of Justice's current discovery policy favoring over-inclusiveness) more than adequately informed the defendant about the pending charges and enabled him to prepare for trial. *See United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987) (including pre-trial discovery in its reasoning to uphold the trial court's decision to deny a motion for a bill of particulars). Indeed, the United States has provided robust discovery in the form of hundreds of pages of FBI reports and exhibits. Below is a screenshot of the discovery folder on undersigned counsel's computer showing most, but not all, of the various disclosure dates:

- 2020-10-14 - Reports and taint review
- 2020-10-19 - Taint review
- 2020-10-23 - ALBQ reports and CVs
- 2020-12-15 - Sandra Arthur docs & Wolfe CV
- 2020-12-31 - Streiff & Pilon DelRex
- 2021-01-07 - Durham DelRex
- 2021-01-09 - Summary chart financial docs
- 2021-01-13 - MLAT DelRex
- 20200121-0929_Part_1_of_1_JWEWAN
- February 2020 disclosure
- May 2020 disclosure

Furthermore, the United States has made all of the electronic devices seized from Defendant available for review. If defense wanted to conduct its own forensic examination, those devices were available for a computer forensic expert in El Paso. To make things easier on defense counsel, the derivative evidence from the devices were made available on discs in both Alpine and

Midland, depending on defense counsel's (or Defendant's expert's) preference. Below is an informal list of the review dates:

1. March 16, 2020 – FBI Special Agent Jeremy Ewan met with Mr. Haygood, who reviewed the stories and drawing from the first indictment.

2. May 14, 2020 – SA Ewan met with defense expert Dr. Elizabeth Richmond-Garza at the Midland RA. SA Ewan planned to stay there for three days so she could review stories. She stayed for three hours, did not review all of the materials available to her and said that she did not need to see any more.

3. May 22, 2020 – SA Ewan met with defense expert Professor Carol Fairlie at the Alpine RA. She reviewed the drawings from the indictment.

4. August 28, 2020 – SA Ewan met with Dr. David Ley at the Alpine RA. He reviewed the five stories from the superseding indictment, two stories written by Arthur, and the three charged drawings.

5. January 6, 2021 – FBI Special Agent Alice Downie met with Mr. Haygood, at which time he reviewed the virtual Mr. Double website (Exhibit 24 in the United States filed exhibit list). He was given the opportunity to review all the disks containing electronic evidence, but he declined.

Additionally, the United States consistently informed defense counsel that the FBI would make any of the evidence available for their review.

To the extent the defense desires more, "generalized discovery is not a proper purpose in seeking a bill of particulars." *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). Rather, "[t]he function of such a bill is to inform the defendant of the charge against him with enough precision that he can prepare his defense, and to avoid or at least minimize surprise at trial." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977). "The purpose is not to provide detailed disclosure before trial of the Government's evidence." *Id.* A bill of particulars is not an investigative vehicle for the defense and is not available as a tool "to obtain detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982); *United States v. Colson*, 662

F.2d 1389 (11th Cir. 1981).

Defendant's motion is predicated not on any legitimate fear of confusion or double jeopardy concerns, but instead on a desire to have the Court compel the United States to disclose its theory of prosecution and the evidence upon which it intends to rely at trial.  A bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (citations omitted). Indeed, a bill of particulars at this stage, mere days before the trial is scheduled to commence, would not satisfy the defense's purported concern about being adequately prepared for trial. No matter what additional stories the United States identifies at this stage, the defense will claim surprise and lack of notice, even though those stories have always been available for the defense to review.

[continued on next page]

Count Seven has *never* made reference to any other count in the three indictments in this case nor to any specific story or drawing.

<u>Original Indictment</u>:

> **Count Seven**
> **[18 U.S.C. § 1466]**
>
> From on or about January 1, 1996 to on or about November 7, 2019, in the Western District of Texas, and elsewhere, the Defendant,
>
> THOMAS ALAN ARTHUR,
>
> aided and abetted by others, was engaged in the business of selling and transferring obscene matter, and knowingly received and possessed with the intent to distribute obscene stories and drawings of minors engaging in sexually explicit conduct, which was shipped and transported in interstate and foreign commerce.
>
> A violation of Title 18, United States Code, Section 1466, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Superseding Indictment:

> ### Count Seven
> ### [18 U.S.C. § 1466]
>
> From on or about January 1, 1996 to on or about November 7, 2019, in the Western District of Texas, and elsewhere, the Defendant,
>
> THOMAS ALAN ARTHUR,
>
> aided and abetted by others, was engaged in the business of selling and transferring obscene matter, and knowingly received and possessed with the intent to distribute obscene stories and drawings of minors engaging in sexually explicit conduct, which was shipped and transported in interstate and foreign commerce.
>
> Case 4:19-cr-00774-DC   Document 39   Filed 07/09/20   Page 4 of 7
>
> A violation of Title 18, United States Code, Section 1466, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Second Superseding Indictment:

