## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **P-19-CR-774-DC** |
| | § | |
| **THOMAS ALAN ARTHUR,** | § | |
| **Defendant.** | § | |

### COURT'S INSTRUCTIONS TO THE JURY

### INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened — that is, in reaching your decision as to the facts — it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or

follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. You are to decide this case only on the evidence which has been admitted into court during trial. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against the defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require the defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of the defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses,

including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether the evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## SIMILAR ACTS

You have heard evidence of acts of the defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the defendant had the state of mind or intent necessary to commit the crime charged in the indictment;

or

Whether the defendant had a motive or the opportunity to commit the acts charged in the indictment;

or

Whether the defendant acted according to a plan or in preparation for commission of a crime;

or

Whether the defendant committed the acts for which he is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## TRANSCRIPT OF RECORDED CONVERSATION

Government Exhibits 26A–R contain a transcript of the oral conversation which can be heard on the recording. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the recording that is evidence, not the transcripts.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to each witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself some questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### EXPERT OPINION TESTIMONY

During the trial you heard the testimony of Brian Nishida, who expressed opinions concerning computer forensics examination. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a

witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## ACCOMPLICE – INFORMER – IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the

guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION – PUNISHMENT JUDGE'S DUTY

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## "ON OR ABOUT"

You will note that the indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on dates reasonably near January 1, 1996, continuing until on or about November 7, 2019, October 24, 2019, and November 7, 2019, the dates stated in the indictment.

## SINGLE DEFENDANT – MULTIPLE COUNTS

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## OFFENSES CHARGED

The indictment contains multiple counts, which read as follows:

### COUNT ONE

### [18 U.S.C. § 1466A(a)(1)]

That on or about October 24, 2019, in the Western District of Texas, the Defendant,

### THOMAS ALAN ARTHUR,

did knowingly produce, distribute, receive, and possess with the intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing of a prepubescent female engaged in the lascivious exhibition of the genitals or pubic area and this visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

### COUNT TWO

### [18 U.S.C. § 1462(a)]

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

### THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 1.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT THREE

### [18 U.S. C. § 1462(a)]

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

## THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 2.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT FOUR

### [18 U.S.C. § 1462(a)]

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

## THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 3.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT FIVE

### [18 U.S.C. § 1462(a)]

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

## THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 4.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT SIX

### [18 U.S.C. § 1462(a)]

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

### THOMAS ALAN ARTHUR,

aided and abetted by others, knowingly used an interactive computer service for carriage in interstate and foreign commerce, an obscene matter, to-wit: obscene story 5.

A violation of Title 18, United States Code, Section 1462(a), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT SEVEN

### [18 U.S.C. § 1466]

That from on or about January 1, 1996, to on or about November 7, 2019, in the Western District of Texas, and elsewhere, the Defendant,

### THOMAS ALAN ARTHUR,

aided and abetted by others, was engaged in the business of selling and transferring obscene matter, and knowingly received and possessed with the intent to distribute obscene stories and drawings of minors engaging in sexually explicit conduct, which was shipped and transported in interstate and foreign commerce.

A violation of Title 18, United States Code, Section 1466, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT EIGHT

**[18 U.S.C. § 1466A(a)(1)]**

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

### THOMAS ALAN ARTHUR,

did knowingly produce, distribute, receive, and possess with the intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing of a prepubescent female performing fellatio on an adult male and this visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT NINE

**[18 U.S.C. § 1466A(a)(1)]**

That on or about November 7, 2019, in the Western District of Texas, the Defendant,

### THOMAS ALAN ARTHUR,

did knowingly produce, distribute, receive, and possess with the intent to distribute, a visual depiction of any kind, including a drawing that depicts a minor engaging in sexually explicit conduct and is obscene, to-wit: a drawing of prepubescent females performing fellatio on adult penises and this visual depiction had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that have been

mailed, or that have been shipped or transported in interstate or foreign commerce by any means, including by computer.

A violation of Title 18, United States Code, Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## EXPLANATION OF COUNTS

### COUNT ONE:

### PRODUCING/DISTRIBUTING/RECEIVING/POSSESSING WITH INTENT TO DISTRIBUTE OBSCENE VISUAL REPRESENTATIONS OF SEXUAL ABUSE OF CHILDREN

### 18 U.S.C. § 1466A(a)(1)

Title 18, United States Code, Section 1466A, makes it a crime for anyone to produce, distribute, receive, or possess with intent to distribute, a visual depiction of a minor engaging in sexually explicit conduct.

