## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. P-19-CR-774-DC** |
| | ) | |
| **THOMAS ALAN ARTHUR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## UNITED STATES OF AMERICA'S
## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files this Motion for Preliminary Order of Forfeiture, pursuant to the provisions of Title 21 U.S.C. §§ 853(n)(1)-(7), and Fed. R. Crim. P. 32.2(b)(2) and 32.2(c)(1), and in support thereof states the following:

I.

On January 21, 2021, Defendant THOMAS ALAN ARTHUR was found guilty (Doc. 105) by a jury as to Counts One through Nine of the Second Superseding Indictment (Doc. 54) returned against him, charging him with the violations of Title 18 U.S.C. §§ 1462, 1466, and 1466A. The Second Superseding Indictment (Doc. 54) and the Second Bill of Particulars (Doc. 44) included a Notice of Demand for Forfeiture pursuant to 18 U.S.C. § 1467(a) in which the United States gave notice of its intent to forfeit certain property, namely:

### Real Properties

Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas, 79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1.  The W/2 of the SW/4 of the SE/4;
2.  The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3.  The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4.  The N2 of the E/2 of the SE/4 of the SW/4  & S/2 of the E/2 of the NE/4 of the SW/4;
5.  The N/2 of the NW/4 of the SW/4;
6.  The N/2 of the NE/4 of the SW/4;
7.  The W/2 of the NW/4 of the SE/4;
8.  The S/2 of the W/2 of the SW/4 of the NW/4;
9.  The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less;

## **Personal Properties**

- LG Tablet, Serial Number 509CQSF0402566;
- CAT Phone;
- 2 Motorola flip phones;
- Paper with passwords and usernames written;
- Sony Vaio computer, Service Tag#C6UORT31;
- Gray Touro external hard drive, SN: 6PIJ459E;
- Oyen Digital Minipro external hard drive, SN: BCC2;
- 4 Crucial external hard drives, serial numbers 14420D87E333, 14350D1F67f3, 0000000110703034CDC[1], 12380916A593;
- Photographs related to Mr Double;
- 7 compact disks;
- Micron 3600 desktop computer, serial number P60007201256;
- 70 Euros;
- $2,270.00, more or less in currency U.S. Currency;
- External electronic device in a black case;

---

1   The United States advises the Court that the serial number for this hard drive was incorrect in prior filings and has been corrected in the instant pleading.

- 4 Seagate external hard drives, serial numbers 9VS4XWNW, 9VS2XCZS, 9VS2Y4VM, 9VS07M3E;
- Transcend external hard drive;
- 9 SD cards;
- 1 Sim card;
- Canon Digital Camera;
- Dell XPS Laptop, Service Tag 11HFP71;
- Armor computer tower, SN ST008M21STZA1MI000813;
- Computer server tower, unknown manufacturer, no serial number;
- Android cell phone, serial number S411742019096;
- 7 USB storage drives;
- 2 Compact flash drives;
- Box of VHS tapes;
- Two boxes of floppy disks;
- Box of compact disks;
- Gray computer tower, unknown manufacturer, no serial number;
- 98 boxes of suspected child erotica;
- www.mrdouble.com;
- Gray ioSafe Solo External Hard Drive with serial number 0120023219[2]; and
- Any and all other property and/or accessories involved in or used in the commission of the criminal offense,

hereinafter collectively referred to as the Subject Properties.

II.

The United States of America moves the Court to find that Defendant THOMAS ALAN ARTHUR has an interest in the Subject Properties and that the United States of America has proven by a preponderance of the evidence the nexus between the Subject Properties and the violations of Title 18 U.S.C. §§ 1462, 1466, and 1466A by virtue of the jury's guilty verdict (Doc. 105), the evidence and testimony presented at trial, and that the Defendant conceded to the nexus on record.

---

[2] The United States Advises the Court that this hard drive is being added in the instant filing and defense counsel has been notified and does not object to the addition.

