# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CRIMINAL NO. P-19-CR-774-DC** |
| | ) | |
| | ) | |
| | ) | |
| THOMAS ALAN ARTHUR, | ) | |
| | ) | |
| **Defendant.** | ) | |

## AGREED MOTION FOR INTERLOCUTORY SALE

Plaintiff, the United States of America, by and through its United States Attorney for the

Western District of Texas and the undersigned Assistant United States Attorney, respectfully files

this motion, pursuant to 21 U.S.C. § 853(e), Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rule

G(7)(b) of the Federal Rules of Civil Procedure, for an interlocutory sale of the following property:

> Real Property located and situated at **1260 Angel Road, Alpine, Brewster County,**
> **Texas**, 79830, with all buildings, appurtenances, and improvements thereon and
> any and all surface and sub-surface rights, title, and interests, if any, and being more
> fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the
   NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4
   of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4  & S/2 of the E/2 of the NE/4 of the
   SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;
7. The W/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;

11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4,

Being 250 acres of land, more or less,

hereinafter referred to as the Subject Property.

As explained below, the mortgage note on the Subject Property is at risk for default and interest is accruing.   The Government seeks an interlocutory sale in order to prevent loss of equity in the property.

The undersigned AUSA has spoken with Defendant THOMAS ALAN ARTHUR's attorneys, Mark Bennett and Lane Haygood, and with Chris Carlin, attorney for Defendant's spouse Sandra Arthur, "hereinafter referred to as the Parties" and they advised that this motion for interlocutory sale is unopposed.

## BACKGROUND

On January 21, 2021, Defendant THOMAS ALAN ARTHUR was found guilty (Doc. 105) by a jury as to Counts One through Nine of the Second Superseding Indictment (Doc. 54) returned against him, charging him with the violations of Title 18 U.S.C. §§ 1462, 1466, and 1466A. The Second Superseding Indictment (Doc. 54) and the Second Bill of Particulars (Doc. 44) included a Notice of Demand for Forfeiture pursuant to 18 U.S.C. § 1467(a) in which the United States gave notice of its intent to forfeit the Subject Property.

The Defendant's sentencing is set for April 27, 2021.

## DISCUSSION

A.   **Authority for Interlocutory Sale**

Section 853 of Title 21, United States Code, provides district courts with broad authority to take action to preserve the availability of property subject to forfeiture.   In particular, 21 U.S.C.

2

§ 853(e)(1)(A) empowers district courts to enter restraining orders and injunctions "*or take any other action* to preserve the availability of property" subject to forfeiture, upon the filing of an indictment charging a violation which alleges forfeiture of property, and alleging that the property that is the subject of the order would be subject to forfeiture in the event of conviction.  *See* 21 U.S.C. § 853(e)(1)(A) (emphasis added).  *See also United States v. Gianelli*, 594 F. Supp. 2d 148, 150 (D. Mass. 2009) (interlocutory sale pursuant to 21 U.S.C. § 853(e) was justified because "mortgage . . . is still in default and payments are not being made").[1]

In addition, Fed. R. Crim. P. 32.2(b)(7) provides that, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable."

Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure in turn provides, in part:

> (i) **Order to Sell**. On motion by a party or a person having custody of the property, the court may order all or part of the property sold if:
> **(A)** the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> **(B)** the expense of keeping the property is excessive or is disproportionate to its fair market value;
> **(C)** *the property is subject to a mortgage or to taxes on which the owner is in default*; or
> **(D)** the court finds other good cause.

Supplemental Rule G(7)(b)(i) (emphasis added). Rule G(7)(b) further provides the following regarding a sale:

> **(ii) Who Makes the Sale.** A sale must be made by a United States agency that has authority to sell the property, by the agency's contractor, or by any person the court designates.

---

[1] In *United States v. Monsanto*, 491 U.S. 600, 615-16 (1989), the Supreme Court approved the constitutionality of an § 853(e) order to restrain assets in a defendant's possession so long as it is based on a finding of probable cause to believe that the property will ultimately be proved forfeitable.  Here, the Defendant and his spouse do not oppose an interlocutory sale.  Accordingly, a finding of probable cause is not required.

**(iii) Sale Procedures.** The sale is governed by 28 U.S.C. §§ 2001, 2002, and 2004, unless all parties, with the court's approval, agree to the sale, aspects of the sale, or different procedures.

**(iv) Sale Proceeds.** Sale proceeds are a substitute res subject to forfeiture in place of the property that was sold. The proceeds must be held in an interest-bearing account maintained by the United States pending the conclusion of the forfeiture action.[2]

Supplemental Rule G(7)(b)(ii)-(iv).   Because the Parties, do not oppose the sale, the procedures in 28 U.S.C. §§ 2001, 2002, and 2004 do not apply.

