UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CRIMINAL NO. P-19-CR-774-DC** |
| | § | |
| | § | |
| | § | |
| **THOMAS ALAN ARTHUR,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER FOR INTERLOCUTORY SALE OF REAL PROPERTY

Before the Court is the Agreed Motion for Interlocutory Sale pursuant to 21 U.S.C. § 853(e), Fed. R. Crim. P. 32.2(b)(7) and Supplemental Rule G(7)(b) of the Federal Rules of Civil Procedure. The Court is of the opinion that said motion is meritorious and well-founded, and, therefore, the motion is hereby is **GRANTED. IT IS, THEREFORE, ORDERED THAT**

1.  The United States Marshals Service ("USMS") and/or its designated agents are hereby authorized to seize and take custody and control of the following property:

    Real Property located and situated at **1260 Angel Road, Alpine, Brewster County, Texas**, **79830**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title, and interests, if any, and being more fully described as follows:

Section 23, Block 217, T. & St. L. Ry. Co. Brewster County, Texas, to wit:

1. The W/2 of the SW/4 of the SE/4;
2. The N/2 of the W/2 of the SW/4 of the SW/4 and the S/2 of the W/2 of the NW/4 of the SW/4;
3. The N/2 of the E/2 of the SW/4 of the SW/4 of the N/2 of the W/2 of the SE/4 of the SW/4 of the S/2 of the E/2 of the NW/4 of the SW/4 of the S/2 or the W/2
4. The N2 of the E/2 of the SE/4 of the SW/4 & S/2 of the E/2 of the NE/4 of the SW/4;
5. The N/2 of the NW/4 of the SW/4;
6. The N/2 of the NE/4 of the SW/4;

7. The W/2 of the NW/4 of the SE/4;
8. The S/2 of the W/2 of the SW/4 of the NW/4;
9. The E/2 of the SW/4 of the NW/4
10. The W/2 of the SE/4 of the NW/4;
11. The E/2 of the SE/4 of the NW/4; and
12. The W/2 of the SW/4 of the NE/4.

Being 250 acres of land, more or less,

hereinafter referred to as the Subject Property.

The Parties shall cooperate with the transfer of custody and provide the USMS with the keys to the Subject Property.

2. The USMS and/or its designated agents shall cause an interlocutory sale of the Subject Property pursuant to the following terms:

    a. The USMS and/or its designated agent(s) shall sell the Subject Property in the most commercially feasible manner as determined by the USMS in its sole discretion.

    b. In furtherance of the interlocutory sale, the USMS and/or its designated agent(s) shall retain a licensed, certified real estate appraiser to perform an appraisal of the Subject Property. The Parties agree that they and/or their agents will fully cooperate with the USMS for purposes of the appraisal by doing the following:

    Allowing the appraiser full access to the Subject Property;

    c. After the above-referenced appraisal has been completed, the Government shall promptly forward a copy to the Parties through their attorneys of record. If the Parties disagree with the value of any of the Subject Property determined by the appraiser retained by the USMS, the Parties shall have the right, at their own expense, to have the property appraised by a licensed certified real estate appraiser of their choosing. If the Parties thereafter are unable to agree upon a sales price for the property, then the property shall be listed for an amount at least one-half of the difference between the two appraisals.

    d. The USMS may, in its sole discretion, reject any offer to purchase the property where it determines that the offer is being

          made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

3. The net proceeds from the sale of the Subject Property, as defined in paragraph 4, shall be deposited into the Department of Justice's Seized Asset Deposit Fund and shall be held as the substitute *res* for the Subject Property in this action pending a final judgment in this case.

4. The net proceeds from the sale of the Subject Property shall include all money realized from the sale of the property, less the following:

    a. Real estate commissions, if any;

    b. Amounts due the holder of any valid lien which was recorded prior to the time plaintiff's Notice of *Lis Pendens* was recorded;

    c. Real property taxes which are due and owing;

    d. Insurance costs, if any;

    e. All costs incurred by the USMS in connection with the maintenance, repair, marketing and sale of the property;

    f. Escrow fees;

    g. Document recording fees not paid by the buyer;

    h. Title fees; and

    i. County transfer taxes.

5. In furtherance of the Interlocutory Sale, the Parties shall execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property and subsequent transfer of good title to the buyer(s).

6. The USMS and/or its designated agent shall begin the process for liquidating the Subject Property within thirty (30) days from the entry of this Order.

It is so **ORDERED**.

SIGNED this 16th day of March, 2021.

_____
DAVID   COUNTS
UNITED STATES DISTRICT JUDGE