# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| **v.** § | | **P:19-CR-00774-DC** |
| § | | |
| **(1) THOMAS ALAN ARTHUR,** § | | |
| *Defendant*. § | | |

## ORDER DENYING DEFENDANT'S
## MOTION FOR POST-VERDICT JUDGMENT OF ACQUITTAL

BEFORE THE COURT is Defendant Thomas Alan Arthur's (Defendant) Motion for Post-Verdict Judgment of Acquittal filed on February 4, 2021. (Doc. 11). Defendant moves for a post-verdict judgment of acquittal, arguing the Government failed to prove that the material charged in the Indictment was obscene. *Id.* at 1. Further, Defendant requests a hearing on the instant Motion. *Id.* at 2. The Government filed a timely Response opposing the Motion on February 25, 2021.[1] (Doc. 115). After due consideration, the Court **DENIES** Defendant's Motion. (Doc. 110).

Federal Rule of Criminal Procedure 29 allows a defendant to move for a judgment of acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Defendant moved for a judgment of acquittal within fourteen days of a guilty verdict.

When a motion for judgment of acquittal is filed, district courts must decide whether there is sufficient evidence to support a conviction. *See United States v. Valles*, 484 F.3d 745, 752 (5th Cir. 2007). In making such a determination, courts consider "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt." *Id.* The

---

1. The Government requested, and the Court granted, an extension of time to file its response. (Doc. 112; Text Only Entry, Feb. 10, 2021).

evidence must be reviewed "in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict." *Id.*

Defendant specifically argues that the Government "failed to prove that the materials charged in this case were actually obscene." (Doc. 110 at 1). Defendant contends that "the question of whether the material is actually obscene is one that can only be answered, in the final analysis, by five of the nine members of the United States Supreme Court." *Id.* at 5. Further, Defendant separates the material charged in this case into three categories: (1) text-only obscenity (Counts II, III, IV, V, and VI), (2) pictorial obscenity (Counts I, VIII, and IX), and (3) engaging in the business of selling obscene material (Count VII). *Id.* at 5–6. Defendant urges the Court to find that the text-only stories do not constitute obscenity because it cannot be proven that they lack serious artistic or literary value as written works. *Id.* at 9–10. As to the "pictorial obscenity," Defendant contends the Government failed to prove that the subjects depicted in the drawings were, or appeared to be, minors. *Id.* at 10. As to the third category, Defendant reasons he could not have engaged in the business of selling obscene material if the Government failed to prove the material was obscene and that the subjects depicted appeared to be minors. *Id.* at 13–14.

After reviewing Defendant's contentions, the Government's response, the evidence presented at trial, and the applicable law, the Court finds Defendant's arguments unpersuasive. Specifically, reviewing the evidence in the light most favorable to the Government, with all reasonable inferences and credibility choices made in support of the jury verdict, the Court opines the jury had sufficient evidence from which it could find that the material charged was obscene. *See United States v. Ragsdale*, 426 F.3d 765, 772 (5th Cir. 2005) ("The Supreme Court has accepted that the prosecution may prove the elements of the *Miller* test without resorting to

any evidence or testimony other than the introduction of the allegedly offending materials themselves."). Moreover, there was sufficient evidence from which the jury could determine that the drawings depicted minors or what appeared to be minors, including the material charged itself.

In sum, the Court finds a rational juror could have found the Government proved the elements of Counts I–IX beyond a reasonable doubt, and denies Defendant's Motion.

Finally, the Court finds a hearing is not necessary to rule on the instant Motion.

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Post-Verdict Judgment of Acquittal. (Doc. 110).

It is so **ORDERED**.

SIGNED this 17th day of June, 2021.

                                                                                               _____
                                                             DAVID COUNTS
                                                             UNITED STATES DISTRICT JUDGE