USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TEXAS
 2                      PECOS DIVISION

 3
    UNITED STATES OF AMERICA,        ) Case No. 4:19-CR-774
 4                                   )
         Plaintiff,                  ) COA No. 21-50607
 5                                   )
       vs.                           ) Pecos, Texas
 6                                   )
    THOMAS ALAN ARTHUR,              )
 7                                   ) January 21, 2021
         Defendant.                  )
 8  _____) 8:58 a.m.

 9
                TRANSCRIPT OF JURY TRIAL - VOL. 3
10            BEFORE THE HONORABLE DAVID COUNTS
                 UNITED STATES DISTRICT JUDGE
11

12  APPEARANCES:

13
    FOR THE GOVERNMENT:
14       MR. AUSTIN M. BERRY, TRIAL ATTORNEY
         Department of Justice, Child Exploitation
15       601 N. Loraine, Suite 398
         Midland, Texas  79701
16
         MS. MONICA R. MORRISON, AUSA
17       Office of the United States Attorney
         Pecos/Alpine Division
18       2500 North Highway 18, Suite A200
         Alpine, Texas  79830
19

20  FOR THE DEFENDANT:
         MR. LANE ANDREW HAYGOOD
21       Haygood Law Firm
         522 North Grant
22       Odessa, Texas  79761

23       MR. MARK BENNETT
         Bennett & Bennett
24       917 Franklin Street, Fourth Floor
         Houston, Texas  77002

25
```

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    **APPEARANCES:   (CONTINUED)**

2


3    **COURT REPORTER:**
          MS. ANN M. RECORD, RMR, CRR, CMRS, CRI
4         P.O. Box 2357
          Midland, Texas   79702
5


6


7          Proceedings reported by machine shorthand reporter.
          Transcript produced by computer-aided transcription.
8


9


10


11


12


13


14


15


16


17


18


19


20


21


22


23


24


25

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1                          **I N D E X**

2

3                                                    **PAGE**

4

5    Proceedings                                       4

6    Court's Instructions to the Jury                  4

7    Closing Argument by  Mr. Berry                    39

8    Closing Argument by  Mr. Bennett                  54

9    Closing Argument by  Mr. Berry                    66

10   Jury Deliberates                                  70

11   Verdict                                           71

12

13

14

15

16

17

18

19

20

21

22

23

24

25

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

```
1                    P R O C E E D I N G S
2              THE COURT:  Mr. Berry, outside the presence of the
3    jury, before we bring them in, do you need to bring up
4    anything, sir?
5              MR. BERRY:  No.
6              THE COURT:  Mr. Bennett?
7              MR. BENNETT:  No, Your Honor.
8              THE COURT:  All right.  We're clear?  Everybody is
9    good and everything?
10             MR. BERRY:  Yes.
11             MR. BENNETT:  Yes.
12             THE COURT:  Looks good.
13             Okay.  Let's bring them in.
14             (Jury enters at 8:58 a.m.)
15             THE COURT:  Good morning.  We have the charge.  It is
16   a little warm in here.  We've asked them to bring it down.  I'm
17   not sure how it got so warm so quickly.
18             As I read, you're welcome to read along with me or
19   just listen along, whichever you'd like to do.
20             Members of the Jury:
21             In any jury trial there are, in effect, two judges.
22   I am one of the judges; the other is the jury.  It is my duty
23   to preside over the trial and to decide what evidence is proper
24   for your consideration.  It is also my duty at the end of the
25   trial to explain to you the rules of law that you must follow
```

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    and apply in arriving at your verdict.

2            First, I will give you some general instructions

3    which apply in every case, for example, instructions about

4    burden of proof and how to judge the believability of

5    witnesses.  Then I will give you some rules of law about this

6    particular case, and finally I will explain to you the

7    procedures you should follow in your deliberations.

8            You, as jurors, are the judges of the facts.  But in

9    determining what actually happened -- that is, in reaching your

10   decision as to the facts, it is your sworn duty to follow all

11   of the rules of law as I explain them to you.

12           You have no right to disregard or give special

13   attention to any one instruction, or to question the wisdom or

14   correctness of any rule I may state to you.  You must not

15   substitute or follow your own notion or opinion as to what the

16   law is or ought to be.  It is your duty to apply the law as I

17   explain it to you regardless of the consequences.

18           It is also your duty to base your verdict solely upon

19   the evidence, without prejudice or sympathy.  You are to decide

20   this case only on the evidence which has been admitted into

21   court during trial.  That was the promise you made and the oath

22   you took before being accepted by the parties as jurors, and

23   they have the right to expect nothing less.

24           The indictment or formal charge against the defendant

25   is not evidence of guilt.  Indeed, the defendant is presumed by

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  the law to be innocent.  The defendant begins with a clean

2  slate.  The law does not require the defendant to prove his

3  innocence or produce any evidence at all and no inference

4  whatever may be drawn from the election of the defendant not to

5  testify.

6       The government has the burden of proving the

7  defendant guilty beyond a reasonable doubt, and if it fails to

8  do so, you must acquit the defendant.  While the government's

9  burden of proof is a strict or heavy burden, it is not

10  necessary that the defendant's guilt be proved beyond all

11  possible doubt.  It is only required that the government's

12  proof exclude any "reasonable doubt" concerning the defendant's

13  guilt.

14       A "reasonable doubt" is a doubt based upon reason and

15  common sense after careful and impartial consideration of all

16  the evidence in the case.  Proof beyond a reasonable doubt,

17  therefore, is proof of such a convincing character that you

18  would be willing to rely and act upon it without hesitation in

19  making the most important decisions of your own affairs.

20       As I told you earlier, it is your duty to determine

21  the facts.  To do so, you must consider only the evidence

22  presented during the trial.  Evidence is the sworn testimony of

23  the witnesses, including stipulations, and the exhibits.  The

24  questions, statements, objections, and arguments made by the

25  lawyers are not evidence.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1            The function of the lawyers is to point out those

2     things that are most significant or most helpful to their side

3     of the case, and in so doing to call your attention to certain

4     facts or inferences that might otherwise escape your notice.

5     In the final analysis, however, it is your own recollection and

6     interpretation of the evidence that controls in the case.  What

7     the lawyers say is not binding upon you.

8            During the trial I sustained objections to certain

9     questions.  You must disregard those questions entirely.  Do

10    not speculate as to what the witness would have said if

11    permitted to answer the question.  Also, certain testimony or

12    other evidence has been ordered removed from the record and you

13    have been instructed to disregard this evidence.  Do not

14    consider any testimony or other evidence which has been removed

15    from your consideration in reaching your decision.  Your

16    verdict must be based solely on the legally admissible evidence

17    and testimony.

18           Also, do not assume from anything I may have done or

19    said during the trial that I have any opinion concerning any of

20    the issues in this case.  Except for the instructions to you on

21    the law, you should disregard anything I may have said during

22    the trial in arriving at your own verdict.

23           In considering the evidence, you are permitted to

24    draw such reasonable inferences from the testimony and exhibits

25    as you feel are justified in the light of common experience.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  In other words, you may make deductions and reach conclusions

2  that reason and common sense lead you to draw from the facts

3  which have been established by the evidence.

4       Do not be concerned about whether the evidence is

5  "direct evidence" or "circumstantial evidence."  You should

6  consider and weigh all of the evidence that was presented to

7  you.

8       "Direct evidence" is the testimony of one who asserts

9  actual knowledge of a fact, such as an eyewitness.

10  "Circumstantial evidence" is proof of a chain of events and

11  circumstances indicating that something is or is not a fact.

12       The law makes no distinction between the weight to be

13  given to either direct or circumstantial evidence.  But the law

14  requires that you, after weighing all the evidence, whether

15  direct or circumstantial, be convinced of the guilt of the

16  defendant beyond a reasonable doubt before you can find him

17  guilty.

18       You have heard evidence of acts of the defendant

19  which may be similar to those charged in the indictment, but

20  which were committed on other occasions.  You must not consider

21  any of this evidence in deciding if the defendant committed the

22  acts charged in the indictment.  However, you may consider this

23  evidence for other, very limited, purposes.

24       If you find beyond a reasonable doubt from the other

25  evidence in this case that the defendant did commit the acts

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  charged in the indictment, then you may consider evidence of

2  the similar acts allegedly committed on other occasions to

3  determine:

4          Whether the defendant had a state of or intent

5  necessary to commit the crime charged in the indictment;

6                          or

7          Whether the defendant had a motive or the opportunity

8  to commit the acts charged in the indictment;

9                          or

10         Whether the defendant acted according to a plan or in

11 preparation for commission of a crime;

12                         or

13         Whether the defendant committed the acts for which he

14 is on trial by accident or mistake.

15         These are limited purposes for which any evidence of

16 other similar acts may be considered.

17         Government's Exhibit 26A through R contain a

18 transcript of the oral conversation which can be heard on the

19 recording.  The transcript also purports to identify the

20 speakers engaged in such conversation.

21         I have admitted the transcript for the limited and

22 secondary purpose of aiding you in following the content of the

23 conversation as you listen to the recording, and also to aid

24 you in identifying the speakers.

25         You are specifically instructed that whether the

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  transcript correctly or incorrectly reflects the content of the

2  conversation or the identity of the speakers is entirely for

3  you to determine based upon your own evaluation of the

4  testimony you have heard concerning the preparation of the

5  transcript, and from your own examination of the transcript in

6  relation to your hearing of the recording itself as the primary

7  evidence of its own contents; and, if you should determine that

8  the transcript is in any respect incorrect or unreliable, you

9  should disregard it to that extent.  It is what you hear on the

10  recording that is evidence, not the transcripts.

11         I remind you that it is your job to decide whether

12  the government has proved the guilt of the defendant beyond a

13  reasonable doubt.  In doing so, you must consider all of the

14  evidence.  This does not mean, however, that you must accept

15  all of the evidence as true or accurate.

16         You are the sole judges of the credibility or

17  "believability" of each witness and the weight to be given each

18  witness' testimony.  An important part of your job will be

19  making judgments about the testimony of the witnesses who

20  testified in this case.  You should decide whether you believe

21  all, some part, or none of what each person had to say and how

22  important that testimony was.  In making that decision, I

23  suggest that you ask yourself some questions:  Did the witness

24  impress you as honest?  Did the witness have any particular

25  reason not to tell the truth?  Did the witness have a personal

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   interest in the outcome of the case?  Did the witness have any

2   relationship with either the government or the defense?  Did

3   the witness seem to have a good memory?  Did the witness

4   clearly see or hear the things about which he or she testified?

5   Did the witness have the opportunity and ability to understand

6   the questions clearly and answer them directly?  Did the

7   witness' testimony differ from the testimony of other

8   witnesses?  These are a few of the considerations that will

9   help you determine the accuracy of what each witness said.

10          Your job is to think about the testimony of each

11   witness you have heard and decide how much you believe of what

12   each witness had to say.  In making up your mind and reaching a

13   verdict, do not make any decisions simply because there are

14   more witnesses on one side than on the other.  Do not reach a

15   conclusion on a particular point just because there were more

16   witnesses testifying for one side on that point.  You will

17   always bear in mind that the law never imposes upon a defendant

18   in a criminal case the burden or duty of calling any witnesses

19   or producing any evidence.

20          During the trial you heard the testimony of Brian

21   Nishida, who expressed opinions concerning computer forensics

22   examination.  If scientific, technical, or other specialized

23   knowledge might assist the jury in understanding the evidence

24   or in determining a fact in issue, a witness qualified by

25   knowledge, skill, experience, training, or education may

Case 4:19-cr-00774-DC   Document 147   Filed 09/14/21   Page 12 of 83

12

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    testify and state an opinion concerning such matters.

2           Merely because such a witness has expressed an

3    opinion does not mean, however, that you must accept this

4    opinion.  You should judge such testimony like any other

5    testimony.  You may accept it or reject it and give it as much

6    weight as you think it deserves, considering the witness'

7    education and experience, the soundness of the reasons given

8    for the opinion, and all other evidence in the case.

