IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. |
| | * | PE:19-CR-774 |
| VS. | * | |
| | * | |
| THOMAS ALAN ARTHUR | * | April 4, 2023 |

<u>BEFORE THE HONORABLE DAVID COUNTS</u>
<u>RESENTENCING</u>

APPEARANCES:

For the Government: Austin M. Berry, Esq.
Department of Justice
601 N. Loraine, Suite 398
Midland, Texas 79701

For the Defendant: Lane Haygood, Esq.
620 N. Grant, Suite 913
Odessa, Texas 79761

Court Reporter: Tamara D. Ross
200 E Wall
Midland, Texas 79701

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
                                                               2
1                         PROCEEDINGS
2              THE COURT:  The Court calls U.S. V Thomas
3    Alan Arthur.  This is PE:19-CR-774 today for
4    resentencing.
5              MR. BERRY:  Good morning, Your Honor.
6    Austin Berry for the United States.
7              THE COURT:  Good morning, Mr. Berry.
8              MR. HAYGOOD:  Lane Haygood here on behalf
9    of Mr. Arthur, Your Honor.  We're present and ready.
10             THE COURT:  Mr. Haygood, thank you.  Good
11   to see you as well.  Mr. Arthur, you're Thomas Alan
12   Arthur.  Correct?
13             THE DEFENDANT:  Yes, sir.
14             THE COURT:  Right.  I recognize you,
15   Mr. Arthur.  Mr. Haygood, do you continue to believe
16   Mr. Arthur is competent?
17             MR. HAYGOOD:  I do, Your Honor.
18             THE COURT:  And have you reviewed with
19   him the Presentence Investigation Report since the
20   opinion came back from the Circuit?
21             MR. HAYGOOD:  We have, Your Honor.
22             THE COURT:  Mr. Arthur, you have reviewed
23   this report.  Is that right?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  All right.  Great.
```

1  Mr. Haygood, are there objections or corrections to the
2  report?
3              MR. HAYGOOD:  Sadly, Your Honor, I am
4  bound by the law of the case doctrine at this point.
5  So all of the objections that I would have, I think has
6  been taken care of by appeal.  So apart from my request
7  for the Court regarding the -- or I don't think that
8  the guidelines calculation is wrong per the guidelines.
9  I'm going to request that the Court consider running
10 these -- the sentences that the Court imposes
11 concurrently, and I'm going to request that the Court
12 issue the minimum sentence available for Counts VIII
13 and IX.  The minimum sentence for Count VIII and IX, of
14 course, being equivalent to the maximum sentences for
15 the remaining counts.  I'm going to ask the Court run
16 them concurrently, but I don't have any objections to
17 the calculation of the guidelines.
18             THE COURT:  Thank you.  Mr. Berry, were
19 there any objections or corrections from the Government
20 today?
21             MR. BERRY:  No, sir.
22             THE COURT:  The Court's reviewed the
23 Presentence Investigation Report prepared by Senior
24 U.S. Probation Officer Kara Foster.  I find the report
25 to be accurate.  I adopt it and the application of the

1    United States sentencing guidelines contained in the
2    report.  Find the total base offense level to be 42,
3    criminal history category is 1.  Count I is gone now,
4    Mr. Arthur.  Counts II through IX, we have a guideline
5    -- guideline provisions or the range is 360 to 840
6    months, bound, of course, by a statutory maximum of
7    five years on Counts II through VII.  Count VIII is
8    five to 20 years, as is Count IX.  There's a -- let's
9    see.  One to three years supervised release in each
10   count, Counts II through IX.  We have a fine --
11   ineligible for probation.  Fine availability of $50,000
12   to $250,000.  And a total -- well, mandatory special
13   assessment of $100 per count.  That total is $800.  No
14   JVTA and no AVAA assessment.  Mr. Haygood, what would
15   you have the Court consider?
16              MR. HAYGOOD:  Yes, Your Honor.  One of
17   the things that we discussed in the 5th Circuit was
18   whether this case was amenable to a disproportionate
19   sentence claim, specifically in light of the 5th
20   Circuit's 2008 decision, United States V. Ragland,
21   where the Defendant received eight years in a total
22   sentence.  I understand that the Government's position
23   is going to be the difference between this case and
24   Ragland is that Ragland was a possession case, and this
25   case is a distribution case.  However, looking at the

1 remaining counts that are there, as I said, two of
2 them, VIII and IX, are the only ones that have a
3 minimum offense level of five years. And so I would
4 ask the Court to assess the minimum punishment for both
5 of those and run those concurrently. And then of
6 course, there's a five-year maximum in the remaining
7 counts. I'd ask the Court to assess the five-year
8 maximum in those and run them all concurrently.
9 As you can see, my client is here today