> **Count Seven**
> **[18 U.S.C. § 1466]**
>
> From on or about January 1, 1996 to on or about November 7, 2019, in the Western District of Texas, and elsewhere, the Defendant,
>
> THOMAS ALAN ARTHUR,
>
> aided and abetted by others, was engaged in the business of selling and transferring obscene matter, and knowingly received and possessed with the intent to distribute obscene stories and drawings of minors engaging in sexually explicit conduct, which was shipped and transported in
>
> Case 4:19-cr-00774-DC   Document 54   Filed 10/08/20   Page 4 of 7
>
> interstate and foreign commerce.
>
> A violation of Title 18, United States Code, Section 1466, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Defendant's argument that he had no idea that any stories other than the five in the Second Superseding Indictment could be part of the United States' case is disingenuous at best. Indeed, the first indictment relied on five different stories than what form the basis of the Second Superseding Indictment. As noted above, defense counsel reviewed the first five stories on March 16, 2020, and Defendant's expert, Dr. Ley, has reviewed and opined on the five different stories that form the basis of Counts 2-6 in the Second Superseding Indictment. Therefore, Defendant is,

8

and has been, abundantly aware that the United States has been focused on more than just the stories in Counts 2-6.

Moreover, on May 14, 2020, Special Agent Ewan met with Defendant's expert, Dr. Elizabeth Richmond-Garza, and gave her the opportunity to review a folder subdivided into 24 additional folders organized by author name:



Within these folders are individual stories attributed to each author. Some folders have one story, others have five, but the total is about 40 stories[1].

---

[1] SA Ewan's report references 41 stories. It appears that "Not Too Young: A Pedo's Anthem" by Steven Seven was included twice, resulting in a count of 41 even though there are 40 individual stories with no duplicates.

SA Ewan's report of that meeting makes clear that Defendant's expert had access to all of these stories:

> SA Ewan then showed Dr. Richmond-Garza approximately 41 additional stories on an FBI computer system. Dr. Richmond-Garza read one of the stories and remarked that it was an "order of magnitude" worse than the first stories she had read. Dr. Richmond-Garza reviewed several more stories and then concluded her review.
>
> As Dr. Richmond-Garza had not read all of the stories provided to her, SA Ewan informed Dr. Richmond-Garza that she could take all of the time she needed to review the materials. Dr. Richmond-Garza said that she had reviewed enough of the stories to satisfy her responsibilities.
>
> The review was concluded at approximately 12:00 p.m.

The same thing happened with Defendant's art expert, Professor Carol Fairlie:

> FAIRLE reviewed an image from NadiaBlanco and asked for guidance on the applicable laws for obscene images. SA Ewan said that he could provide FAIRLE the statute that ARTHUR was charged with, but that she would have to call ARTHUR's attorney for legal guidance. FAIRLE reviewed the statute and stated that all of the images SA Ewan showed her appeared to be illegal because they depicted a minor engaging in sexually explicit conduct and they lacked serious artistic value.

As is patently obvious by the fact that Defendant has decided not to utilize either of these experts, the experts could not testify under oath to what Defendant wanted them to say. Notably, defense counsel has consistently approached this case from the perspective that nothing on the Mr. Double site is obscene (as Defendant himself has insisted since his arrest interview in November 2019), and that they would always pursue a defense that centers on the third prong of the *Miller* test by arguing that there is serious literary, artistic, or scientific value to the stories and drawings

(hence the experts in art and literature, although at least 3 defense experts have fallen by the wayside at this point). The specific stories have not been of any importance to defense counsel or else they would have asked to review the 40 stories that their expert reviewed in May 2020, and of which they were aware at least by the time the report was provided to them in discovery on October 14, 2020 (if not before by Dr. Richmond-Garza). The current expert, Dr. Ley, only asked to review the charged writings and drawings, and two writings that Defendant authored.

## CONCLUSION

The Second Superseding Indictment adequately puts the defendant on notice of the nature of the charges, the dates of their violation, and the venue. Discovery has been provided and he has received detailed information regarding his conduct. Therefore, his motion requesting a bill of particulars should be denied. The United States respectfully requests that this Court grant this Motion for Reconsideration.

## BILL OF PARTICULARS

To the extent that this Court denies this Motion for Reconsideration, and still requires the United States to limit its presentation of evidence in the form of a bill of particulars, the United States will rely on the 40 stories shown to defense expert Dr. Richmond-Garza. Five of those stories form the basis of Counts 2-6. Also, two of the stories are authored by Defendant (who went by the pseudonym "Que") and were also shown to Defendant's expert Dr. Ley, who opined on those two stories in his reports.