For you to find the defendant guilty of Count One, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly produced, distributed, received, or possessed with intent to distribute, a visual depiction; |
| *Second*: | That the visual depiction is of a minor engaging in sexually explicit conduct; |
| *Third*: | That the visual depiction is obscene; and |
| *Fourth*: | That any visual depiction involved in the offense had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that were mailed or shipped or transported in interstate or foreign commerce, including by computer. |

The parties have stipulated that Defendant Thomas Alan Arthur knowingly distributed, received, and possessed with intent to distribute the visual depiction charged in Count One and that the visual depiction charged in Count One had been shipped and transported in interstate and foreign commerce by any means, including by computer, and was produced using materials that had been mailed, and had been shipped and transported in interstate and foreign commerce by any means, including by computer.

"Visual depiction" includes undeveloped film and videotape, and data stored on a computer disk or by electronic means which is capable of conversion into a visual image, and also includes any photograph, film, video, picture, digital image or picture, computer image or picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "minor" means any person under the age of eighteen years.

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

Commerce includes travel, trade, transportation, and communication.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation, sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes a lascivious exhibition requires a consideration

of the overall content of the material. You may consider such factors as: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

Freedom of expression has contributed much to the development and well-being of our free society. In the exercise of the fundamental constitutional right to free expression which all of us enjoy, sex may be portrayed, and the subject of sex may be discussed, freely and publicly. Material is not to be condemned merely because it contains passages or sequences that are descriptive of sexual activity. However, the constitutional right to free expression does not extend to that which is obscene.

To prove a matter is "obscene," the government must satisfy three tests: (1) that the work appeals predominantly to prurient interest; (2) that it depicts or describes sexual conduct in a patently offensive way; and (3) that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

An appeal to "prurient" interest is an appeal to a morbid, degrading, and unhealthy interest in sex, as distinguished from an ordinary interest in sex.

The first test, therefore, is whether the predominant theme or purpose of the material, when viewed as a whole and not part by part, and when considered in relation to the intended and probable recipients, is an appeal to the prurient interest of an average person in the community as

a whole or to the prurient interest of members of a deviant sexual group. In making this decision, you must examine the main or principal focus of the material, when assessed in its entirety and based on its total effect, not on incidental themes or isolated passages or sequences.

The second test is whether the material depicts or describes, in a patently offensive way, sexual conduct such as ultimate sexual acts, normal or perverted, actual or simulated; masturbation; excretory functions; or lewd exhibition of the genitals.

These first two tests which I have described are to be decided by you, applying contemporary community standards. This means that you should make the decision in the light of contemporary standards that would be applied by the average person in this community, with an average and normal attitude toward and interest in sex. Contemporary community standards are those accepted in this community as a whole. You must decide whether the material would appeal predominantly to prurient interests and would depict or describe sexual conduct in a patently offensive way when viewed by an average person in this community as a whole, that is, by the community at large or in general. Matter is patently offensive by contemporary community standards if it so exceeds the generally accepted limits of candor in the entire community as to be clearly offensive. You must not judge the material by your own personal standards, if you believe them to be stricter than those generally held, nor should you determine what some groups of people may believe the community ought to accept or refuse to accept. Rather, you must determine the attitude of the community as a whole.

However, the prurient-appeal requirement may also be assessed in terms of the sexual interest of a clearly defined deviant sexual group if the material in question was intended to appeal to the prurient interest of that group, as distinguished from the community in general.

If you find that the material meets the first two tests of the obscenity definition, your final decision is whether the material, taken as a whole, lacks serious literary, artistic, political, or scientific value. Unlike the first two tests, this third test is not to be decided on contemporary community standards but rather on the basis of whether a reasonable person, considering the material as a whole, would find that the material lacks serious literary, artistic, political, or scientific value. An item may have serious value in one or more of these areas even if it portrays sexually oriented conduct. It is for you to say whether the material in this case has such value.

All three of these tests must be met before the material in question can be found to be obscene. If any one of them is not met, the material would not be obscene within the meaning of the law.