Accordingly, the United States of America moves this Honorable Court for entry of a Preliminary Order of Forfeiture, which forfeits all right, title, and interest of Defendant THOMAS ALAN ARTHUR in the Subject Properties.

III.

The United States moves the Court, pursuant to Title 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), for an Order authorizing the United States through its lawfully designated agents and agencies, including the United States Marshals Service, to seize, take custody, control and possession of the Subject Properties whether held by Defendant THOMAS ALAN ARTHUR or a third party.

IV.

The United States further moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(6)(A) and (C) and Title 21 U.S.C. § 853(n)(1), for an Order authorizing the United States to cause publication for at least 30 consecutive days on an official government internet web site (www.forfeiture.gov) of notice of the Preliminary Order of Forfeiture, and of its intent to dispose of the Subject Properties in such manner as the United States directs.

The United States of America further moves this Court for an Order authorizing that the contents of the published notice be in compliance with Fed. R. Crim. P. 32.2(b)(6)(B).

V.

The United States further moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(6), for an Order authorizing the United States to send direct notice of the Preliminary Order of Forfeiture to any person or entity who reasonably appears to the United States to be a potential petitioner with standing to contest the forfeiture in the ancillary proceeding.

4

The United States of America further moves this Honorable Court that Appendix A[3] be served on potential petitioners along with the Preliminary Order of Forfeiture.

VI.

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) and in an effort to promote judicial economy, the United States further moves the Court for an Order authorizing the United States to commence discovery proceedings at the time that any petitions are filed in order to resolve any third-party issues, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas, pursuant to Fed. R. Civ. P. 45.

VII.

The United States further moves the Court pursuant to Title 21 U.S.C. § 853(g), for an Order that provides that the Defendant, his attorneys, agents, spouse, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of the order:

(a) shall not directly or indirectly, transfer, sell, assign, pledge, distribute, hypothecate, encumber, attach or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, hypothecated, encumbered, attached or disposed of in any manner; or take, or cause to be taken, any actions that would have the effect of depreciating, damaging, or in any way diminishing the value of the Subject Real Property; and

(b) shall not use or permit the Subject Real Property to be used for any illegal activity, and

(c) that the owners of the Subject Real Property are required to maintain the present condition of the property, including timely payment of all mortgages, insurance, utilities, taxes, and assessments, until further order of this Court.

---

3Appendix A, which is entitled "Direct Notice of Preliminary Order of Forfeiture," sets forth the appropriate procedures, deadlines and applicable statutes necessary to file a third-party petition.

VIII.

Lastly, the United States moves the Court, pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), to order that at the time of the sentencing of Defendant THOMAS ALAN ARTHUR the forfeiture of the Subject Properties be included in his Judgment in a Criminal Case.

WHEREFORE, PREMISES CONSIDERED, the United States of America moves this Honorable Court for entry of a Preliminary Order of Forfeiture.

<div style="margin-left:40%">

Respectfully submitted,

GREGG N. SOFER
United States Attorney

By:   /s/ _____

FIDEL ESPARZA III
Assistant United States Attorney
State Bar No. 24073776
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: 210-384-7026
Fax: 210-384-7045
Email: Fidel.Esparza@usdoj.gov

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2021, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participants:

Lane Andrew Haygood
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

Mark William Bennett
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*(Attorneys for Defendant THOMAS ALAN ARTHUR)*

/s/_____
FIDEL ESPARZA III
Assistant United States Attorney

7

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. P-19-CR-774-DC** |
| | ) | |
| THOMAS ALAN ARTHUR, | ) | |
| | ) | |
| **Defendant.** | ) | |

## DIRECT NOTICE OF PRELIMINARY ORDER OF FORFEITURE

Notice is hereby given that in the case of *U.S. v. THOMAS ALAN ARTHUR*   Criminal No. P-19-CR-774-DC, the United States District Court for the Western District of Texas entered a Preliminary Order of Forfeiture condemning and forfeiting the following property to the United States of America:

### Real Properties

Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas, 79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4   & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;
7. The W/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less;

**Appendix A**

### Personal Properties

- LG Tablet, Serial Number 509CQSF0402566;
- CAT Phone;
- 2 Motorola flip phones;
- Paper with passwords and usernames written;
- Sony Vaio computer, Service Tag#C6UORT31;
- Gray Touro external hard drive, SN 6PIJ459E;
- Oyen Digital Minipro external hard drive, SN BCC2;
- 4 Crucial external hard drives, serial numbers 14420D87E333, 14350D1F67f3, 00000000110703034CDC, 12380916A593;
- Photographs related to Mr Double;
- 7 compact disks;
- Micron 3600 desktop computer, serial number P60007201256;
- 70 Euros;
- $2,270.00, more or less in currency U.S. Currency;
- External electronic device in a black case;
- 4 Seagate external hard drives, serial numbers 9VS4XWNW, 9VS2XCZS, 9VS2Y4VM, 9VS07M3E;
- Transcend external hard drive;
- 9 SD cards;
- 1 Sim card;
- Canon Digital Camera;
- Dell XPS Laptop, Service Tag 11HFP71;
- Armor computer tower, SN ST008M21STZA1MI000813;
- Computer server tower, unknown manufacturer, no serial number;
- Android cell phone, serial number S411742019096;
- 7 USB storage drives;
- 2 Compact flash drives;
- Box of VHS tapes;
- Two boxes of floppy disks;
- Box of compact disks;
- Gray computer tower, unknown manufacturer, no serial number;
- 98 boxes of suspected child erotica;
- www.mrdouble.com;
- Gray ioSafe Solo External Hard Drive with serial number 0120023219; and
- Any and all other property and/or accessories involved in or used in the commission of the criminal offense.

The United States hereby gives notice of its intent to dispose of the forfeited property in

2

such manner as the United States Attorney General may direct. Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States must file a petition within 30 days of the final publication of notice or his receipt of notice, whichever is earlier pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21 U.S.C. §§ 853(n)(1)-(3).   The petition must be filed with the Clerk of the Court, 410 South Cedar, Pecos, Texas 79772, and a copy served upon Assistant United States Attorney Fidel Esparza III, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

The petition must comply with the requirements of Title 21 U.S.C. § 853(n).

If you fail to file a petition to assert your interest in the above-described property within the time prescribed above, your interest in this property will be lost and forfeited to the United States, which will then have clear title to the property and will dispose of the property in accordance with the law.

3

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **CRIMINAL NO. P-19-CR-774-DC** |
| | ) |
| **THOMAS ALAN ARTHUR,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>PRELIMINARY ORDER OF FORFEITURE</u>**

Came on to be considered the United States of America's   Motion for Preliminary Order of Forfeiture, pursuant to the provisions of Title 21 U.S.C. §§ 853(n)(1)-(7), and Fed. R. Crim. P. 32.2(b)(2) and 32.2(c)(1), and this Court being fully and wholly apprised in all its premises, finds that the United States has established by a preponderance of the evidence a nexus between the below described properties and the violations of Title 18 U.S.C. §§ 1462, 1466, and 1466A by virtue of the jury's Guilty Verdict (Doc. 105) and the evidence and testimony presented at trial, and that the Defendant has an interest in said properties.   As such, said Motion is meritorious, and hereby is in all things GRANTED.   IT IS THEREFORE

ORDERED that all right, title, and interest of Defendant THOMAS ALAN ARTHUR in certain personal property, namely:

**<u>Real Properties</u>**

Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas, 79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4   & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;
7. The S/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less;

## Personal Properties

- LG Tablet, Serial Number 509CQSF0402566;
- CAT Phone;
- 2 Motorola flip phones;
- Paper with passwords and usernames written;
- Sony Vaio computer, Service Tag#C6UORT31;
- Gray Touro external hard drive, SN 6PIJ459E;
- Oyen Digital Minipro external hard drive, SN BCC2;
- 4 Crucial external hard drives, serial numbers 14420D87E333, 14350D1F67f3, 00000000110703034CDC, 12380916A593;
- Photographs related to Mr Double;
- 7 compact disks;
- Micron 3600 desktop computer, serial number P60007201256;
- 70 Euros;
- $2,270.00, more or less in currency U.S. Currency;
- External electronic device in a black case;
- 4 Seagate external hard drives, serial numbers 9VS4XWNW, 9VS2XCZS, 9VS2Y4VM, 9VS07M3E;
- Transcend external hard drive;
- 9 SD cards;
- 1 Sim card;
- Canon Digital Camera;
- Dell XPS Laptop, Service Tag 11HFP71;

2

- Armor computer tower, SN ST008M21STZA1MI000813;
- Computer server tower, unknown manufacturer, no serial number;
- Android cell phone, serial number S411742019096;
- 7 USB storage drives;
- 2 Compact flash drives;
- Box of VHS tapes;
- Two boxes of floppy disks;
- Box of compact disks;
- Gray computer tower, unknown manufacturer, no serial number;
- 98 boxes of suspected child erotica;
- www.mrdouble.com;
- Gray ioSafe Solo External Hard Drive with serial number 0120023219; and
- Any and all other property and/or accessories involved in or used in the commission of the criminal offense,

hereinafter referred to as the Subject Properties be, and hereby is FORFEITED to the United States of America; and IT IS FURTHER

ORDERED that upon entry of the Preliminary Order of Forfeiture, the United States through its lawfully designated agents and agencies, including the United States Marshals Service, shall seize, take custody, control, and possession of the Subject Properties whether held by the defendant or a third party; and IT IS FURTHER

ORDERED that the United States shall cause publication for at least 30 consecutive days on an official government internet website (www.forfeiture.gov) of the notice of the Preliminary Order of Forfeiture and of its intent to dispose of the Subject Properties in such manner as the United States directs.   The United States must send notice to any person or entity who reasonably appears to be a potential petitioner with standing to contest the forfeiture in the ancillary proceeding; and IT IS FURTHER

ORDERED that the United States shall send Direct Notice of the Preliminary Order of

3

Forfeiture, Appendix A, which is attached to the United States of America's Motion for Preliminary Order of Forfeiture, and incorporated herein to those known to the United States to have an interest in the Subject Properties; and IT IS FURTHER

ORDERED that in the event a third-party petition is filed as to the Subject Properties the United States shall commence discovery proceedings to resolve any third-party issues, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas, pursuant to Fed. R. Civ. P. 45; and IT IS FURTHER

ORDERED that the Defendant, his attorneys, agents, spouse, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this Order, shall not directly or indirectly, transfer, sell, assign, pledge, distribute, hypothecate, encumber, attach or dispose of in any manner; cause to be transferred, sold, assigned, pledged, distributed, hypothecated, encumbered, attached or disposed of in any manner; or take, or cause to be taken, any actions that would have the effect of depreciating, damaging, or in any way diminishing the value of the Subject Real Property; and IT IS FURTHER

ORDERED that the Defendant, his attorneys, agents, spouse, and anyone acting on his behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities having actual knowledge of this Order, shall not use or permit the Subject Real Property to be used for any illegal activity, and IT IS FURTHER

ORDERED that the owners of the Subject Real Property are required to maintain the present condition of the Subject Real Property, including timely payment of all mortgages, insurance, utilities, taxes, and assessments, until further order of this Court; and IT IS FURTHER

4

ORDERED that at the time of the sentencing of Defendant THOMAS ALAN ARTHUR the forfeiture of the Subject Properties shall be included in his Judgment in a Criminal Case.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2021.

_____
DAVID COUNTS
United States District Judge

5