**B.**     <u>The Mortgage Note on the Subject Property is at risk of Default</u>

According to title search reports for the Subject Property, title of the property is held in the name of Defendant THOMAS ALAN ARTHUR.   The title search reports reflect that Vanderbilt Mortgage Company (Vanderbilt) has a mortgage lien against the Subject Property and interest is accruing.

The Government has received information from Vanderbilt that Defendant's spouse, Sandra Arthur, has conveyed to them that she is unable to make payments on the mortgage note and is at risk of default. Defendant THOMAS ALAN ARTHUR is incarcerated and thereby unable to make payments on the mortgage note.

The sentencing in this case is scheduled for April 27, 2021. Given the inability of the Parties to make note payments, an interlocutory sale will prevent diminution of the equity in the Subject Property.   In addition, because the Defendant's spouse is in another state and because the Defendant is in custody, they have difficulty ensuring that the property is properly managed and maintained.

For these reasons, the United States and Defendant THOMAS ALAN ARTHUR, through

---

[2] Sections 2002 and 2004 are inapplicable here. Section 2002 sets forth notice procedures for public sales of realty, and Section 2004 relates to sales of personal property.

his attorneys, Mark Bennett and Lane Haygood, and Defendant's spouse Sandra Arthur through her attorney Chris Carlin, have agreed to request authorization for an interlocutory sale of the Subject Property, in an attempt to satisfy any outstanding property taxes and the liens held by Vanderbilt, and in order to preserve the equity and value of the Subject Property.

The United States respectfully submits that any proceeds generated from the sale of the Subject Property, excluding payment to the lienholders and taxing authorities and certain other enumerated costs and expenses, shall be held by the United States Marshals Service ("USMS"), and these net proceeds, and any and all income and interest accrued thereon, shall serve as the substitute *res* for the Subject Property pending the final disposition of the forfeiture proceedings in this case.

### C.     Proposed Order

The United States moves the Court to authorize the USMS and/or its designated agents to seize and take custody and control of the Subject Property and to cause an interlocutory sale of the property.   The United States further moves the Court to authorize the USMS to pay, from the proceeds of the sale, certain enumerated items, including property taxes, valid liens, and costs and expenses incurred by the USMS and/or its designated agents relating to the seizure, maintenance, custody and sale of the property.   The net proceeds from the sale, as defined in the proposed Order, will be held as the substitute *res* for the property in this case, pending a final resolution of the forfeiture proceedings.

The proposed order provides, in part, the following:

1.     The USMS and/or its designated agents are hereby authorized to seize and take custody and control of the Subject Property.   The Parties shall cooperate with the transfer of custody, which includes providing the USMS the keys to the property.

2.     The USMS and/or its designated agents shall cause an interlocutory sale of the Subject Property pursuant to the following terms:

a.   The USMS and/or its designated agent(s) shall sell the Subject Property in the most commercially feasible manner as determined by the USMS in its sole discretion.

b.   In furtherance of the interlocutory sale, the USMS and/or its designated agent(s) shall retain a licensed, certified real estate appraiser to perform an appraisal of the Subject Property.   The Parties agree that they and/or their agents will fully cooperate with the USMS for purposes of the appraisal by doing the following:

Allowing the appraiser full access to the Subject Property;

c.   After the above-referenced appraisal has been completed, the Government shall promptly forward a copy to the Parties through their attorney of record. If the Parties disagree with the value of any of the Subject Property determined by the appraiser retained by the USMS, the Parties shall have the right, at their own expense, to have the property appraised by a licensed certified real estate appraiser of their choosing. If the Parties and the United States thereafter are unable to agree upon a sales price for the property, then the property shall be listed for an amount at least one-half of the difference between the two appraisals.

d.   The USMS may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

3.   The net proceeds from the sale of the Subject Property, as defined in paragraph 4, shall be deposited into the Department of Justice's Seized Asset Deposit Fund and shall be held as the substitute *res* for the Subject Property in this action pending a final judgment in this case.

4.   The net proceeds from the sale of the Subject Property shall include all money realized from the sale of the property, less the following:

a.   Real estate commissions, if any;

b.   Amounts due the holder of any valid lien which was recorded prior to the time plaintiff's Notice of *Lis Pendens* was recorded;

c.   Real property taxes which are due and owing;

d.   Insurance costs, if any;

e.   All costs incurred by the USMS in connection with the maintenance, repair, marketing and sale of the property;

     f.       Escrow fees;

     g.      Document recording fees not paid by the buyer;

     h.      Title fees; and

     i.       County transfer taxes.

5.     In furtherance of the Interlocutory Sale, the Parties shall execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property and subsequent transfer of good title to the buyer(s).