9           The testimony of an alleged accomplice, and/or the

10   testimony of one who provides evidence against a defendant as

11   an informer for pay, for immunity from punishment, or for

12   personal advantage or vindication, must always be examined and

13   weighed by the jury with greater care and caution than the

14   testimony of ordinary witnesses.  You, the jury, must decide

15   whether the witness' testimony has been affected by the

16   circumstances, by the witnesses' interest in the outcome of the

17   case, by prejudice against the defendant, or by the benefits

18   that the witness has received, either financially or as a

19   result of being immunized from prosecution.  You should keep in

20   mind that such testimony is always to be received with caution

21   and weighed with great care.

22          You should never convict any defendant upon the

23   unsupported testimony of such a witness unless you believe that

24   testimony beyond a reasonable doubt.

25          You are here to decide whether the government has

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  proved beyond a reasonable doubt that the defendant is guilty
2  of the crimes charged.  The defendant is not on trial for any
3  act, conduct, or offense not alleged in the indictment.
4  Neither are you called upon to return a verdict as to the guilt
5  of any other person or persons not on trial as a defendant in
6  this case, except as you are otherwise instructed.

7        If the defendant is found guilty, it will be my duty
8  to decide what the punishment will be.  You should not be
9  concerned with punishment in any way.  It should not enter into
10 your consideration or discussion.

11       You will note that the indictment charges that the
12 offenses were committed on or about specified dates.  The
13 government does not have to prove that the crimes were
14 committed on those exact dates, so long as the government
15 proves beyond a reasonable doubt that the defendant committed
16 the crimes on dates reasonably near January 1, 1996, continuing
17 until on or about November 7, 2019; October 24, 2019; and
18 November 7, 2019, the dates stated in the indictment.

19       A separate crime is charged in each count of the
20 indictment.  Each count, and the evidence pertaining to it,
21 should be considered separately.  The fact that you may find
22 the defendant guilty or not guilty as to one of the crimes
23 charged should not control your verdict as to any other.

24       The indictment contains multiple counts, which read
25 as follows:

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          **COUNT ONE**

2          That on or about October 24, 2019, in the Western

3  District of Texas, the Defendant,

4          **THOMAS ALAN ARTHUR**,

5  did knowingly produce, distribute, receive, and possess with

6  the intent to distribute, a visual depiction of any kind,

7  including a drawing that depicts a minor engaging in

8  sexually explicit conduct and is obscene, to wit: a drawing

9  of a prepubescent female engaged in the lascivious

10  exhibition of the genitals or pubic area and this visual

11  depiction had been mailed, or shipped or transported in

12  interstate or foreign commerce by any means, including by

13  computer, or was produced using materials that have been

14  mailed, or that have been shipped or transported in

15  interstate or foreign commerce by any means, including by

16  computer.

17          A violation of Title 18, United States Code,

18  Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*

19  328 U.S. 640 (1946).

20          **COUNT TWO**

21          That on or about November 7, 2019, in the Western

22  District of Texas, the Defendant,

23          **THOMAS ALAN ARTHUR**,

24  aided and abetted by others, knowingly used an interactive

25  computer service for carriage in interstate and foreign

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   commerce, an obscene matter, to wit: obscene story 1.

2          A violation of Title 18, United States Code,

3   Section 1462(a), Section 2, and *Pinkerton v. United States*,

4   328 U.S. 640 (1946).

5                        **COUNT THREE**

6          That on or about November 7, 2019, in the Western

7   District of Texas, the Defendant,

8                   **THOMAS ALAN ARTHUR**,

9   aided and abetted by others, knowingly used an interactive

10  computer service for carriage in interstate and foreign

11  commerce, an obscene matter, to wit: obscene story 2.

12         A violation of Title 18, United States Code,

13  Section 1462(a), Section 2, and *Pinkerton v. United States*,

14  328 U.S. 640 (1946).

15                        **COUNT FOUR**

16         That on or about November 7, 2019, in the Western

17  District of Texas, the Defendant,

18                  **THOMAS ALAN ARTHUR**,

19  aided and abetted by others, knowingly used an interactive

20  computer service for carriage in interstate and foreign

21  commerce, an obscene matter, to wit: obscene story 3.

22         A violation of Title 18, United States Code,

23  Section 1462(a), Section 2, and *Pinkerton v. United States*,

24  328 U.S. 640 (1946).

25                        **COUNT FIVE**

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          That on or about November 7, 2019, in the Western

2   District of Texas, the Defendant,

3                          **THOMAS ALAN ARTHUR**,

4   aided and abetted by others, knowingly used an interactive

5   computer service for carriage in interstate and foreign

6   commerce, an obscene matter, to wit: obscene story 4.

7          A violation of Title 18, United States Code,

8   Section 1462(a), Section 2, and *Pinkerton v. United States*,

9   328 U.S. 640 (1946).

10                          <u>**COUNT SIX**</u>

11          That on or about November 7, 2019, in the Western

12   District of Texas, the Defendant,

13                          **THOMAS ALAN ARTHUR**,

14   aided and abetted by others, knowingly used an interactive

15   computer service for carriage in interstate and foreign

16   commerce, an obscene matter, to wit: obscene story 5.

17          A violation of Title 18, United States Code,

18   Section 1462(a), Section 2, and *Pinkerton v. United States*,

19   328 U.S. 640 (1946).

20                          <u>**COUNT SEVEN**</u>

21          That on or about January 1, 1996, to on or about

22   November 7, 2019, in the Western District of Texas, and

23   elsewhere, the Defendant,

24                          **THOMAS ALAN ARTHUR**,

25   aided and abetted by others, was engaged in the business of

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  selling and transferring obscene matter, and knowingly

2  received and possessed with the intent to distribute obscene

3  stories and drawings of minors engaging in sexually explicit

4  conduct, which was shipped and transported in interstate and

5  foreign commerce.

6       A violation of Title 18, United States Code,

7  Section 1466, Section 2, and *Pinkerton v. United States*,

8  328 U.S. 640 (1946).

9        **COUNT EIGHT**

10       That on or about November 7, 2019, in the Western

11  District of Texas, the Defendant,

12        **THOMAS ALAN ARTHUR**,

13  did knowingly produce, distribute, receive, and possess with

14  the intent to distribute, a visual depiction of any kind,

15  including a drawing that depicts a minor engaging in

16  sexually explicit conduct and is obscene, to wit: a drawing

17  of a prepubescent female performing fellatio on an adult

18  male and this visual depiction had been mailed, or shipped

19  or transported in interstate or foreign commerce by any

20  means, including by computer, or was produced using

21  materials that have been mailed, or that have been shipped

22  or transported in interstate or foreign commerce by any

23  means, including by computer.

24       A violation of Title 18, United States Code,

25  Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*,

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  328 U.S. 640 (1946).

2                              **COUNT NINE**

3           That on or about November 7, 2019, in the Western

4  District of Texas, the Defendant,

5                          **THOMAS ALAN ARTHUR**,

6  did knowingly produce, distribute, receive, and possess with

7  the intent to distribute, a visual depiction of any kind,

8  including a drawing that depicts a minor engaging in

9  sexually explicit conduct and is obscene, to wit: a drawing

10 of prepubescent females performing fellatio on adult penises

11 and this visual depiction had been mailed, or shipped or

12 transported in interstate or foreign commerce by any means,

13 including by computer, or was produced using materials that

14 have been mailed, or that have been shipped or transported

15 in interstate or foreign commerce by any means, including by

16 computer.

17           A violation of Title 18, United States Code,

18 Section 1466A(a)(1), Section 2, and *Pinkerton v. United States*,

19 328 U.S. 640 (1946).

20           Title 18, United States Code, Section 1466A, makes it

21 a crime for anyone to produce, distribute, receive, or possess

22 with intent to distribute, a visual depiction of a minor

23 engaging in sexually explicit conduct.

24           For you to find the defendant guilty of Count One,

25 you must be convinced that the government has proved each of

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   the following beyond a reasonable doubt:

2          *First*:  That the defendant knowingly produced,

3   distributed, received, or possessed with intent to distribute,

4   a visual depiction;

5          *Second*:  That the visual depiction is of a minor

6   engaging in sexually explicit conduct;

7          *Third*:  That the visual depiction is obscene; and

8          *Fourth*:  That any visual depiction involved in the

9   offense had been mailed, or shipped, or transported in

10  interstate or foreign commerce by any means, including by

11  computer, or was produced using materials that were mailed or

12  shipped or transported in interstate or foreign commerce,

13  including by computer.

14         The parties have stipulated that Defendant Thomas

15  Alan Arthur knowingly distributed, received, and possessed with

16  intent to distribute the visual depiction charged in Count One

17  and that the visual depiction charged in Count One had been

18  shipped and transported in interstate and foreign commerce by

19  any means, including by computer, and was produced using

20  materials that had been mailed, and had been shipped and

21  transported in interstate and foreign commerce by any means,

22  including by computer.

23         "Visual depiction" includes undeveloped film and

24  videotape, and data stored on a computer disk or by electronic

25  means which is capable of conversion into a visual image, and

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  also includes any photograph, film, video, picture, digital

2  image or picture, computer image or picture, or computer

3  generated image or picture, whether made or produced by

4  electronic, mechanical, or other means.

5           The term "computer" means an electronic, magnetic,

6  optical, electrochemical, or other high speed data processing

7  device performing logical, arithmetic, or storage functions,

8  and includes any data storage facility or communication

9  facility directly related to or operating in conjunction with

10 such device, but such term does not include an automated

11 typewriter or typesetter, a portable handheld calculator, or

12 other similar device.

13          The term "minor" means any person under the age of

14 eighteen years.

15          Interstate commerce means commerce or travel between

16 one state, territory or possession of the United States and

17 another state, territory or possession of the United States,

18 including the District of Columbia.

19          Foreign commerce means commerce or travel between any

20 part of the United States, including its territorial waters,

21 and any other country, including its territorial waters.

22          Commerce includes travel, trade, transportation, and

23 communication.

24          "Sexually explicit conduct" means actual or simulated

25 sexual intercourse, including genital-genital, oral-genital,

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   anal-genital, or oral-anal, whether between persons of the same

2   or opposite sex; bestiality, masturbation, sadistic or

3   masochistic abuse; or lascivious exhibition of the genitals or

4   pubic area of any person.

5          Be cautioned that not every exposure of the genitals

6   or pubic area constitutes lascivious exhibition.  Whether a

7   visual depiction constitutes a lascivious exhibition requires a

8   consideration of the overall content of the material.  You may

9   consider such factors as:  (1) whether the focal point of the

10  visual depiction is on the child's genitalia or pubic area; (2)

11  whether the setting of the depiction is sexually suggestive,

12  that is, in a place or pose associated with sexual activity;

13  (3) whether the child is depicted in an unnatural pose or in

14  inappropriate attire, considering the age of the child; (4)

15  whether the child is fully or partially nude; (5) whether the

16  visual depiction suggests sexual coyness or a willingness to

17  engage in sexual activity; and (6) whether the depiction is

18  designed to elicit a sexual response in the viewer.  This list

19  is not exhaustive and no single factor is dispositive.

20          Freedom of expression has contributed much to the

21  development and well-being of our free society.  In the

22  exercise of the fundamental constitutional right to free

23  expression which all of us enjoy, sex may be portrayed, and the

24  subject of sex may be discussed, freely and publicly.  Material

25  is not to be condemned merely because it contains passages or

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    sequences that are descriptive of sexual activity.  However,

2    the constitutional right to free expression does not extend to

3    that which is obscene.

4           To prove a matter is "obscene," the government must

5    satisfy three tests:  (1) that the work appeals predominantly

6    to prurient interest; (2) that it depicts or describes sexual

7    conduct in a patently offensive way; and (3) that the material,

8    taken as a whole, lacks serious literary, artistic, political,

9    or scientific value.

10          An appeal to "prurient" interest is an appeal to a

11   morbid, degrading, and unhealthy interest in sex, as

12   distinguished from an ordinary interest in sex.

13          The first test, therefore, is whether the predominant

14   theme or purpose of the material, when viewed as a whole and

15   not part by part, and when considered in relation to the

16   intended and probable recipients, is an appeal to the prurient

17   interest of an average person in the community as a whole or to

18   the prurient interest of members of a deviant sexual group.  In

19   making this decision, you must examine the main or principal

20   focus of the material, when assessed in its entirety and based

21   on its total effect, not on incidental themes or isolated

22   passages or sequences.

23          The second test is whether the material depicts or

24   describes, in a patently offensive way, sexual conduct such as

25   ultimate sexual acts, normal or perverted, actual or simulated;

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  masturbation; excretory functions; or lewd exhibition of the

2  genitals.

3          These first two tests which I have described are to

4  be decided by you, applying contemporary community standards.

5  This means that you should make the decision in the light of

6  contemporary standards that would be applied by the average

7  person in this community, with an average and normal attitude

8  toward an interest in sex.  Contemporary community standards

9  are those accepted in this community as a whole.  You must

10 decide whether the material would appeal predominantly to

11 prurient interests and would depict or describe sexual conduct

12 in a patently offensive way when viewed by an average person in

13 this community as a whole, that is, by the community at large

14 or in general.  Matter is patently offensive by contemporary

15 community standards if it so exceeds the generally accepted

16 limits of candor in the entire community as to be clearly

17 offensive.  You must not judge the material by your own

18 personal standards, if you believe them to be stricter than

19 those generally held, nor should you determine what some groups

20 of people may believe the community ought to accept or refuse

21 to accept.  Rather, you must determine the attitude of the

22 community as a whole.

23          However, the prurient-appeal requirement may also be

24 assessed in terms of the sexual interest of a clearly defined

25 deviant sexual group if the material in question was intended

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  to appeal to the prurient interest of that group, as

2  distinguished from the community in general.

3       If you find that the material meets the first two

4  tests of the obscenity definition, your final decision is

5  whether the material, taken as a whole, lacks serious literary,

6  artistic, political, or scientific value.  Unlike the first two

7  tests, this third test is not to be decided on contemporary

8  community standards but rather on the basis of whether a

9  reasonable person, considering the material as a whole, would

10  find that the material lacks serious literary, artistic,

11  political, or scientific value.  An item may have serious value

12  in one or more of these areas even if it portrays sexually

13  oriented conduct.  It is for you to say whether the material in

14  this case has such value.

15       All three of these tests must be met before the

16  material in question can be found to be obscene.  If any one of

17  them is not met, the material would not be obscene within the

18  meaning of the law.

19       **COUNTS TWO, THREE, FOUR, FIVE, AND SIX:**

20       Title 18, United States Code, Section 1462, makes it

21  a crime for anyone to use a common carrier to transmit obscene

22  material in interstate or foreign commerce.

23       For you to find the defendant guilty of Count Two,

24  you must be convinced that the government has proved each of

25  the following beyond a reasonable doubt:

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          *First*:  That the defendant knowingly used an

2   interactive computer service to transport Story 1 in interstate

3   or foreign commerce, as charged;

4          *Second*:  That the defendant knew, at the time of such

5   transportation, the sexually oriented content of the material;

6   and

7          *Third*:  That the material was obscene.

8          For to you find the defendant guilty of Count Three,

9   you must be convinced that the government has proved each of

10  the following beyond a reasonable doubt:

11         *First*:  That the defendant knowingly used an

12  interactive computer service to transport Story 2 in interstate

13  or foreign commerce, as charged;

14         *Second*:  That the defendant knew, at the time of such

15  transportation, the sexually oriented content of the material;

16  and

17         *Third*:  That the material was obscene.

18         For you to find the defendant guilty of Count Four,

19  you must be convinced that the government has proved each of

20  the following beyond a reasonable doubt:

21         *First*:  That the defendant knowingly used an

22  interactive computer service to transport Story 3 in interstate

23  or foreign commerce, as charged;

24         *Second*:  That the defendant knew, at the time of such

25  transportation, the sexually oriented content of the material;

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  and

2          *Third*:  That the material was obscene.

3          For you to find the defendant guilty of <u>Count Five</u>,

4  you must be convinced that the government has proved each of

5  the following beyond a reasonable doubt:

6          *First*:  That the defendant knowingly used an

7  interactive computer service to transport Story 4 in interstate

8  or foreign commerce, as charged;

9          *Second*:  That the defendant knew, at the time of such

10  transportation, the sexually oriented content of the material;

11  and

12          *Third*:  That the material was obscene.

13          For to you find the defendant guilty of <u>Count Six</u>,

14  you must be convinced that the government has proved each of

15  the following beyond a reasonable doubt:

16          *First*:  That the defendant knowingly used an

17  interactive computer service to transport Story 5 in interstate

18  or foreign commerce, as charged;

19          *Second*:  That the defendant knew, at the time of such

20  transportation, the sexually oriented content of the material;

21  and

22          *Third*:  That the material was obscene.

23          The parties have stipulated that Defendant Thomas

24  Alan Arthur knowingly used an interactive computer service to

25  transport Story 1, Story 2, Story 3, Story 4, and Story 5, as

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  charged in Counts Two through Six, in interstate and foreign

2  commerce and that he knew, at the time of such transportation,

3  the sexually oriented content of the material.

4       "Interactive computer service" means any information

5  service, system, or access to software provider that provides

6  or enables computer access by multiple users to a computer

7  service, including specifically a service or system that

8  provides access to the Internet and such systems operated or

9  services offered by libraries or educational institutions.

10      One of the specific facts the government must prove

11 is that the defendant knew of the sexually oriented contents of

12 the material that was transported in interstate commerce.  The

13 government is not obligated to prove that the defendant knew

14 that such material was legally obscene, only that the content

15 was sexually oriented.

16      The definitions of "foreign commerce," "interstate

17 commerce," "commerce," and "obscene" provided for Count One

18 apply to Counts Two, Three, Four, Five, and Six.

19                          **COUNT SEVEN:**

20      Title 18, United States Code, Section 1466, makes it

21 a crime for anyone to engage in the business of selling or

22 transferring Obscene material.

23      For you to find the defendant guilty of Count Seven,

24 you must be convinced that the government has proved each of

25 the following beyond a reasonable doubt:

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1       *First*:  That the defendant was engaged in the

2 business of selling, transferring, receiving, or possessing

3 stories or drawings;

4       *Second*:  That the defendant knowingly sold or

5 transferred stories or drawings, or knowingly received or

6 possessed stories or drawings with the intent to distribute

7 them;

8       *Third*:  That the stories or drawings are obscene; and

9       *Fourth*:  That the stories or drawings have been

10 shipped or transported in interstate or foreign commerce.

11       The parties have stipulated that Defendant Thomas

12 Alan Arthur, from June 21, 1998, to November 7, 2019, engaged

13 in the business of producing, selling, and transferring the

14 stories and drawings on the Mr. Double Web site; that he

15 knowingly sold, transferred, and produced the stories and

16 drawings on the Mr. Double Web site with intent to distribute

17 and sell; and that the stories and drawings on the Mr. Double

18 Web site have been shipped and transported in interstate and

19 foreign commerce.

20       To "distribute" something means to deliver or

21 transfer possession of it to someone else, with or without any

22 financial interest in the transaction.  Placing the material in

23 a shared folder accessible to other users constitutes

24 distribution, even in the absence of proof that anyone else

25 accessed the files.

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    To "engage in the business" means that the person who

2  produces, sells or transfers or offers to sell or transfer

3  obscene matter devotes time, attention, or labor to such

4  activities, as a regular course of trade or business, with the

5  objective of earning a profit, although it is not necessary

6  that the person make a profit or that the production, selling

7  or transferring or offering to sell or transfer such material

8  be the person's sole or principal business or source of income.

9    The definition of "foreign commerce," "interstate

10 commerce," and "commerce" and "obscene" provided for Count One

11 apply to Count Seven.

12                    **COUNTS EIGHT AND NINE:**

13    Title 18, United States Code, Section 1466A, makes it

14 a crime for anyone to produce, distribute, receive, or possess

15 with intent to distribute, a visual depiction of a minor

16 engaging in sexually explicit conduct.

17    For you to find the defendant guilty of <u>Count Eight</u>,

18 you must be convinced that the government has proved each of

19 the following beyond a reasonable doubt:

20    *First*:  That the defendant knowingly produced,

21 distributed, received, or possessed with intent to distribute,

22 a visual depiction;

23    *Second*:  That the visual depiction is of a minor

24 engaging in sexually explicit conduct;

25    *Third*:  That the visual depiction is obscene; and

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1      *Fourth*:  That any visual depiction involved in the

2  offense had been mailed, or shipped, or transported in

3  interstate or foreign commerce by any means, including by

4  computer, or was produced using materials that were mailed or

5  shipped or transported in interstate or foreign commerce,

6  including by computer.

7      For you to find the defendant guilty of Count Nine,

8  you must be convinced that the government has proved each of

9  the following beyond a reasonable doubt:

10     *First*:  That the defendant knowingly produced,

11  distributed, received, or possessed with intent to distribute,

12  a visual depiction;

13     *Second*:  That the visual depiction is of a minor

14  engaging in sexually explicit conduct;

15     *Third*:  That the visual depiction is obscene; and

16     *Fourth*:  That any visual depiction involved in the

17  offense had been mailed, or shipped, or transported in

18  interstate or foreign commerce by any means, including by

19  computer, or was produced using materials that were mailed or

20  shipped or transported in interstate or foreign commerce,

21  including by computer.

22     The parties have stipulated that Defendant Thomas

23  Alan Arthur knowingly distributed, received, and possessed with

24  intent to distribute the visual depictions charged in

25  Counts Eight and Nine; that he knew, at the time of such

Case 4:19-cr-00774-DC  Document 147  Filed 09/14/21  Page 31 of 83

31

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   production, distribution, receipt, and possession with intent

2   to distribute, the sexually oriented nature of the visual

3   depictions charged in Counts Eight and Nine; and that he knew

4   that the visual depictions charged in Counts Eight and Nine had

5   been shipped and transported in interstate and foreign commerce

6   by any means, including by computer, and were produced using

7   materials that had been mailed, and had been shipped and

8   transported in interstate and foreign commerce by any means,

9   including by computer.

10          The definitions of "interstate commerce," "foreign

11  commerce," "commerce," "sexually explicit conduct," "computer,"

12  "minor," "visual depiction," and "obscene" provided for Count

13  One apply to Counts Eight and Nine.

14          The guilt of a defendant in a criminal case may be

15  established without proof that the defendant personally did

16  every act constituting the offense alleged.  The law recognizes

17  that, ordinarily, anything a person can do for himself may also

18  be accomplished by him through the direction of another person

19  as his or her agent, or by acting in concert with, or under the

20  direction of another person or persons in a joint effort or

21  enterprise.

22          If another person is acting under the direction of

23  the defendant or if the defendant joins another person and

24  performs acts with the intent to commit a crime, then the law

25  holds the defendant responsible for the acts and conduct of

Case 4:19-cr-00774-DC   Document 147   Filed 09/14/21   Page 32 of 83

32

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   such other persons just as though the defendant had committed

2   the acts or engaged in such conduct.

3          Before the defendant may be held criminally

4   responsible for the acts of others, it is necessary that the

5   accused deliberately associate himself in some way with the

6   crime and participate in it with the intent to bring about the

7   crime.

8          Mere presence at the scene of a crime and knowledge

9   that a crime is being committed are not sufficient to establish

10  that a defendant either directed or aided and abetted the crime

11  unless you find beyond a reasonable doubt that the defendant

12  was a participant and not merely a knowing spectator.

13         In other words, you may not find the defendant guilty

14  unless you find beyond a reasonable doubt that every element of

15  the offense as defined in these instructions was committed by

16  some person or persons, and that the defendant voluntarily

17  participated in its commission with the intent to violate the

18  law.

19         For you to find the defendant guilty of Count Two,

20  you must be convinced that the government has proved each of

21  the following beyond a reasonable doubt:

22         *First*:  That the offense of interstate transportation

23  of obscene material was committed by some person;

24         *Second*:  That the defendant associated with the

25  criminal venture;

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          *Third*:  That the defendant purposefully participated

2    in the criminal venture; and

3          *Fourth*:  That the defendant sought by action to make

4    that venture successful.

5          For you to find the defendant guilty of Count Three,

6    you must be convinced that the government has proved each of

7    the following beyond a reasonable doubt:

8          *First*:  That the offense of interstate transportation

9    of obscene material was committed by some person;

10         *Second*:  That the defendant associated with the

11   criminal venture;

12         *Third*:  That the defendant purposefully participated

13   in the criminal venture; and

14         *Fourth*:  That the defendant sought by action to make

15   that venture successful.

16         For you to find the defendant guilty of Count Four,

17   you must be convinced that the government has proved each of

18   the following beyond a reasonable doubt:

19         *First*:  That the offense of interstate transportation

20   of obscene material was committed by some person;

21         *Second*:  That the defendant associated with the

22   criminal venture;

23         *Third*:  That the defendant purposefully participated

24   in the criminal venture; and

25         *Fourth*:  That the defendant sought by action to make

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  that venture successful.

2        For you to find the defendant guilty of <u>Count Five</u>,

3  you must be convinced that the government has proved each of

4  the following beyond a reasonable doubt:

5        *First*:  That the offense of interstate transportation

6  of obscene material was committed by some person;

7        *Second*:  That the defendant associated with the

8  criminal venture;

9        *Third*:  That the defendant purposefully participated

10 in the criminal venture; and

11        *Fourth*:  That the defendant sought by action to make

12 that venture successful.

13        For you to find the defendant guilty of <u>Count Six</u>,

14 you must be convinced that the government has proved each of

15 the following beyond a reasonable doubt:

16        *First*:  That the offense of interstate transportation

17 of obscene material was committed by some person;

18        *Second*:  That the defendant associated with the

19 criminal venture;

20        *Third*:  That the defendant purposefully participated

21 in the criminal venture; and

22        *Fourth*:  That the defendant sought by action to make

23 that venture successful.

24        For you to find the defendant guilty of <u>Count Seven</u>,

25 you must be convinced that the government has proved each of

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  the following beyond a reasonable doubt:

2          *First*:  That the offense of selling or transferring

3  obscene material was committed by some person;

4          *Second*:  That the defendant associated with the

5  criminal venture;

6          *Third*:  That the defendant purposefully participated

7  in the criminal venture; and

8          *Fourth*:  That the defendant sought by action to make

9  that venture successful.

10         "To associate with the criminal venture" means that

11  the defendant shared the criminal intent of the principal.

12  This element cannot be established if the defendant had no

13  knowledge of the principal's criminal venture.

14         "Possession," as that term is used in these

15  instructions, may be one of two kinds: actual possession or

16  constructive possession.

17         A person who knowingly has direct physical control

18  over a thing, at a given time, is in actual possession of it.

19         A person who, although not in actual possession,

20  knowingly has both the power and the intention, at a given

21  time, to exercise dominion or control over a thing, either

22  directly or through another person or persons, is in

23  constructive possession of it.

24         Possession may be sole or joint.  If one person alone

25  has actual or constructive possession of a thing, possession is

Case 4:19-cr-00774-DC  Document 147  Filed 09/14/21  Page 36 of 83

36

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  sole.  If two or more persons share actual or constructive

2  possession of a thing, possession is joint.

3         You may find that the element of possession is

4  present if you find beyond a reasonable doubt that the

5  defendant had actual or constructive possession, either alone

6  or jointly with others.

7         The word "knowingly," as that term has been used from

8  time to time in these instructions, means that the act was done

9  voluntarily and intentionally, not because of mistake or

10 accident.

11        It is reasonable to infer that a person ordinarily

12 intends the natural and probable consequences of his knowing

13 acts.  The jury may draw the inference that the accused

14 intended all of the consequences which one standing in like

15 circumstances and possessing like knowledge should reasonably

16 have expected to result from any intentional act or conscious

17 omission.  Any such inference drawn is entitled to be

18 considered by the jury in determining whether or not the

19 government has proved beyond a reasonable doubt that the

20 defendant possessed the required criminal intent.

21        To reach a verdict, whether it is guilty or not

22 guilty, all of you must agree.  Your verdict must be unanimous

23 on each count of the indictment.  Your deliberations will be

24 secret.  You will never have to explain your verdict to anyone.

25        It is your duty to consult with one another and to

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  deliberate in an effort to reach agreement if you can do so.

2  Each of you must decide the case for yourself, but only after

3  an impartial consideration of the evidence with your fellow

4  jurors.  During your deliberations, do not hesitate to

5  reexamine your own opinions and change your mind if convinced

6  that you were wrong.  But do not give up your honest beliefs as

7  to the weight or effect of the evidence solely because of the

8  opinion of your fellow jurors, or for the mere purpose of

9  returning a verdict.

10        Remember at all times, you are the judges of the

11  facts.  Your duty is to decide whether the government has

12  proved the defendant guilty beyond a reasonable doubt.

13        When you go to the jury room, the first thing you

14  should do is select one of your number as your foreperson, who

15  will help to guide your deliberations and will speak for you

16  here in the courtroom.

17        A verdict form has been prepared for your

18  convenience.  The foreperson will write the unanimous answer of

19  the jury in the space provided for each count of the

20  indictment, either guilty or not guilty.  At the conclusion of

21  your deliberations, the foreperson should date and sign the

22  verdict.

23        We're going to send back one verdict form with you.

24  Your copies should not have a copy of the verdict form.  We'll

25  send that in.  It's actually got three pages to it, and it

Case 4:19-cr-00774-DC   Document 147   Filed 09/14/21   Page 38 of 83

38

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    says:

2                              **VERDICT FORM**

3              Answer "not guilty" or "guilty."

4    **COUNT ONE**

5              We the Jury find that Defendant **THOMAS ALAN ARTHUR**

6    is -- and there is a blank, underneath it says "Not Guilty" or

7    "Guilty," and the foreperson will write that in, either not

8    guilty or guilty, whichever the vote is unanimous for -- of the

9    offense charged in Count One of the indictment.

10             That's done for all nine counts.

11             As to Count Seven you'll notice there is a Special

12   Interrogatory for that count.  And it says:  If you find the

13   Defendant, **THOMAS ALAN ARTHUR**, guilty of the crime charged in

14   Count Seven of the Indictment, please list the title of the

15   stories and/or drawings you find obscene in the following blank

16   page.

17             And the blank page has:  Answer to Special

18   Interrogatory for Count Seven.

19             If you find the defendant not guilty of that count,

20   you'll have nothing.  If you find him guilty of Count Seven,

21   you'll list one or more stories or -- and/or drawings you find

22   to be obscene.

23             At this time I'm going to recognize Mr. Berry, who is

24   going to start us off.  And I told you yesterday the government

25   has -- by virtue of having the burden of proof is able to open

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  the closing arguments.  He'll also be able to split his time

2  and rebut the defense, but he gets the same amount of time as

3  the defense as well.

4          Mr. Berry, you may proceed whenever you're ready,

5  sir.

6          MR. BERRY:  Thank you, Your Honor.

7              **CLOSING ARGUMENT BY MR. BERRY**

8          MR. BERRY:  May it please the Court.

9          THE COURT:  Yes, sir.

10         MR. BERRY:  Mr. Bennett, Mr. Haygood, Mr. Arthur.

11         Ladies and gentlemen, when we started this trial, we

12  told you that we're going to present some evidence and then --

13  and we've done that.  We were able to get that all packed in

14  yesterday.  Today my charge is to walk you through the evidence

15  as officially as I can in the allotted time I have to explain

16  to you how the different exhibits and testimony fit in with the

17  nine counts that he's been charged with in this indictment.

18         What's important to understand is the way the

19  indictment is broken down.  So Counts One, Eight, and Nine

20  pertain to drawings.  Okay.  Those drawings are going to be

21  found in Exhibits 10A, 11A, and 12A.  Those are the drawings

22  that you've seen during this trial, and they relate to those

23  three counts.

24         Counts Two through Six are the story counts, okay?

25  We have three counts on the drawings, One, Eight, and Nine;

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  five counts on stories, Counts Two through Sixth.

2          The exhibits for Counts Two through Sixth

3  specifically are 5A, 6A, 7A, 8A, and 9A.  Those are the

4  individual stories that we passed around that you each read

5  yesterday in full.

6          And then Count Seven is its own thing.  And that is

7  what we call the business count charging him with engaging in a

8  business of transporting these types of obscene material

9  drawings and stories.  So the business count kind of imports a

10  lot of the other evidence, and we will talk about those

11  exhibits as well.

12          A really important exhibit to keep in mind is

13  Exhibit 34.  We didn't spend any time with it yesterday, but it

14  will be there with you, and that is what's called the

15  Stipulations.  Judge Counts was reading the instructions to

16  you.  He would read a portion of the instruction and then you

17  would hear him say:  The parties have stipulated X, which means

18  that the parties have agreed on certain elements of the

19  offense.  So in the instructions when it says the Explanation

20  of Counts, and it says first element, second element, third

21  element, fourth element, and then you'll see right after that

22  the parties have stipulated to certain things.

23          So I'm going to simplify things for you, and I'm

24  going to explain how that works right now.  Many of those

25  elements that the Judge just read do not require a great deal

1   of deliberation by you guys because the parties have stipulated

2   to it.  We put on evidence in addition to those stipulations

3   that supports it and confirms that, but there is a lot that you

4   don't have to worry about such as were these things transported

5   in interstate or foreign commerce.  You heard testimony about

6   it.  Server in the Netherlands.  It was on Internet.  People

7   all over the world, people all over the country, but the

8   parties have stipulated that this stuff moved in interstate

9   commerce.

10          So what is the core issues -- what are the core

11  issues that you really have to focus on in your deliberations?

12  And there are the primary -- the primary issues of dispute come

13  back to Count One.  We don't agree whether it's sexually

14  oriented.  The Count One is the drawing in 10A.  Was that

15  sexually oriented in Count One?

16          The other thing we don't necessarily agree on is

17  Counts One, Eight, and Nine, the drawings.  Do those depict

18  minors?  A minor is defined in your instruction as the Court

19  said as someone under the age of 18.  It doesn't have to be

20  someone under the age of 12.  It doesn't have to be under the

21  age of 15 or under the age 8.  Under the age of 18, that's a

22  minor.  So when you look at those drawings, you decide for

23  yourself whether you believe that they are under the age of 18.

24          And then with regards to all of the counts, there is

25  the question of whether it is, in fact, obscene; and that is

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  the core dispute and question you guys are going to have to

2  wrestle with.

3          So with regards to Counts Eight and Nine, there is

4  not dispute about whether this is sexually oriented.  The

5  parties agreed.  The defendant concedes that is sexually

6  oriented.  Okay.  That's 11A and 12A.

7          But with regards to Count One, this is a dispute.

8  You guys have to decide is this image sexually oriented?  I

9  submit to you that there is plenty of evidence for you to look

10  at that image and determine it is sexually oriented, not the

11  least of which are the words surrounding it, the context which

12  is talking about little girls having sex, ten year old, fifth

13  grade, small titty mounds, things like that.

14          Well, look at your instructions.  And I apologize

15  that the instruction I was working from last night were

16  numbered slightly differently than they are now.  So we need to

17  verify.  So it does start on 15 but technically you need to be

18  looking at 16 in your instructions for this part of it.  And

19  this is what we refer to the factors that you can consider,

20  that are broken out in six factors.

21          And it says you can determine that this is sexually

22  oriented if you say it is a lascivious exhibition of the

23  genitals.  Well, what is a lascivious exhibition of the

24  genitals?  What the instructions tell you is to look at a few

25  things to decide whether that is.  What is the focal point of

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  the -- what is the focal point of the picture, right?  What are

2  we talking about?

3          So you can see the center of the picture that you

4  could argue that is the focal point, which is, of course, the

5  genitals and the pubic area, okay?

6          Is it in a sexually suggestive pose?  She is laid on

7  her back spread eagle with a finger in her pubic area.

8          Is it fully nude or partially nude is what it says in

9  the instructions.  Here, clearly fully nude.

10         Does it appear to have a willingness to engage in

11 sexual activity?  The spread of the legs is intended to do

12 that.

13         And also, is it designed to elicit a sexual response

14 in the viewer?  That doesn't mean that you want to have sex

15 with her.  Is it designed to have a sexual response in the

16 viewer that's intended to be looking at that?  And the answer

17 to that is clearly yes.

18         Is it a minor?  There are a few things that you can

19 look at.  The defense spent some time on trying to decide

20 whether this was a minor yesterday.  But I think Special

21 Agent Ewan testified and said, You have to look at some context

22 clues, right?  Where is the drawing found?  First of all, it's

23 found on a Web site dedicated to talking about sex with

24 children.  So is this likely to be a 20-year-old woman on here?

25 And the answer is no.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          Also, look at just the size of the child -- of the
2  person in there, and then look at the context in which it was
3  placed on that web page.  Little girls having sex.
4  10-year-old, fifth grade.  Mere slit between her legs.  Small
5  titty mounds.  These are all context clues to tell you that
6  this is a child.

7          Another context clue that I think is important to
8  think about is look at her hand.  Not the one in the pubic
9  area, the one that nobody is paying attention to up here.  That
10 child is in distress.  She doesn't want to be looked at that
11 way, and that is what these people want to view.  They like to
12 see that in distress.

13         What about Counts Eight and Nine?  Are they minors?
14 Inexplicably that's in dispute between the defense and the
15 prosecution in this case.

16         They spent time talking about breast development and
17 pubic hair, pubic area.  Well, you can clearly see both of
18 these have obvious signs of being a child.  I don't think
19 that's something you're going to have to wrestle hard with.
20 They're clearly minors.

21         More dispute issues.  So going back to the dispute
22 issues.  So Count One, was it sexually oriented?  The girl
23 laying on her back with her finger in her pubic area.  Yes,
24 sexually oriented.

25         Counts One, Eight, and Nine, are they minors?

1  Absolutely.  I don't think that you're going to struggle with

2  that.

3          So then we go to what about all the stories and

4  drawings in terms of, Okay.  They're sexually oriented.  It's a

5  minor, whatever; but does it fit the standard, the definition

6  of obscene?  And obscene is defined in three parts, and you

7  heard Mr. Haygood reference it in his opening statement.  We

8  will talk about those factors there as well.

9          So there's three of them.  It is prurient interests,

10  which is an obnoxious legal word that's defined in your

11  instructions that explains what it is.  We'll talk about that

12  in just a second.  Two is, is it patently offensive?  And then,

13  three, does it lack serious -- and then I just have an acronym,

14  serious literary, artistic, political, or scientific value,

15  okay?

16          So let's go through them.  Prurient interest is

17  defined in the instruction as an appeal to morbid, degrading,

18  of unhealthy interest in sex.  But it's also defined as:  Is it

19  intended to appeal to the members of a deviant sexual group as

20  opposed to just the average person in this community?

21          So the defense spent time talking about we had to

22  agree to come into this Web site and you had to pay for a

23  membership and you could only see so much.  Well, all that

24  actually goes toward the idea that this is a group of

25  individuals who was devoted to one thing and one thing only,

Case 4:19-cr-00774-DC   Document 147   Filed 09/14/21   Page 46 of 83

46

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  and that was their interest in sex with children.  That is a

2  clearly defined deviant sexual group.  And that's what this is

3  intended to appeal to, each of these stories and drawings was

4  aimed at that group, which is why it is submitted to the

5  defendant so that he could post it on his Web site.

6          So when we talk about those factors, what does it

7  look like to be a member of a deviant sexual group?  One of the

8  authors that you saw -- read one of their stories, Mr. Arthur,

9  the defendant himself, e-mailed that author and say, I must say

10 you have a fabulous knack for a compelling story title.  I have

11 told authors from time to time asking me how to improve their

12 stories and page views.  It's all in the title.  Give a reader

13 a choice between reading a story called "Out on the town" and

14 "I love sucking daddy's cock every night," guess which story

15 will get twice the readers?

16         Yeah, you know already.  Great work.  This is a group

17 that was designed -- that was aimed at engaged in deviant

18 sexual activity with children.  That is a deviant sexual group.

19 That's what all the stuff was geared towards.

20         Another example of that is he's talking to the

21 authors as a collective, in a group e-mail to the authors

22 saying, Hey, Visa is demanding that I remove certain words like

23 bestiality and preteen and pedo, like pedophile.  And if we

24 don't do that, then they're not going to let us run through

25 Visa, and that's going to affect payment, and I'm not going to

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    be able to pay authors and that sort of thing.

2          So he's talking to the authors.  He's talking to the

3    deviant sexual group saying big company doesn't like what we're

4    doing because we're a deviant sexual group, but I'm not

5    changing.

6          Another e-mail from the defendant.  He's writing to

7    an individual author and he says to bring -- you see the

8    exhibit stickers.  You can go back and see these, the exhibit

9    sticker on the bottom, if that is something that you want to go

10   back and look at, that's there in the corner for you to take a

11   note about.

12         To bring you up to date on the site's history, we've

13   been kicked off of every service from credit card processors to

14   web hosting providers to search engine giants such as Google.

15         So he's talking about how all the big companies, once

16   they became familiar with his Web site, they said, We don't

17   want anything to do with that.  Why?  Because they're a deviant

18   sexual group.

19         Similarly, Exhibit 29G.  My pleasure.  Really, this

20   is what I do all day.  I'm internally grateful that I work with

21   porn all day and chose not to become a corporate systems

22   analyst in the '90s.

23         This is, again, an e-mail from the defendant.  And

24   he's talking about how his poor wife has to put up with him and

25   he chases her around the house with a beer and a hard-on

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  telling her how he's bombarded with porn, porn, and more porn
2  from the second he wakes up until the end of his day.  Why?
3  Because he's exclusively focused on this deviant sexual group
4  that's engaged in talking about sexual abuse of children.

5          Another example of it.  He's writing a specific
6  author and he's really, really impressed with the author's
7  work.  And what is it he's impressed with?  He says he had to
8  stop formatting the story before he posted it because he just
9  couldn't help himself.  He had to read the whole thing, and he
10 just really loved that author's descriptions about little pedo
11 nipples and cum covered preteen.  That is evidence of a deviant
12 sexual group.  These stories appeal to that type of group.

13         And then another one where he is talking about how he
14 is writing to an author.  He talks about, I tried my hot
15 14-year-old cousin but gave up after years of trying.  Well, I
16 gave up when she became over the hill, 17.  That, again, is
17 evidence of him being part of a deviant sexual group that these
18 stories are designed to appeal to.

19         Then there were the forum chats which you'll find in
20 Exhibit 31 with subletters A through something.  This one is
21 31B.  And this is a posting by Mr. Double himself, and the name
22 of the particular topic that day in Mr. Double's taboo teen
23 incest forum was:  I saw the hottest little honey today.  And
24 he's talking about how he was at the 7-Eleven buying
25 cigarettes, and this 11- to 12-year-old girl came up to talk to

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  him and tells him he should stop smoking, and all he could do

2  was concentrate on her breast/chest area, what he referred to

3  as walnuts.  Walnuts, walnuts, walnuts, small taste, little

4  nibble of her nubbins.  I swear, just a little taste.

5          This is Exhibit 31B that you can examine as well.

6  This is him talking to other people on that group.  This is the

7  deviant sexual group that these stories were designed to appeal

8  to.

9          And then you also see that he says on the post when

10 they ask -- one of the forum topics was, you know, what's your

11 pen name?  And why is it -- where does it come from?  And he

12 posts himself on there, and he tells you that his pen name was

13 Que, Spanish for what.  And then he goes on to explain where

14 that name comes from.  That shows that he is an author, which

15 you heard Sandra Arthur testify that he was, in fact, an author

16 a couple of times, and you will see those stories in 35AA and

17 35BB.

18         Another example of it being a deviant sexual group is

19 the forum topic:  Pedophilia or incest fantasies, would you

20 change if you could?  And his answer is:  I will never stop

21 fantasizing, reminiscing, or thinking back to the experience

22 that I had in my younger years.  And this is on the teen incest

23 forum that he hosts on Mr. Double Web site.  That, again, is

24 evidence of a deviant sexual group that these stories are

25 designed to appeal to.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          So then the next factor on the test, whether it's

2  obscene.  So we've done deviant sexual group, which is part of

3  the prurient interest issue.  Now we're going to go on to

4  patently offensive.  So patently offensive, again, I have it as

5  16.  There is a correction now.  I think patently offensive is

6  now on 17, it looks like.  Yes, 17.

7          And that talks about, well, what is it to be patently

8  offensive.  And it says:  The second test is whether the

9  material depicts or describes, in a patently offensive way,

10 sexual conduct such as ultimate sexual acts, normal or

11 perverted, actual or stimulated; masturbation; excretory

12 functions; or lewd exhibition of genitals.

13         Excretory functions, of course, is a really big word

14 for something really unpleasant and disgusting, which is

15 anything to do with bowel movement, urination, what's referred

16 to as water sports or scat in the story codes.  And you

17 certainly read stories that had some of that information in

18 there as well.

19         Patently offensive continuing on, it talks about --

20 yes, 17.  ...so exceeds the generally accepted limits of candor

21 in the entire community...

22         You, the jury, must decide -- determine the attitude

23 of the community as a whole.  Those are quotes from the

24 instructions, and I believe that's on 17 right now.

25         Now, that takes us to serious value, which is where

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1 this really is going to boil down to, is do these stories and

2 drawings lack serious literary, artistic, political, and

3 scientific value.  And the instructions tell you now on

4 Page 18, it says -- at the bottom of the first paragraph on 18,

5 it says:  "It is for you to say whether the material in this

6 case has such value."  That's what you're here for.  You are

7 here to decide whether this material has such value.

8            In terms of whether it lacks serious value, and I'm

9 just going to say "value" as a shorthand, but I'm referring to

10 all literary, artistic, political, and scientific value.

11            THE COURT:  Mr. Berry, that's 18 minutes.

12            MR. BERRY:  That is 18 minutes.

13            THE COURT:  Yes, sir.

14            MR. BERRY:  I'm going to go over a little bit into my

15 rebuttal time.

16            So what is the serious value?  The story codes is a

17 place to start.  You can't search on this Web site for

18 metaphors, stories with metaphors, similes, or allegories, or

19 satire.  What can you search for?  You can search for adult men

20 having sex with little girls and toddlers like this, the story

21 code says.

22            And I want you to go look at Exhibit 5A.  You've read

23 them all.  5A, 6A, 7A, 8A, 9A, you read them all word for word

24 sitting here.  But you saw that stuff in there.  And I'm going

25 to go through this a little bit more quickly.  But baby's

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  clubby little legs.  Stretched open cunt.  Purple with
2  bruising.  What is the value in this type of story?  None.
3          Look at this demonstrative here of this particular
4  story.  These are the words that are most prominent in the
5  story other than like "and" and "the" and prepositions.  Those
6  are the core of the story.  What is the value of the story?  It
7  lacks any serious value.
8          The same thing with Count Three in that story.  When
9  you search for that, if you were looking for this type of
10 story, you're searching for an adult with a prepubescent
11 female, dad, daughter, baby, masturbation, water sports, which
12 is excretory functions.  You're not searching for metaphor,
13 simile, allegory, anything like that.
14         And then you see the type of language that's used in
15 there.  Baby's cunt, warm semen, diaper, splutter, girl's
16 nostrils, how sweet it tasted, warm urine erupted from her
17 little cunt.  What is the value?  There is no serious value to
18 any of these stories, ladies and gentlemen.  And you've read
19 them all, and I'm not going to belabor this.
20         Count Five, I rolled Amy's lifeless body.  He's
21 talking about the murder of children, and then having sex with
22 them.  I drove a nail through her palm.  The preschool girl
23 wailed.  Torn up dead cunt.  Made her eat it.  What is the
24 serious literary or artistic value here, ladies and gentlemen?
25 Nothing.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          Covered her head in clear plastic so I could watch

2   her die with my cock in her ass.  Little 18-month-old girl,

3   rapes her.  Thrusts his cock through the diaphragm.  Tiny

4   little heartbeat at 200 beats per minute, and she dies.

5          Story talking about wringing out the little piece of

6   fuck me to get every drop.  What is the serious value here?

7   None.  There is no serious value to any of these.

8          The Baby Mangler, the same thing.  Fuck the life out

9   of the little girl.  Dick sloshing through baby intestines.

10  There is no serious value to any of this.

11         Same with this drawing.  What's the serious artistic

12  value here?  None.  Same with this drawing.  None.

13         Engaging in the business, that's pretty clearly

14  established that this was a business.  There is not a whole lot

15  of dispute about that.  There is plenty of exhibits, 29 -- 29J,

16  29K.  The only real element in dispute is again whether the

17  stories or drawings are obscene, and I think that that is

18  especially established as well.

19         So Count Eight has -- it says Count Eight, but it

20  should actually be Count Seven.  So that's a mistake on my part

21  there.  So Count Seven is the business count, and it has the

22  special interrogatory that the Judge was just referencing.  On

23  all the other counts, you're just going to answer guilty or not

24  guilty.  When you get to Count Seven, you're going to get to

25  guilty or not guilty.  If you say guilty that there was a

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  business they were engaging in, it then asks you:  Please go to

2  the next page and list the stories or drawings that you find to

3  be obscene.  There is not a specific number that you have to

4  list.  The easy way I think to do this would be to say Counts

5  One through Six, Eight, and Nine, the stories and drawings in

6  those counts, you would list those, say, yes, those are obscene

7  and we put those in that category.

8          You could also list it by Exhibit 5A, 6A, 7A, 8A, 9A,

9  10A, 11A, and 12A.  And there is also Exhibit 35, which is a

10  bunch of subexhibits, 35A through II, which is a whole 'nother

11  set of stories.  And that includes two stories by the defendant

12  which are specifically 35AA and 35BB.  I would submit to you

13  that you list those things on that second page if you find him

14  guilty of the business count.

15          Finally, ladies and gentlemen, we ask that you find

16  the defendant guilty on all counts.

17          THE COURT:  Thank you, Mr. Berry.

18          Mr. Bennett.

19          **CLOSING ARGUMENT BY MR. BENNETT**

20          MR. BENNETT:  Thank you, Your Honor.  I would ask for

21  a two-minute warning instead of the three-minute warning

22  instead.

23          THE COURT:  Yes, sir, of course.

24          MR. BENNETT:  Thank you, Your Honor.

25          May it please the Court.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          THE COURT:  Yes, sir.

2          MR. BENNETT:  Opposing counsel, Lane, agents,

3 Mr. Arthur, ladies and gentlemen of the jury.

4          What if?  What if these works keep a deviant person

5 from harming a child?  What if?  Would that be scientific

6 value?  If looking at these works and masturbating to these

7 works help keep sick, deviant people from harming children?

8          We didn't put on any evidence because we don't have

9 to, and you'll see that in the jury charge.  I'm going to go

10 through some parts of the jury charge with you.  But because we

11 didn't put on any evidence, I want to go through -- I want to

12 talk about the holes in the evidence, about what the

13 government, which has the burden of proof throughout, and,

14 again, the jury charge says this, that the burden never shifts

15 to the defendant.  We don't have the job of proving anything to

16 you.  We don't have a job of producing any evidence.

17          The government has the job of proving beyond a

18 reasonable doubt that these works are obscene.  And my

19 colleague Mr. Berry is correct.  What we're here fighting about

20 is whether these were obscene.

21          We have the stipulation which is -- which there is

22 something else that was not agreed to in the stipulation.  The

23 stipulation was entered -- was written and entered before the

24 trial began.  In light of the evidence at the trial, the

25 Government's Exhibit 10, the sketch, it does reflect sexual

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  conduct.  We're not contesting that.  What we're contesting is
2  serious literary, artistic, and scientific value.

3       So let's look at the jury charge together, please.
4  And if you follow the law, you'll see that it requires
5  acquittal.  The last thing that I would do is ask that you not
6  follow the law because I believe that the jury charge here,
7  which is the law that you have to follow, requires that you
8  acquit Mr. Arthur.

9       Starting on Page 1 about three quarters of the way
10 down, it says:  It is your sworn duty to follow all of the
11 rules of law as I explain them to you.  And sworn duty, that
12 was the oath that you took at the beginning when you were sworn
13 in as jurors.  And we know that you're going to follow the
14 oath.  So I don't need to spend a lot of time admonishing you
15 that this is the law that you have to follow.

16      On Page 2, the instructions talk about the
17 presumption of innocence.  The defendant begins with a clean
18 slate.  The law does not require the defendant to prove his
19 innocence or produce any evidence at all and no inference may
20 be drawn from his election not to testify.

21      You don't and you cannot and if somebody said, Well,
22 I would have testified if he were if I thought these had value,
23 you can't do that.  That's not a consideration that you can
24 consider.  The government has the burden.  And if it fails to
25 prove the case beyond a reasonable doubt, you have to acquit

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  Mr. Arthur.

2          Then in the next paragraph, the Judge's instructions
3  talk about the reasonable doubt.  A reasonable doubt is a doubt
4  based upon reason and common sense after careful and impartial
5  consideration of all the evidence in the case.  Proof beyond a
6  reasonable doubt, therefore, is proof of such a convincing
7  character that you would be willing to rely and act upon it
8  without hesitation in making the most important decisions of
9  your own affairs.

10          I like to use the example of proposing to your
11  partner.  You're thinking about marriage, most important of
12  your own affairs.  What might make you hesitate in doing that?
13  Well, certainly a doubt about whether your partner actually
14  loved you or a doubt about whether your partner was going to
15  stick with you.  Is she going to stick with me?  Does she
16  really love me?

17          And what would make you hesitate in that decision?
18  Not just the belief that your partner won't stick with you or
19  doesn't really love you, but also a question, right, an open
20  question.  If you're thinking about proposing to your
21  girlfriend and you wonder, Well, does she really?  Is it real?
22  You would hesitate, and you would want to answer that question
23  confidently before you proceeded forward in this most important
24  of your own affairs.

25          That's what we're dealing with here.  We are not

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   talking about, I can show you that this stuff has serious

2   scientific value because I don't have to.  All I have to do is

3   show you that there is a reasonable doubt about that, that

4   reasonable minds might differ.  And that reasonable doubt is

5   this:  What if viewing these works keeps these deviant people

6   from harming children?

7           Moving on to Page 7 of the jury charge.  Page 7 says

8   you're here to decide whether the government has proven beyond

9   a reasonable doubt -- this is at the bottom -- that the

10  defendant is guilty of the crimes charged.  He's not on trial

11  for any act, conduct, or offense not alleged in the indictment.

12          So this is -- the whole jury charge is the

13  culmination of thousands of years in Western culture from Moses

14  to the United States Supreme Court, right?

15          This is how our society has developed, and the beauty

16  of it is -- I don't believe that you have any fond feelings

17  toward Thomas Arthur after the evidence in this case.  I

18  believe that it would be reasonable, based on what you heard,

19  for you to despise Thomas Arthur as a person, as a human being.

20          But the beauty of the system is that we give even the

21  deplorables, even the people that we don't care for, we give

22  them all the benefit of the rules.  We don't throw anybody

23  away.  We look at the instructions and we follow the

24  instructions.

25          He's not on trial for anything but what he's on trial

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  for.  And the way you decide whether he is guilty of those

2  things is you decide whether the government has proven beyond a

3  reasonable doubt, that is, with you no longer having any

4  questions that make you hesitate.

5           All of the questions being answered is to whether the

6  government has proven beyond a reasonable doubt that he

7  committed these particular crimes.

8           And each of the counts then beginning on Page 14

9  talks about that same thing.  It says:  ...you must be

10  convinced that the government has proved each of the following

11  beyond a reasonable doubt; third, that the visual depiction is

12  obscene.  Every count says the same thing.  You must be

13  convinced that the government has proved beyond a reasonable

14  doubt that the material is obscene, that the material is

15  obscene, that the material is obscene.  You have to believe

16  that the government has proven it beyond a reasonable doubt,

17  has answered all of your questions.

18           Mr. Berry is an excellent lawyer.  I am outlawyered

19  here.  He's going to get up here and he's going to have

20  questions for you.  He's going to have arguments for you.  I

21  can't get up and answer them just because of the way the system

22  works.  He's got the burden of proof.  He gets to talk last.  I

23  don't get to respond.

24           And I know -- I know that it is a difficult, painful

25  thing to do, to speak for someone who is despised, but you have

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  to speak for the rules and you have to speak for that rule that

2  they have to prove the case beyond a reasonable doubt.  It's

3  their burden.

4          So when Mr. Berry has his questions or his arguments

5  and I'm sitting there thinking, oh, my God.  I wish I had

6  answered that.  I have to ask that you do your best to think of

7  my response to that.  What would Mr. Bennett's response to that

8  be?  Because I don't get to do it.

9          Page 16 talks about freedom of expression.  It's a

10 constitutional principle that we have the right to express

11 ourselves.  It includes the subject of sex but not obscenity,

12 right?  So that's what we're dealing with here, just the

13 question of whether these images and stories are obscene, and

14 it's a constitutional question.

15         The U.S. Constitution created the question, which the

16 Supreme Court told Congress to include in the statute and

17 Congress included it in the statute, and then the Judge

18 included it in the instructions.  And that's how it comes to

19 you.

20         So your job here is to determine whether these works

21 are obscene.  And especially whether the government has proven

22 beyond a reasonable doubt, look at Page 3 [sic].  To prove a

23 matter is "obscene," the government must satisfy three tests...

24 The third one is:  That the material, taken as a whole, lacks

25 serious literary, artistic, political, or scientific value.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1        Now, elsewhere in the charge it says you have to
2   decide whether it has such value.  But the real question is:
3   Has the government proven -- and it's expressed time after
4   time.  Has the government proven beyond a reasonable doubt that
5   it lacks such value?
6        Then on Page 18, your final decision.  And I think
7   the government and I are in agreement on this.  But this is
8   where it comes down to a crunch, is what on Page 18 calls your
9   final decision, whether the material as a whole lacks serious
10  literary, artistic, political, or scientific value.
11       Then farther down in that paragraph:  An item may
12  have serious value in one or more of these areas even if it
13  portrays sexually oriented content.  And then we have the
14  specific offenses.  And every time, as I said, the government
15  has to prove beyond a reasonable doubt that the stories are
16  obscene.
17       So that's the jury charge.  It's a beautiful thing.
18  It's a beautiful thing because it includes these thousands of
19  years of western tradition; and it's a beautiful thing because
20  those years of tradition require that you consider the case
21  without prejudice, without thinking about, I don't want to
22  think about my community.  Those aren't considerations for you.
23  The only thing is this rational common sense determination of
24  whether these works may have serious literary, artistic, or
25  scientific value or political.  I don't know what the political

1    value is, but you guys may see something and say, hey, it could

2    have this political value.

3           But that's the operation that we have to go through

4    because the government has to prove that it lacks it.  You have

5    to ask yourself, Well, do we believe beyond a reasonable doubt

6    that the government has proven that it lacks such value?  And

7    if it might have such value, then the government has not proven

8    that.  If it might in your minds -- after deliberation.  I'm

9    not talking about right now.  I'm talking about after you go

10   back and talk about it, if it might in your minds have serious

11   scientific value, then a work is not obscene.  Because if it

12   might, then the government hasn't proven its case beyond a

13   reasonable doubt.

14          Beyond a reasonable doubt, a doubt is a hesitation or

15   question -- right? -- in the most serious of your own affairs.

16   And I would say that this is one of the most serious of your

17   own affairs.  I don't think that any of you are going to treat

18   this any less seriously than anything else that's going to

19   happen to you because you have a man's life at stake.  A doubt

20   is hesitation.  It's uncertainty.  It's an unanswered question.

21          So bearing all that in mind, let me propose some

22   value.  First of all, art and literature, who decides whether

23   something has serious artistic or literary value?  Is it the

24   critics at *New York Times*?  Is it your sixth grade teacher?  Is

25   it you?  Or is it the author of the work and the consumer of

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1    the work?

2             Are there things that you might not want to see but

3    that you recognize have serious artistic or literary value?

4    Are there works that are disturbing to you but that you

5    recognize, Okay.  That might have serious artistic or literary

6    value.  I don't have to read it.  I don't have to look at it.

7             And you folks would never have to read or look at any

8    of this but for this trial, right?  Yes, it is a sick, deviant

9    community.  Mr. Berry is right about that.  I'm not arguing

10   about that.  I'm not arguing that the people who like to read

11   these works are not sick.  But that's the people -- but

12   artistic value is the communication of feelings and of ideas.

13            And literary value is the same thing.  Somebody makes

14   a painting, and it might teach you something or it might make

15   you feel something.  It might even make you feel something bad.

16   It could be scary, and it has artistic value because it conveys

17   that emotion.  I can't say that these works lack serious

18   artistic or literary value because they're the product of one

19   person's inner mind being communicated to other people.

20            Oh, on Count Seven, the question about the business.

21   I think that Special Agent Ewan talked about how the pictures

22   were not the draw of the Web site.  I think that you'll -- I

23   think you can exclude from consideration the pictures in

24   Count Seven because those were author pictures.  The picture

25   was -- the business about the stories.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          So going back to the stories, doubt that makes you
2     hesitate is a reasonable doubt.  And so maybe artistic or
3     literary value, I don't know.  But scientific value, what if
4     these stories stop some of these sick, deviant people from
5     harming children?
6          So common experience.  The jury charge refers to
7     reasonable inferences from common experience.  We all have
8     common experience of getting frustrated and blowing off steam.
9     Or we might have kids and they might get hyper and they might
10    get upset and we might send them to walk around the block.  We
11    might have a punching bag in the garage because work is really
12    annoying and we go out and work out some frustration on the
13    bag, and it keeps us from being aggressive in the world, in
14    doing things that would be harmful to ourselves and to others.
15         What if reading and responding to these stories --
16    what if writing, reading, and responding to these stories stops
17    some sick people from harming children?  Would that be
18    scientific value?  It would be scientific value.  If the
19    availability of these stories stop children from being harmed
20    and, yes, degrading toward children.  But the children aren't
21    reading the stories.  And there is no evidence that people are
22    committing crimes against children in order to produce the
23    stories, right?
24         We have a separate category of crime in federal law
25    that's child pornography which actually uses children -- abuses

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  children to create the images and the videos.  This is not
2  that.  These are stories.  I don't know.  Maybe some of them
3  are true.  Maybe some of the authors were perpetrators in the
4  stories they're describing.  Maybe some of the authors were
5  victims in the stories that they're describing.  Maybe some of
6  the authors were bystanders in the stories they're describing.
7  Maybe some of the stories didn't even happen.  We have no idea.
8  Maybe all of them didn't even happen.

9       But what if reading them stops some of these sick,
10 deviant people from harming children?  Mr. Berry might get up
11 and say, Well, what if they don't?  What if they whet people's
12 appetites for actually having sex with children?  And I'll take
13 the "what if" as well because my answer is, what if is a
14 reasonable doubt.

15      If you don't know beyond a reasonable doubt -- and we
16 haven't heard any evidence of this.  But if you don't know
17 beyond a reasonable doubt that these stories don't have that
18 beneficial effect of keeping sick people from harming others,
19 then you can't know beyond a reasonable doubt that they lack
20 serious scientific value because that would be serious
21 scientific value.

22      The doubts here are what the government had to prove
23 beyond a reasonable doubt and failed to do.  The government has
24 not proven lack of serious scientific value beyond a reasonable
25 doubt.  And I don't get to respond to Mr. Berry.  But remember,

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  an unanswered question is doubt.  A reasonable unanswered

2  question is a reasonable doubt.  An unanswered question makes

3  you hesitate is a reasonable doubt that has to stop you from

4  convicting Mr. Arthur.

5          Here, the government has not proven beyond a

6  reasonable doubt that any of these works -- the pictures or the

7  stories -- lack serious scientific value.  Please acquit

8  Mr. Arthur.  Thank you.

9          THE COURT:  Thank you.

10          Mr. Berry, you have seven minutes.

11          MR. BERRY:  Seven minutes.

12          THE COURT:  Yes, sir.

13                **CLOSING ARGUMENT BY MR. BERRY**

14          MR. BERRY:  So reasonable doubt.  It doesn't mean you

15  have to prove it beyond all possible doubt.  It's also in your

16  instructions, okay?  Reason and common sense, I'm all in favor

17  of it.  You are jurors in this community.  You can use your

18  reason and common sense.  When you walk in that courtroom door,

19  you don't check that.  You don't check your life experiences,

20  and you don't check your reason and common sense.  You should

21  apply that reason and common sense.  I encourage you to do so

22  here.

23          This is not a hyper-technical is there some

24  speculative metaphysical qualities of these stories whereby

25  they might -- how many times did he say "maybe" in a row there

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  for a second?  Maybe, maybe, maybe, maybe, maybe.  What if,

2  what if, what if, what if.  Might, might, might.  Okay.  And

3  then he said, What if it might have serious value?  How many

4  equivocations can you put in a single sentence to establish the

5  fact that he doesn't know.  All right.  And he's trying to say

6  that I have to come in and prove to you -- prove to you that

7  one of these stories didn't stop a person from raping a kid.

8  That's not the burden.  That is not the burden at all.

9          When you think about scientific value and he says,

10  What if some of these stories stopped a guy from harming a

11  child?  Well, this is a deviant sexual group who is now getting

12  sucked into this cycle of hearing other people talk about

13  raping kids and it is normalizing that for maybe they were

14  isolated and they didn't know what to do with that, but now

15  they have these other people.  And they're like, yeah,

16  like-minded.  Yeah, I'm all about that.

17          There is no evidence before you as jurors that these

18  stories have any kind of scientific value to prevent a

19  pedophile from raping children.

20          MR. BENNETT:  I am going to object.  It's shifting

21  the burden, Your Honor.

22          THE COURT:  And the jury will remember that what the

23  lawyers say is not evidence, and you have your instructions.

24          Mr. Berry.

25          MR. BERRY:  Thank you.  How much time do you have,

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  Judge?

2         THE COURT:  You have about five and a quarter.

3         MR. BERRY:  Okay.

4         The point is you are only to consider the evidence

5  before you.  So to the extent that defense counsel says, What

6  if there is some other evidence out there, the instructions

7  actually tell you to not consider that.  You are not to

8  speculate.  You are not to pontificate about what other

9  possible evidence there might be out there in the world.  You

10 are to consider the evidence before you.  And you have

11 everything you need to look at those writings, look at those

12 drawings, and remember the instructions say that you get to

13 decide whether this has any kind of value.

14        And it's also important to keep in mind that the

15 burden is:  Does it lack serious value?  Not does it have some

16 metaphysical quality.  Does it have some nominal value to the

17 world, okay?  Even if there was some nominal value, you get to

18 assess whether it's serious value, right?  You could debate

19 over a beer all day long about, Well, there is value in

20 everything.  There is value in every conveyance of an idea

21 because it comes from a person's mind.  So everything has some

22 value.

23        But the question is:  Does this lack serious value?

24 What is the serious value about talking about fucking an infant

25 child and using it as a condom that he then shoves up inside of

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  the mother's womb?  What is the serious value?  It lacks that

2  serious value, ladies and gentlemen.  There is none.  And if

3  there was some nominal value, then that still is not serious

4  value.

5      But I submit to you that there is no value to any of

6  these stories or drawings, and I ask that you please find the

7  defendant guilty on all counts.

8      THE COURT:  If you need to communicate with me during

9  your deliberations, the foreperson should write the message --

10  there are some message sheets back there -- and give it to the

11  court security officer.  I'll either reply to you in writing or

12  bring you back into court to answer your message.

13      Bear in mind that you're never to reveal to any

14  person, not even to the court, how the jury stands, numerically

15  or otherwise, on any count of the indictment, until after you

16  have reached a unanimous verdict.

17      We do have to say good-bye to Ms. Oliphant and

18  Ms. Dawdy at this point.  If you have items back in the jury

19  room, if you would retire with the jury, collect those items

20  and come out before they begin to deliberate, please.  I'll

21  meet you -- I'll ask you to step down here to the end of the

22  hall.  I'd like to visit with you.  I'm going to take you into

23  the chambers and just visit with you privately for a few

24  minutes.  The two of you are released from your oath at this

25  time.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1            You're allowed to take your notebooks now.  You can

2  take or leave whatever you would like to the rest of the jury.

3            Let's rise as this jury retires to deliberate.

4            (Jury leaves at 10:28 a.m.)

5            THE COURT:  Let's be seated, please.  Outside the

6  presence of the jury.

7            Mr. Berry, anything you want to take up while we

8  wait?

9            MR. BERRY:  No, Your Honor.

10            THE COURT:  Mr. Bennett?

11            MR. BENNETT:  No, Your Honor.  Thank you very much.

12            THE COURT:  Very well done.  Thank y'all both.  We'll

13  be in recess.  If you go very far, let Cristina know.  And

14  don't go too far, please.

15            (Recess from 10:29 a.m. to 11:21 a.m.)

16            THE COURT:  All right.  I understand we have a

17  verdict.  No display no matter what the verdict may be.

18            Just to make sure, if there is an acquittal, I guess

19  we don't have a forfeiture issue, Mr. Esparza.

20            MR. ESPARZA:  No.

21            THE COURT:  If there is a conviction, I plan to

22  release the jury based upon what the party that told me last

23  night -- or yesterday afternoon that you're going to go to me.

24            Is that right, Mr. Bennett?

25            MR. BENNETT:  Yes, Your Honor.

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1        THE COURT:  Okay.  And so what we'll do is I'll

2  dismiss them and then I'll go speak with them privately while

3  you-all kind of get your heads together, if you need to.  But

4  I'll try to take no more than ten minutes or so, ten or 15,

5  depending how chatty they are.  And I'll come back over here

6  and we'll do that so we can get it all wrapped up.  Very good.

7        All right.  Anything, Mr. Berry, you want to take up

8  before we --

9        MR. BERRY:  No, Your Honor.

10        THE COURT:  Mr. Bennett?

11        MR. BENNETT:  No, Your Honor.

12        THE COURT:  Let's bring the jury in, please.

13        Let's rise for the jury.

14        (Jury enters at 11:22 a.m.)

15        THE COURT:  Thank you.  Please be seated.

16        Speaking through your foreperson if the foreperson

17  would stand, please.  I understand the jury has a verdict; is

18  that correct?

19        PRESIDING JUROR:  Yes, Your Honor.

20        THE COURT:  All right.  If you'll hand the envelope

21  to the court security officer.  Thank you very much.  And you

22  may go ahead and have a seat.

23        Cristina.

24        Will the defendant please rise and counsel.

25        THE CLERK:  In Pecos 19-CR-774, United States of

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   America vs. Thomas Alan Arthur.

2                            **VERDICT FORM**

3   **COUNT ONE**

4            We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

5   guilty of the offense charged in Count One of the Indictment.

6   **COUNT TWO**

7            We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

8   guilty of the offense charged in Count Two of the Indictment.

9   **COUNT THREE**

10           We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

11  guilty of the offense charged in Count Three of the Indictment.

12  **COUNT FOUR**

13           We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

14  guilty of the offense charged in Count Four of the Indictment.

15  **COUNT FIVE**

16           We the Jury find that Defendant **Thomas Alan Arthur** is

17  guilty of the offense charged in Count Five of the Indictment.

18  **COUNT SIX**

19           We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

20  guilty of the offense charged in Count Six of the Indictment.

21  **COUNT SEVEN**

22           We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

23  guilty of the offense charged in Count Seven of the Indictment.

24              **SPECIAL INTERROGATORY FOR COUNT SEVEN**

25           If you find the Defendant, **THOMAS ALAN ARTHUR**, guilty

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  of the crime charged in Count Seven of the Indictment, please

2  list the title of the stories and/or drawings you find obscene

3  in the following blank page.

4              Stories

5              35AA - Katrina and her daddy by Que?

6              35BB - Tracy.

7              5A - A spectacle to beat all other.

8              6A - Baby Wank.

9              7A - Buttfucking a 10-year-old girl.

10             8A - Replacing my wife - She had it coming.

11             9A - The Baby Mangler.

12             Pictures

13             10A - Bio picture for Netman169.

14             11A - Girls Suck.

15             12A -Load the mule.

16 **COUNT EIGHT**

17             We the Jury find that Defendant **THOMAS ALAN ARTHUR** is

18 guilty of the offense charged in Count Eight of the Indictment.

19 **COUNT NINE**

20             We the Jury find that defendant **THOMAS ALAN ARTHUR** is

21 guilty of the offense charged in Count Nine of the Indictment.

22             Signed by the foreperson of the jury today's date.

23             THE COURT:  Thank you.

24             Mr. Bennett, does the defense wish the Court to poll

25 the jury?

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1              MR. BENNETT:  I don't believe it necessary, Your

2     Honor.

3              THE COURT:  Thank you.  You may be seated.

4              Ladies and gentlemen of the jury, you're discharged

5     from your oath.  The attorneys -- and I've asked them if it was

6     okay to tell you this.  They're going to go to me for the

7     forfeiture which releases you from that responsibility.

8              I will be the first to say thank you for your

9     service.  Being released from your oath means you can speak

10    with anybody you want and you can tell them anything about the

11    case.  It also means you don't have to talk to anybody you

12    don't want to or tell them anything.  It is completely up to

13    you.

14             I don't know that you'll receive any calls.

15    Sometimes attorneys will call or an investigator or a

16    paralegal, somebody might call you following the trial later,

17    maybe next week or something or later this week, but if they

18    do, you're welcome to speak with them, of course.  I would

19    never tell you not to.  But you don't have to.  And you're

20    welcome -- if they won't take no for an answer, you're welcome

21    to refer them to me, and they likely won't call me.

22             And I will say during a pandemic, I think it's turned

23    out -- we've learned if anybody wants to speak with you, it's

24    better to do it over the phone than by visiting with you

25    privately because that's increased risk of exposure.  And I say

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  that only from experience, that we've had that issue.

2         So with that, I want to ask you to retire one more

3  time to the jury room.  I'm going to come back and speak with

4  you for just a few minutes privately as long as you want to

5  talk to me, but it shouldn't take us very long.

6         You're welcome to leave any of your materials here.

7  You're welcome to leave them in the jury room as well.  All

8  right.  So I thank you for that.

9         And with that, we're going to rise one more time as

10  you exit, and I'll see you a few minutes.  Thank you.

11         (Jury leaves at 11:28 a.m.)

12         THE COURT:  Please be seated.  I'll be back shortly.

13         (Recess from 11:29 a.m. to 11:56 a.m.)

14         THE COURT:  All right.  The parties are present, all

15  the parties, including Mr. Arthur.

16         The Court having received a verdict of guilty on all

17  nine counts in the criminal case, we have a criminal

18  forfeiture, notice of United States of America's Demand for

19  Forfeiture to take up.

20         And, Mr. Arthur, you're familiar, of course, with the

21  indictment, but the indictment goes on to say in the Demand for

22  Forfeiture that under obscenity violations and the forfeiture

23  statutes, it recites the criminal forfeiture statute and

24  Title 18, United States Code, Section 1467.  And it says

25  basically that:  Notice of Forfeiture includes but is not

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1   limited to the following properties:

2            Real property located and situated at 1260 Angel

3   Road, Alpine, Brewster County, Texas 79830, with all buildings,

4   appurtenances, and improvements thereon and any and all surface

5   and subsurface rights, title, and interests, if any, and being

6   more fully described as follows.

7            And it goes through a description of Section 23,

8   Block 217, T & St. L -- I guess St. Louis Railway Company,

9   Brewster County, Texas, to wit, and then it goes through the

10  directions and whatnot being -- and that being 250 acres of

11  land, more or less.

12           And then it lists some personal properties as well,

13  which includes it looks like:  LG tablet; CAT phone; two

14  Motorola ic502 flip phones; paper with passwords and user names

15  written; Sony Vaio computer with a specific number here; hard

16  drive with a specific number; and any number of other hard

17  drives; cameras; SIM cards; cameras; laptop; compact disks;

18  98 boxes of suspected child erotica; www.mrdouble.com; and any

19  and all other property and/or accessories involved in or used

20  in the commission of the criminal offense.

21           And there is a long list, of course, and you're

22  familiar with those lists.

23           The criminal forfeiture statute that's recited states

24  that:  A person who is convicted of an offense involving

25  obscene material under this chapter shall forfeit to the United

Case 4:19-cr-00774-DC   Document 147   Filed 09/14/21   Page 77 of 83

77

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  States such person's interest in -

2          (1) any obscene material produced, transported,

3  mailed, shipped, or received in violation of this chapter;

4          (2) any property, real or personal, constituting or

5  traceable to gross profits or other proceeds obtained from such

6  offense; and

7          (3) any property, real or personal, used or intended

8  to be used to commit or to promote the commission of such

9  offense.

10         Mr. Bennett, is Mr. Arthur familiar with all the

11  items that have been listed there?

12         MR. BENNETT:  Yes, Your Honor.

13         THE COURT:  I'll go through a more thorough reading,

14  if you would rather.

15         MR. BENNETT:  No, I've just consulted with Mr. Arthur

16  and he nods his head yes, that he is familiar with those.

17         THE COURT:  Thank you.

18         And, Mr. Bennett, I'm sorry, I don't mean to make you

19  get up and down.

20         MR. BENNETT:  That's okay.  I'll just stay up.

21         THE COURT:  You not only have to get up and down, you

22  have to take the mask off and put it on every time.

23         MR. BENNETT:  I'll stand up and leave it off.

24         THE COURT:  So let me ask you this:  Does the defense

25  challenge the -- or object to the forfeiture of all the

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  properties?

2          MR. BENNETT:  We're not contesting anything in that.

3          THE COURT:  Okay.  Thank you.

4          Mr. Esparza?

5          MR. ESPARZA:  Yes, Your Honor, we discussed it and

6  have reached the agreement.  I will be filing the motion for

7  preliminary order and forfeiture first thing next week which

8  will then kick off the process to notify third parties and

9  such.

10          THE COURT:  Okay.  Very well.  I suppose once all

11 that's done, I'll receive an order?

12          MR. ESPARZA:  Yes, Your Honor.  With that motion,

13 there will be a proposed order attached.

14          THE COURT:  Okay.  And will a motion be signed by

15 everybody or what will it look like?

16          MR. ESPARZA:  Normally, it's just signed by the -- by

17 myself, Your Honor, and it will just say that the nexus was

18 agreed to at this hearing and it's been found.  And we would be

19 asking for the authority to do the third paries and --

20          THE COURT:  Is there any inquiry the Court needs to

21 make of Mr. Arthur today on the record?

22          MR. ESPARZA:  No, Your Honor.

23          THE COURT:  Okay.  Very well.  Thank you very much.

24          Mr. Berry, anything further for the government in

25 this trial?

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          MR. BERRY:  Nothing, Judge.  Thank you.

2          THE COURT:  Thank you.

3          Ms. Morrison, good to you have back.

4          MS. MORRISON:  It's good to be back, Judge.  Thank

5    you.

6          THE COURT:  Mr. Bennett, anything further from the

7    defense?

8          MR. BENNETT:  Not right now, Judge.

9          THE COURT:  So what I'm going to tell -- Mr. Haygood,

10   how about you?

11         MR. HAYGOOD:  I do have one thing, Your Honor.  I

12   don't know if the Court wants to do this now or later, perhaps

13   at sentencing.  There were a number of exhibits that we had

14   filed our proposed comparable exhibits after the --

15         THE COURT:  Oh, yes.

16         MR. HAYGOOD:  -- final pretrial hearing.  The Court

17   did state you wanted me to do an offer of proof on those.  Do

18   you want me to do that now or...

19         THE COURT:  I just want you to submit under seal what

20   you want for the record.

21         MR. HAYGOOD:  Very good, Your Honor.

22         THE COURT:  And that's, of course, fine as long as

23   it's what we discussed at the hearing so that you can have it

24   for appellant purposes.

25         MR. HAYGOOD:  Thank you, Your Honor, I'll do that.

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1          THE COURT:  Sentencing is going to be set for

2   April 19, 2021, at 8:30 here in Pecos.  As you-all know, that

3   can move.

4          MR. BERRY:  I'm not even writing it down.

5          (Laughter)

6          THE COURT:  That's how much you believe me, right?

7          (Laughter)

8          THE COURT:  So, Mr. Arthur, what's going to happen --

9   if you aren't aware.  You may be -- is I'll refer the case now

10  to the U.S. Probation Office.  We have the supervisor of the

11  U.S. Probation Office here in the courtroom.  I'll refer your

12  case to them.  They're going to prepare a Presentence

13  Investigation Report.  It's going to go into a number of

14  things.  You're going to have input into the making of that

15  report.  Mr. Bennett and Mr. Haygood are going to guide you

16  through that process.  And then the -- they will receive a copy

17  of the report well before your sentencing hearing.  They will

18  file objections if there are objections they're able to file on

19  your behalf.  They'll share what's in the -- the information

20  that's in the report with you.

21          They're not able, due to a local rule, due to my

22  standing order, to give you a copy of it; but they will share

23  with you what's in there.  They can show it to you and all

24  that.  You just can't keep it.  That's for your own protection,

25  actually, and it doesn't have anything to do necessarily just

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1  with the subject matter.  But it protects inmates typically

2  from other inmates looking at that and getting copies of it and

3  finding sensitive information or possibly information we didn't

4  intend for others to receive.  So we have done this for years

5  now.  Unless there is some exception or justification the

6  defense can make me -- and I think in my three years on the

7  district bench, I've allowed one exception and probably

8  regretted it after that -- doing that.

9        But they will file objections if there are.  The

10 government has the opportunity to file objections.  We'll come

11 here at sentencing.  If there are any objections that are

12 unresolved -- because a lot of those get resolved prior to the

13 sentencing hearing.  If any are unresolved, I'll hear argument.

14 I may hear testimony if somebody wants to call witnesses or

15 take any exhibits, whatever.  And then I'll make the ruling on

16 any and all objections, whether it be from the government or

17 the defense.

18       And then once that's done, your attorney will have an

19 opportunity to speak on your behalf, but you have the right and

20 you'll have the opportunity to speak to me before I sentence

21 you, okay?  Do you understand?

22       THE DEFENDANT:  Yes, Your Honor.

23       THE COURT:  All right.

24       With that, Mr. Berry, we're done?  You're good?

25       MR. BERRY:  Yes, sir.

Ann M. Record, RMR, CRR, CMRS, CRI

USA vs. Arthur - Jury Trial - Vol. 3 - January 21, 2021

1            THE COURT:  And, Mr. Bennett, you're good?

2            MR. BENNETT:  Unless my brain over here tells me

3    otherwise.

4            THE COURT:  Mr. Haygood, you're good?

5            MR. HAYGOOD:  We're good.

6            THE COURT:  So, Mr. Haygood, if you'll stick around

7    and make sure we know -- Cristina knows, I'm admitting whatever

8    you need to make the record for the appellate purposes, okay?

9            MR. HAYGOOD:  Yes, Your Honor.  What I'll do is I'll

10   just file a brief motion with an introductory to this as proof

11   under Rule 103.  And then the exhibits, I'll do that under

12   seal.  That way they don't go to anyone and no one can download

13   them or anything like that.

14           THE COURT:  Sure.  Okay.

15           And I was noticing, Cristina, I think they --

16   obviously we have a thumb drive and some things across the

17   hall.

18           THE CLERK:  Yes, Johnny is going to get it.

19           THE COURT:  Okay.  Good.

20           THE CLERK:  I was waiting for you to come back.

21           THE COURT:  And Ms. Martinez is here.

22           MS. MARTINEZ:  Yes.

23           THE COURT:  Thank you for your hard work.

24           MR. MILLER:  Thank you.

25           MR. BERRY:  Judge, do you want me to take your

1  binders?

2          THE COURT:  Yes.

3          That's why I was -- I was going to say, Ms. Martinez,

4  before you leave, you need to make sure I don't have any of

5  this stuff.

6          All right.  So, Mr. Arthur, I remand you to the

7  custody of the United States Marshals.  I'll see you at the

8  sentencing, sir.  Thank you.

9          THE DEFENDANT:  Thank you, Your Honor.

10          (Proceedings concluded at 12:05 p.m.)

11                      *  *  *  *  *  *

12                    C E R T I F I C A T E

13

14          I, ANN M. RECORD, Former United States Court

15  Reporter for the United States District Court in and for the

16  Western District of Texas, hereby certify that the above and

17  foregoing contains a true and correct transcript of the

18  proceedings in the above-entitled and numbered cause.

19          WITNESS MY HAND on this 14th day of September,

20  2021.

21

22

23          _____/s/Ann M. Record_____
                Ann M. Record, RMR, CRR, CMRS, CRI
24              Former United States Court Reporter
                P.O. Box 2357
25              Midland, Texas  79702


                Ann M. Record, RMR, CRR, CMRS, CRI