10 in a wheelchair. He has had some health issues in
11 prison. My fear is that anything above a five-year
12 sentence for him is effectively a life sentence. The
13 only family that he has remaining in this world is his
14 sister, who is institutionalized, and his mother, who
15 is very elderly.
16 I understand that the guidelines of
17 1B1.313 do not apply to this Court in any sort of
18 mandatory fashion, but I would ask the Court to
19 consider his remaining health and that in assessing a
20 sentence the Court believes is appropriate. As I've
21 said, a lot of the arguments that I would make have
22 been made and have been rejected by the 5th Circuit at
23 this point, but I would ask the Court to consider
24 running everything concurrently.
25 THE COURT: Thank you. Mr. Arthur,

6

1   anything you'd like to say?
2               THE DEFENDANT:  Yes, Your Honor.  I've
3   had a lot of time to think about this.  And I
4   understand the Court needs to grant me something.  I
5   would ask the Court to grant me something that is
6   survivable so I can see my mother again and spend the
7   rest of my life taking care of my sister, who's the
8   only family I have left in this world.  I can do a lot
9   of good on the outside, Your Honor.
10              THE COURT:  Thank you.  Anything else?  I
11  don't want to cut you off.  Anything else?
12              THE DEFENDANT:  That was it.  Thank you,
13  sir.
14              THE COURT:  Thank you.  And you've got
15  surgery coming up?
16              THE DEFENDANT:  Yes, sir.  Two or three
17  surgeries I still have left.
18              THE COURT:  On the hip.  Right?
19              THE DEFENDANT:  The hip and a hand now.
20              THE COURT:  Oh.  A hand also.
21              THE DEFENDANT:  I have a broken hand.
22              THE COURT:  And those are set.  Right?
23  The surgeries are set, as far as what I heard?
24              THE DEFENDANT:  My hip surgery was
25  scheduled for this time, and it was delayed so I could

1   appear in this courtroom, but they will reschedule it.
2                   THE COURT:  Good.  Okay.  I wish you well
3   with that.  Good luck with the recovery.  Mr. Berry?
4                   MR. BERRY:  Yes, Your Honor.  I would
5   like to save the Court time and rely largely on our
6   sentencing memorandum that was filed and the arguments
7   that we made back at that time.  I think that there's
8   really no reason that this Court should change the
9   sentence from what it was before.  The Court stat maxed
10  (sic) out all the stories and ran them consecutive and
11  then took one of the three images and stat maxed that,
12  and then ran that consecutive, and that's how the Court
13  got to 40 years.
14                  Your Honor just so happened to pick the
15  count that the Court -- the Court of Appeals ultimately
16  reversed on, but the principle is the same.  And that
17  is that he was distributing the stories, he was running
18  this website, millions of downloads.  This was his
19  income for 20 years.
20                  And the image that Your Honor utilized
21  for purposes of the sentence that happened to be
22  reversed was honestly -- was the mildest of the three.
23  Your Honor could have just as easily picked eight or
24  nine as the image that should be -- the 20-year
25  sentence on that one and run it consecutive.  And

1  that's what I think the Court should do in this
2  circumstance as well, is to say the landscape of the
3  case has not changed.  It's not like the Court of
4  Appeals gutted the case and said that this was --
5  dismissed so many counts.  This was one of three
6  images.  And this Court could just as easily say well,
7  now, I choose to sentence on -- make that 20 years on
8  VIII or IX.
9              Your Honor did not do a statutory maximum
10 sentence.  Your Honor did not give the most number of
11 years it possibly could.  As the PSR makes clear, it
12 could be up to -- I think it's 840 or something like
13 that months.  And Your Honor thought about it and gave
14 a sentence in between the minimum and the maximum that
15 was available, and we believe that that was an
16 appropriate sentence at the time.
17             The Court of Appeals passed no judgment
18 on the reasonableness of the 40-year sentence.  It just
19 simply under it -- the law, an obscenity, they didn't
20 have to defer to the jury's judgment on the images, and
21 so they took an independent review and decided one
22 didn't meet their view of what counted as obscenity.
23 And everybody can differ from about that, and that can
24 be -- they're right because they're final.  They're not
25 final because they're right.  And I think that the

1  Court should just go ahead and issue the exact same
2  sentence, just applying that to VIII or IX.  We're not
3  asking for more than the 40 years previously.
4              THE COURT:  Thank you.  The Court does
5  not depart from the recommended sentence.  Pursuant to
6  the Sentencing Reform Act of 1984, which I have
7  considered in an advisory capacity, and the sentencing
8  factors set forth in 18 USC section 3553(a), which I
9  have considered in arriving at a reasonable sentence, I
10 find the guideline range in this case to be fair and
11 reasonable.  The Defendant is placed in the custody of
12 the United States Bureau of Prisons to serve a term of
13 imprisonment as follows in each count:  As to Count II,
14 60 months.  As to Count III, 60 months, that term to
15 run consecutively to the term of imprisonment assessed
16 in Count II.  Count IV, 60 months to run consecutively
17 to the term of imprisonment assessed in Count III.
18 Count V, 60 months to run consecutively to the term of
19 imprisonment assessed in Count IV.  Count VI, 60 months
20 to run consecutively to the term of imprisonment
21 assessed in Count V.  Count VII, 60 months to run
22 consecutively to the term of imprisonment assessed in
23 Count VI.  Count VIII, 120 months to run consecutively
24 to the term of imprisonment assessed in Count VII.  And
25 Count IX, 60 months to run concurrently with count --

1  the term assessed in Count VIII.
2              Upon release from the United States
3  Bureau of Prisons, you're placed on supervised release
4  to serve a term of three years in each and every count.
5  Those terms all to run concurrently, one with the
6  other.  The standard and mandatory conditions of
7  supervision are imposed.  Additionally, the Court will
8  order that the Defendant comply with the special
9  conditions that are listed in the presentence report on
10 page 25, paragraphs 118 to 120, which will impose
11 conditions that the Defendant shall not view or possess
12 any visual depiction, including any photograph, film,
13 video, picture, or computer, computer-generated image
14 or picture, whether made or produced by electronic,
15 mechanical, or other means of sexually explicit
16 conduct.  Of course, there's definitions as related
17 thereto in 18 USC section 2256.  Also, that the
18 Defendant shall not have direct contact with any child
19 the Defendant knows or reasonably should know to
20 be under the age of 18 without permission of the
21 probation officer.  All that goes with that, of course.
22 And also, the Defendant shall submit to the search
23 condition of supervision within the Western District of
24 Texas.
25              There is a $50,000 fine that is imposed,

1  which is the minimum fine range, and that will be the
2  total fine, is $50,000.  A mandatory special assessment
3  pursuant to the Victims of Crime Act is imposed in each
4  count of $100, totalling $800.  And your presentence
5  report will be sealed.
6              You have the real to appeal.  Assuming
7  you are not giving up that right, you must file notice
8  of appeal in writing within 14 days of entry of the
9  judgment.  If you're unable to afford the appellate
10 costs, those services will be provided at no expense to
11 you.  Mr. Haygood, anything further on behalf of
12 Mr. Arthur today?
13             MR. HAYGOOD:  Not at this time, Your
14 Honor.
15             THE COURT:  Mr. Berry?
16             MR. BERRY:  Yes, Your Honor.  The asset
17 forfeiture folks have asked me -- there was -- Your
18 Honor entered a preliminary order of forfeiture,
19 document number 109, on January 27th, 2021.  And just
20 as in the previous sentence, we would ask that you make
21 that a final order of forfeiture regarding those
22 properties, real and personal.
23             THE COURT:  Any objection, Mr. Haygood?
24             MR. HAYGOOD:  No, Your Honor.
25             THE COURT:  The properties listed in

12

1 document 109 are forfeited.  Thank you.  Mr. Arthur,
2 good luck to you.  I'll remand you to the custody of
3 the United States Marshals to serve your sentences.
4 Thank you.  Thank you to the attorneys.
5 　　　　　　　　MR. BERRY:  Thank you, Judge.
6 　　　　　　　　(Hearing concluded.)

```
 1  UNITED STATES DISTRICT COURT )
 2  WESTERN DISTRICT OF TEXAS    )
 3
 4      I, Tamara D. Ross, Official Court Reporter for the
 5  United States District Court, Western District of
 6  Texas, do certify that the foregoing is a correct
 7  transcript from the record of proceedings in the
 8  above-entitled matter.
 9      I certify that the transcript fees and format comply
10  with those prescribed by the Court and Judicial
11  Conference of the United States.
12        Certified to by me this 12th day of June, 2023.
13
                                   /s/ Tamara D. Ross
14                                 TAMARA D. ROSS
                                   Official Court Reporter
15                                 200 E. Wall
                                   Midland, Texas 76703
16                                 (432) 685-0346
                                   Tamara_Ross@txwd.uscourts.gov
17
18
19
20
21
22
23
24
25
```