Based on the Court's ruling regarding a bill of particulars, the United States has specifically marked the 35 stories that are not part of Counts 2-6[2] as Exhibit 35A-ii:

1. Exhibit 35A - "Sally The Druggie" by babyNpop

---

[2] The stories for Counts 2-6 were previously marked as Exhibits 5A, 6A, 7A, 8A, and 9A. Thus, they were not marked a second time even though they were part of the 40 stories shown to Dr. Richmond-Garza.

2. Exhibit 35B - "The Handy Man Visits" by babyNpop

3. Exhibit 35C - "Cleaning Up The City" by BitterTruth

4. Exhibit 35D - "The Brother's Grim" by Blackwind2000

5. Exhibit 35E - "Showing Off His Daughter" by Child Raper

6. Exhibit 35F - "Child Fuck, part 5: Brittany gets Sexually Molested" by Child Raper

7. Exhibit 35G - "Child Fuck, part 6: A Seven Year Old Pussy Gets Raped Into Submission" by Child Raper

8. Exhibit 35H - "Child Fuck, part 9: Doing What Has To Be Done" by Child Raper

9. Exhibit 35i - "A Glass of Milk" by ChildSlayer

10. Exhibit 35J - Amy Gets Waxed so She Can Make Another Video" by Corn53

11. Exhibit 35K - "Little Fuck Friend" by Euphoria

12. Exhibit 35L - "Pre-teen Fuck Diary I" by Euphoria

13. Exhibit 35M - "Baby Sex is the Best, ch 1-3" by Evil Dad

14. Exhibit 35N - "Droko" by Gaydude

15. Exhibit 35O - "I don't care. Why should I?" by Hans Schultz

16. Exhibit 35P - "Sarah Jones Meets The Red Tape Rapist" by Hans Schultz

17. Exhibit 35Q - "Amy Teased And Tortured" by Indigo

18. Exhibit 35R - "The rape of 12 year old schoolgirl Trisha" by Jkirk

19. Exhibit 35S - "Captured Kindergarten Class" by KBear

20. Exhibit 35T - "May Vacation" by Lachurna

21. Exhibit 35U - "Preschooler's Prostitute Ring-Chapter 2: Bad Girls Get Buttfucked" by Little Girl Watcher

22. Exhibit 35V - "Gang Raped Schoolgirl" by Maxamm

23. Exhibit 35W - "Kiddy Porn" by Maxamm

24. Exhibit 35X - "Never Too Young" by Maxamm

25. Exhibit 35Y - "Dad, Son and the Biker Dude" by PedoDad

26. Exhibit 35Z - "Welcome Center" by Pre-teen Pussy Licker

27. Exhibit 35AA - "Katrina and Her Daddy" by que? (aka Mr Double)

28. Exhibit 35BB - "Tracy's Developing Breasts" by que?

29. Exhibit 35CC - "Ass-Raping a 9-Year-Old Girl" by Steven Seven

30. Exhibit 35DD - "Not Too Young: A Pedo's Anthem" by Steven Seven

31. Exhibit 35EE - "Raped Little Girl Assholes and Their Dirty Fucking Mouths" by Steven Seven

32. Exhibit 35FF - "Family of Kiddy Whores, Chap. 11" by T. Lawrence Shannon

33. Exhibit 35GG - "Accident" by Green Mask

34. Exhibit 35HH - "Caycee Dugas: Abduction of Innocence, part 1" by Wetfly6969

35. Exhibit 35ii - "A Night to Remember" by Wetfly6969

Respectfully submitted,

GREGG N. SOFER
United States Attorney

/s/
AUSTIN M. BERRY
Trial Attorney
Child Exploitation & Obscenity Section
Department of Justice
1301 New York Avenue, NW
11th Floor
Washington, DC 20005
Austin.Berry2@usdoj.gov

/s/
MONICA MORRISON
Assistant United States Attorney
Idaho Bar No. 7346_
110 9th Ave. South, Suite A961
Nashville, Tennessee 37203
(615) 736-5151(phone)
Monica.morrison@usdoj.gov

/s/
FIDEL ESPARZA III
Assistant United States Attorney
State Bar No. 24073776
601 NW Loop 410, Ste. 600
San Antonio, Texas 78216
(210) 384-7026
(210) 384-7045
Fidel.esparza@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of January, 2021, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will transmit notification of such to the following CM/ECF participants:

Lane Andrew Haygood
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

Mark William Bennett
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*(Attorneys for Thomas Alan Arthur)*

                /s/
                AUSTIN M. BERRY
                Trial Attorney

                /s/
                MONICA MORRISON
                Assistant United States Attorney

                /s/
                FIDEL ESPARZA III
                Assistant United States Attorney