## COUNTS TWO, THREE, FOUR, FIVE AND SIX:

## INTERSTATE TRANSPORTATION OF OBSCENE MATERIAL

### 18 U.S.C. § 1462

Title 18, United States Code, Section 1462, makes it a crime for anyone to use a common carrier to transmit obscene material in interstate or foreign commerce.

For you to find the defendant guilty of <u>Count Two</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly used an interactive computer service to transport Story 1 in interstate or foreign commerce, as charged;

*Second*: That the defendant knew, at the time of such transportation, the sexually oriented content of the material; and

*Third*: That the material was obscene.

For you to find the defendant guilty of <u>Count Three</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly used an interactive computer service to transport Story 2 in interstate or foreign commerce, as charged; |
| *Second*: | That the defendant knew, at the time of such transportation, the sexually oriented content of the material; and |
| *Third*: | That the material was obscene. |

For you to find the defendant guilty of <u>Count Four</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly used an interactive computer service to transport Story 3 in interstate or foreign commerce, as charged; |
| *Second*: | That the defendant knew, at the time of such transportation, the sexually oriented content of the material; and |
| *Third*: | That the material was obscene. |

For you to find the defendant guilty of <u>Count Five</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly used an interactive computer service to transport Story 4 in interstate or foreign commerce, as charged; |
| *Second*: | That the defendant knew, at the time of such transportation, the sexually oriented content of the material; and |
| *Third*: | That the material was obscene. |

For you to find the defendant guilty of <u>Count Six</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly used an interactive computer service to transport Story 5 in interstate or foreign commerce, as charged; |
| *Second*: | That the defendant knew, at the time of such transportation, the sexually oriented content of the material; and |
| *Third*: | That the material was obscene. |

The parties have stipulated that Defendant Thomas Alan Arthur knowingly used an interactive computer service to transport Story 1, Story 2, Story 3, Story 4, and Story 5, as charged in Counts Two through Six, in interstate and foreign commerce and that he knew, at the time of such transportation, the sexually oriented content of the material.

"Interactive computer service" means any information service, system, or access to software provider that provides or enables computer access by multiple users to a computer service, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

One of the specific facts the government must prove is that the defendant knew of the sexually oriented contents of the material that was transported in interstate commerce. The government is not obligated to prove that the defendant knew that such material was legally obscene, only that the content was sexually oriented.

The definitions of "foreign commerce," "interstate commerce," "commerce," and "obscene" provided for Count One apply to Counts Two, Three, Four, Five, and Six.

## COUNT SEVEN:

## ENGAGING IN BUSINESS OF SELLING/TRANSFERRING OBSCENE MATTER

### 18 U.S.C. § 1466

Title 18, United States Code, Section 1466, makes it a crime for anyone to engage in the business of selling or transferring obscene material.

For you to find the defendant guilty of <u>Count Seven</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That the defendant was engaged in the business of selling, transferring, receiving, or possessing stories or drawings;

*Second*:      That the defendant knowingly sold or transferred stories or drawings, or knowingly received or possessed stories or drawings with the intent to distribute them;

*Third*:       That the stories or drawings are obscene; and

*Fourth*:      That the stories or drawings have been shipped or transported in interstate or foreign commerce.

The parties have stipulated that Defendant Thomas Alan Arthur, from June 21, 1998 to November 7, 2019, engaged in the business of producing, selling, and transferring the stories and drawings on the Mr. Double website; that he knowingly sold, transferred, and produced the stories and drawings on the Mr. Double website with intent to distribute and sell; and that the stories and drawings on the Mr. Double website have been shipped and transported in interstate and foreign commerce.

To "distribute" something means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction. Placing the material in a shared folder accessible to other users constitutes distribution, even in the absence of proof that anyone else accessed the files.

To "engage in the business" means that the person who produces, sells or transfers or offers to sell or transfer obscene matter devotes time, attention, or labor to such activities, as a regular course of trade or business, with the objective of earning a profit, although it is not necessary that the person make a profit or that the production, selling or transferring or offering to sell or transfer such material be the person's sole or principal business or source of income.

The definitions of "foreign commerce," "interstate commerce," "commerce," and "obscene" provided for Count One apply to Count Seven.

## COUNTS EIGHT AND NINE:

## PRODUCING/DISTRIBUTING/RECEIVING/POSSESSING WITH INTENT TO DISTRIBUTE OBSCENE VISUAL REPRESENTATIONS OF SEXUAL ABUSE OF CHILDREN

### 18 U.S.C. § 1466A(a)(1)

Title 18, United States Code, Section 1466A, makes it a crime for anyone to produce, distribute, receive, or possess with intent to distribute, a visual depiction of a minor engaging in sexually explicit conduct.

For you to find the defendant guilty of <u>Count Eight</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly produced, distributed, received, or possessed with intent to distribute, a visual depiction; |
| *Second*: | That the visual depiction is of a minor engaging in sexually explicit conduct; |
| *Third*: | That the visual depiction is obscene; and |
| *Fourth*: | That any visual depiction involved in the offense had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that were mailed or shipped or transported in interstate or foreign commerce, including by computer. |

For you to find the defendant guilty of <u>Count Nine</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly produced, distributed, received, or possessed with intent to distribute, a visual depiction; |
| *Second*: | That the visual depiction is of a minor engaging in sexually explicit conduct; |
| *Third*: | That the visual depiction is obscene; and |
| *Fourth*: | That any visual depiction involved in the offense had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that were mailed |

or shipped or transported in interstate or foreign commerce, including by computer.

The parties have stipulated that Defendant Thomas Alan Arthur knowingly distributed, received, and possessed with intent to distribute the visual depictions charged in Counts Eight and Nine; that he knew, at the time of such production, distribution, receipt, and possession with intent to distribute, the sexually oriented nature of the visual depictions charged in Counts Eight and Nine; and that he knew that the visual depictions charged in Counts Eight and Nine had been shipped and transported in interstate and foreign commerce by any means, including by computer, and were produced using materials that had been mailed, and had been shipped and transported in interstate and foreign commerce by any means, including by computer.

The definitions of "interstate commerce," "foreign commerce," "commerce," "sexually explicit conduct," "computer," "minor," "visual depiction," and "obscene" provided for Count One apply to Counts Eight and Nine.

## AIDING AND ABETTING (AGENCY)

### 18 U.S.C. § 2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before the defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of <u>Count Two</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the offense of interstate transportation of obscene material was committed by some person; |
| *Second*: | That the defendant associated with the criminal venture; |
| *Third*: | That the defendant purposefully participated in the criminal venture; and |
| *Fourth*: | That the defendant sought by action to make that venture successful. |

For you to find the defendant guilty of <u>Count Three</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the offense of interstate transportation of obscene material was committed by some person; |
| *Second*: | That the defendant associated with the criminal venture; |
| *Third*: | That the defendant purposefully participated in the criminal venture; and |

*Fourth*:        That the defendant sought by action to make that venture successful.

For you to find the defendant guilty of <u>Count Four</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        That the offense of interstate transportation of obscene material was committed by some person;

*Second*:        That the defendant associated with the criminal venture;

*Third*:        That the defendant purposefully participated in the criminal venture; and

*Fourth*:        That the defendant sought by action to make that venture successful.

For you to find the defendant guilty of <u>Count Five</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        That the offense of interstate transportation of obscene material was committed by some person;

*Second*:        That the defendant associated with the criminal venture;

*Third*:        That the defendant purposefully participated in the criminal venture; and

*Fourth*:        That the defendant sought by action to make that venture successful.

For you to find the defendant guilty of <u>Count Six</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        That the offense of interstate transportation of obscene material was committed by some person;

*Second*:        That the defendant associated with the criminal venture;

*Third*:        That the defendant purposefully participated in the criminal venture; and

*Fourth*:        That the defendant sought by action to make that venture successful.

For you to find the defendant guilty of <u>Count Seven</u>, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the offense of selling or transferring obscene material was committed by some person; |
| *Second*: | That the defendant associated with the criminal venture; |
| *Third*: | That the defendant purposefully participated in the criminal venture; and |
| *Fourth*: | That the defendant sought by action to make that venture successful. |

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

## POSSESSION

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

## "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## PROOF OF INTENT

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of his knowing acts. The jury may draw the inference that the accused intended all of the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any intentional act or conscious omission. Any such inference drawn is entitled to be considered by the jury in determining whether or not the government has proved beyond a reasonable doubt that the defendant possessed the required criminal intent.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are the judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience. The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.