6.     The USMS and/or its designated agent shall begin the process of liquidating the Subject Property within thirty (30) days from the entry of the Order.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully moves this Honorable

Court to order an interlocutory sale of the Subject Property on the terms and conditions set forth

in the proposed order submitted herewith.

                 Respectfully submitted,


                 ASHLEY C. HOFF
                 United States Attorney

By:    /s/ FIDEL ESPARZA III
        FIDEL ESPARZA III
        Assistant United States Attorney
        Asset Forfeiture Section
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        Tel: (210) 384-7040
        Fax: (210) 384-7045
        Texas Bar No. 24073776
        Email: fidel.esparza@usdoj.gov

        Attorneys for the United States of America

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 2, 2016, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participants:

Lane Andrew Haygood
Haygood Law Firm
522 North Grant Ave.
Odessa, TX 79765
Email: lane@haygoodlawfirm.com

Mark William Bennett
917 Franklin St.
4th Floor
Houston, TX 77002
Email: mb@ivi3.com
*(Attorneys for Defendant THOMAS ALAN ARTHUR)*

I also hereby certify that the instant filing will also be sent via email to the following non-CM/ECF participant:

Christopher J. Carlin
Assistant Federal Public Defender
Office of the Federal Public Defender
108 N. 10th Street
Alpine, Texas 79830
Email: chris_carlin@fd.org
*(Attorney for Defendant's Spouse SANDRA ARTHUR)*

/s/ FIDEL ESPARZA III
FIDEL ESPARZA III
Assistant United States Attorney

8

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CRIMINAL NO. P-19-CR-774-DC** |
| | ) | |
| | ) | |
| | ) | |
| **THOMAS ALAN ARTHUR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER FOR INTERLOCUTORY SALE OF
## REAL PROPERTY

Before the Court is the Agreed Motion for Interlocutory Sale pursuant to 21 U.S.C. § 853(e), Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure.  The Court is of the opinion that said motion is meritorious and well-founded, and, therefore, the motion is hereby is GRANTED.   IT IS, THEREFORE, ORDERED THAT

      1.     The United States Marshals Service ("USMS") and/or its designated agents are hereby authorized to seize and take custody and control of the following property:

> Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas**, **79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4   & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;

    7.  The W/2 of the NW/4 of the SE/4;
    8.  The S/2 of the W/2 of the SW/4 of the NW/4;
    9.  The E/2 of the SW/4 of the NW/4
    10. The W/2 of the SE/4 of the NW/4;
    11. The E/2 of the SE/4 of the NW/4; and
    12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less,

hereinafter referred to as the Subject Property.

The Parties shall cooperate with the transfer of custody and provide the USMS with the keys to the Subject Property.

2.    The USMS and/or its designated agents shall cause an interlocutory sale of the Subject Property pursuant to the following terms:

a.    The USMS and/or its designated agent(s) shall sell the Subject Property in the most commercially feasible manner as determined by the USMS in its sole discretion.

b.    In furtherance of the interlocutory sale, the USMS and/or its designated agent(s) shall retain a licensed, certified real estate appraiser to perform an appraisal of the Subject Property. The Parties agree that they and/or their agents will fully cooperate with the USMS for purposes of the appraisal by doing the following:

Allowing the appraiser full access to the Subject Property;

c.    After the above-referenced appraisal has been completed, the Government shall promptly forward a copy to the Parties through their attorneys of record. If the Parties disagree with the value of any of the Subject Property determined by the appraiser retained by the USMS, the Parties shall have the right, at their own expense, to have the property appraised by a licensed certified real estate appraiser of their choosing. If the Parties thereafter are unable to agree upon a sales price for the property, then the property shall be listed for an amount at least one-half of the difference between the two appraisals.

d.    The USMS may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

3.      The net proceeds from the sale of the Subject Property, as defined in paragraph 4, shall be deposited into the Department of Justice's Seized Asset Deposit Fund and shall be held as the substitute *res* for the Subject Property in this action pending a final judgment in this case.

4.      The net proceeds from the sale of the Subject Property shall include all money realized from the sale of the property, less the following:

      a.      Real estate commissions, if any;

      b.      Amounts due the holder of any valid lien which was recorded prior to the time plaintiff's Notice of *Lis Pendens* was recorded;

      c.      Real property taxes which are due and owing;

      d.      Insurance costs, if any;

      e.      All costs incurred by the USMS in connection with the maintenance, repair, marketing and sale of the property;

      f.      Escrow fees;

      g.      Document recording fees not paid by the buyer;

      h.      Title fees; and

      i.      County transfer taxes.

5.      In furtherance of the Interlocutory Sale, the Parties shall execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property and subsequent transfer of good title to the buyer(s).

6.      The USMS and/or its designated agent shall begin the process for liquidating the Subject Property within thirty (30) days from the entry of this Order.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2021.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE